1  Stephen B. Morris (SBN 126192)
   Mark C. Hinkley (SBN 138759)
2  MORRIS and ASSOCIATES
   444 West C Street, Suite 300
3  San Diego, California 92101
   Tel: (619) 239-1300
4  Fax: (619) 234-3672
   morris@sandiegolegal.com
5
   Walter Haines (SBN 71075)
6  UNITED EMPLOYEES' LAW GROUP, P.C.
   65 Pine Avenue, #312
7  Long Beach, CA 90802
   Tel: (877) 696-8378
8
   Attorneys for Plaintiffs, Terry Jackson, et al.

FILED

2008 JAN -4 P 12: 11

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J

E-FILING

ADR

Fee Paid

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C08 00054 RS

| | |
|---|---|
| TERRY JACKSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RAYTHEON COMPANY, a Delaware corporation conducting business in the State of California, and Does 1 to 100.<br><br>Defendants. | CASE NO.<br><br>ORIGINAL COMPLAINT AND REPRESENTATIVE CLASS ACTION FOR DAMAGES FOR FAILURE TO PAY OVERTIME COMPENSATION<br><br>CLASS ACTION<br><br>DEMAND FOR A JURY TRIAL |

This class action is brought on behalf of present and former Local Network Administrators and Network Operations Leads employed in the United States by Defendant RAYTHEON COMPANY (hereinafter "RAYTHEON"). All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein, TERRY JACKSON, (hereinafter "PLAINTIFF"), and his counsel. Each allegation in this

Jackson v. Raytheon                    1                          Complaint

Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## PRELIMINARY STATEMENT

1. This is an action for unpaid minimum wages, overtime, and damages brought by Plaintiff on behalf of himself and other similarly situated Local Network Administrators and Network Operations Leads who were employed by Defendant in the United States.

2. Plaintiff alleges that the wage violations at issue arose out of a policy and practice of Defendant applicable to other, similarly situated workers. Plaintiff seeks money damages to redress these violations of law.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce).

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Venue is proper in this Court because the injuries to the persons complained of herein occurred in the County of Santa Clara, California.

## PARTIES

5. Plaintiff TERRY JACKSON ("PLAINTIFF") alleges that at all material times mentioned herein, he is and was:

(a) An individual who currently resides in the State of California;

(b) Employed both as a Local Network Administrator and Network Operations Lead for Defendant RAYTHEON;

(c) Who worked more than eight (8) hours in any given day and more than forty (40) hours in any given week;

(d) Did not receive overtime compensation; and

(e) Was a member of the CLASS as defined in this Complaint.

6. PLAINTIFF is informed and believes, and alleges upon information and belief, that Defendant RAYTHEON COMPANY ("RAYTHEON"), at all times during the Class Period was:

(a) A defense and aerospace systems supplier with its principal place of business in the State of Massachusetts and conducting business throughout the United States and in the County of Santa Clara in the State of California;

(b) The former employer of PLAINTIFF and the current and/or former employer of the putative CLASS members; and

(c) Failed to pay overtime compensation to all members of the CLASS.

7. Plaintiff JACKSON seeks to bring his claims on behalf of "all Local Network Administrators and Network Operations Leads employed in the United States by Defendant during the Claims Period" and will further represent any such individuals who have additional timely claims arising from employment with RAYTHEON.

## REPRESENTATIVE CLASS ALLEGATIONS

8. This Complaint is brought, in part, as a Representative Action as authorized by the Federal Fair Labor Standards Act (FLSA) at 29 U.S.C. Sec. 216(b). Plaintiff will seek prompt discovery in order to permit other potential representative class members to opt-in to this action as provided therein.

9. It is the position of counsel for the Plaintiffs that this action is not subject to the requirements and Procedures of Fed.R.Civ.P. 23.

10.  The class is so numerous that joinder of all members is impracticable.

11.  Plaintiff is an adequate representative of the proposed representative CLASS hereunder, because:

(a)  His claims are typical of those of other persons in the represented CLASS;

(b)  He is represented by competent counsel with experience in related litigation; and

(c)  Defendant acted on grounds common to all members of the represented CLASS.

12.  Alleged questions common to the CLASS are set forth in detail below.

13.  Alleged questions of law arise primarily from Defendant's obligations under the Federal Fair Labor Standards Act. Those questions are common to all the FLSA claims.

14.  There is little need for individual represented CLASS members to individually control their claims as the issues are common to all persons and primarily involve common issues of law.

15.  Counsel is unaware, after inquiry, of any pending litigation involving this issue with Defendant.

16.  This forum is an appropriate forum for concentration of FLSA litigation of claims involving the Defendant as the practice of denying overtime benefits was carried out in this forum and caused injury in this district.

17.  No serious difficulties are anticipated in the administration of this matter as a representative action if Defendant promptly cooperates in the provision of information necessary to communicate with potential represented class members.

**FACTS**

18.  At all times relevant herein, Defendant was an enterprise engaged in commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

19.  PLAINTIFF alleges he was hired by RAYTHEON in 2000 as a Local Network Administrator. In 2004, Plaintiff was promoted to the position of Network Operations Lead. Although classified as an exempt manager, the Plaintiff's job responsibilities as a Local Network

Operations Lead required him to pull cable, terminate stations and work from home doing DNS support. As a Network Operations Lead, he was required to do inspections and work along side the people under him having the same duties.

20. Defendant RAYTHEON improperly classified PLAINTIFF, and other members of the CLASS, as "exempt." Consequently, the PLAINTIFF, and the other members of the CLASS, were not paid overtime wages for hours worked in excess of eight hours per day and/or forty hours per week. Although classified as exempt, the duties of PLAINTIFF, and other members of the CLASS, do not meet the requirements for exemption from overtime compensation.

21. Throughout the Class Period, RAYTHEON systematically misclassified PLAINTIFF and every other Local Network Administrator and Network Operation Leads who are members of the CLASS as "exempt," when in fact they are not.

22. Accordingly, and despite the fact that PLAINTIFF, and the other members of the CLASS, regularly worked in excess of 8 hours a day and 40 hours per week, they did not receive overtime compensation in violation of the Federal Fair Labor Standards Act (FLSA) and state law overtime requirements for all hours worked in excess of 40 hours per week. The failure to provide such overtime payment to PLAINTIFF deprived him of rights protected under the FLSA and Cal. Lab. Code and Industrial Welfare Commission.

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT CLAIM
### (By the CLASS and Against all Defendants)

23. Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

24. Defendant violated the Fair Labor Standards Act, 29 U.S.C. §207 and the rights of Plaintiff JACKSON, and other similarly situated Local Network Administrators and Network Operation Leads, for which Plaintiff JACKSON and other similarly situated workers are entitled to relief pursuant to 29 U.S.C. § 216(b). The actions of the Defendant violated provisions as to the overtime requirements of the FLSA.

## SECOND CAUSE OF ACTION

### FOR FAILURE TO PAY OVERTIME COMPENSATION
[Cal. Lab. Code §§510, 515.5, 1194 and 1198]
(By the CLASS and Against all Defendants)

25. Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

26. Cal. Lab. Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

27. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorneys fees. Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

28. RAYTHEON has intentionally and improperly designated certain employees, including PLAINTIFF, and other members of the CLASS, as "exempt" employees to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

29. In particular, the Industrial Welfare Commission Wage Order No.4 sets forth the requirements which must be complied with to place an employee in an exempt category. For an employee to be exempt as a bona fide "executive," all the following criteria must be met:

(a) Whose duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof; and

(b) Who customarily and regularly directs the work of two or more other employees therein; and

(c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and

(d) Who customarily and regularly exercises discretion and independent judgment; and

(e) Who is primarily engaged in duties which meet the test of the exemption. The activities constituting exempt work and non-exempt work shall be construed in the same manner as such items are construed in the following regulations under the Fair Labor Standards Act effective as of the date of this order: 29 C.F.R. Sections 541.102, 541.104-111, and 541.115-16. Exempt work shall include, for example, all work that is directly and closely related to exempt work and work which is properly viewed as a means for carrying out exempt functions. The work actually performed by the employee during the course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job, shall be considered in determining whether the employee satisfies this requirement; and

(f) Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. Full-time employment is defined in Labor Code Section 515(c) as 40 hours per week.

30. The job duties of PLAINTIFF, and other members of the CLASS, do not fit the definition of either an exempt executive, administrative, or professional employee because:

(a) Less than fifty percent (50%) of their work hours are spent on managerial or administrative (exempt) duties;

(b) More than fifty percent (50%) of their work hours are spent performing non exempt duties, including but not limited to pulling cable, terminating stations and doing inspections;

(c) They do not have discretion or independent judgment;

(d) They do not have the authority to hire and fire other personnel; and

(e) None of the exemptions articulated in Wage Order No.4, nor do the exemptions articulated in Cal. Lab. Code §515, apply to the PLAINTIFF, or to the other members of the CLASS.

31. At all times relevant hereto, from time to time, the PLAINTIFF, and the other members of the CLASS, have worked more than eight hours in a workday, and/or more than forty

hours in a work week.

32. At all times relevant hereto, Defendant RAYTHEON failed to pay PLAINTIFF, and the other members of the CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198. In fact, PLAINTIFF, and the other members of the CLASS, were regularly required to work overtime hours.

33. By virtue of RAYTHEON'S unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CLASS, for their overtime hours, the PLAINTIFF, and the other members of the CLASS, have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

34. PLAINTIFF, and the other members of the CLASS, are informed and believe, and based upon that information and belief allege, that RAYTHEON knew or should have known that PLAINTIFF, and the other members of the CLASS, did not qualify as exempt employees and purposely elected not to pay them for their overtime labor.

35. PLAINTIFF, and the other members of the CLASS, request recovery of overtime compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code §§ 218.5 and 1194(a), as well as the assessment of any statutory penalties against Defendant RAYTHEON, in a sum as provided by the Cal. Lab. Code and/or other statutes. Further, PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

### ON FIRST CAUSE OF ACTION

1. Certify this as a FLSA representative action on behalf of "all Local Network Administrators and Network Operations Leads employed by Defendant in the United

States during the claim period."

2. Grant judgment in favor of PLAINTIFF and all similarly situated workers awarding them their unpaid regular wages and overtime, and an equal amount of liquidated damages.

3. Award PLAINTIFFS their costs of court and reasonable attorney's fees pursuant to the Fair Labor Standards Act.

### ON SECOND CAUSE OF ACTION

1. For restitution and/or restitutionary disgorgement;
2. For injunctive relief ordering the continuing unfair business acts and practices to cease, or as the Court otherwise deems just and proper;
3. For other injunctive relief ordering RAYTHEON to notify the CLASS that they have not been paid the proper amounts required in accordance with California law.

### ON ALL CAUSES OF ACTION

1. For such other and further relief as the Court deems just and proper.

Dated:   December 20, 2007                MORRIS AND ASSOCIATES


*signature*
STEPHEN B. MORRIS
Attorneys for Class Plaintiffs

## DEMAND FOR JURY TRIAL

PLAINTIFF demands jury trial on all issues triable to a jury.

Dated:    December 20, 2007            MORRIS AND ASSOCIATES

                                       _____
                                       STEPHEN B. MORRIS
                                       Attorneys for Class Plaintiffs

Additional Counsel:

**UNITED EMPLOYEES LAW GROUP**
Walter Haines, Esq. (SBN #71075)
65 Pine Ave, #312
Long Beach, California 90802
Telephone:(877) 696-8378
Facsimile: (562) 256-1006