1  PAUL GROSSMAN (SB# 035959) paulgrossman@paulhastings.com
2  LESLIE L. ABBOTT (SB# 155597) leslieabbott@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
3  515 South Flower Street
   Twenty-Fifth Floor
   Los Angeles, CA 90071-2228
4  Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
5
6  Attorneys for Defendant
   Raytheon Company
7

*Filed*

MAR 2 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12  TERRY JACKSON, an individual, on          CASE NO. C08 00054(RS)
    behalf of himself, and on behalf of all
13  persons similarly situated,               RAYTHEON COMPANY'S ANSWER
                                              TO PLAINTIFF'S FIRST AMENDED
14              Plaintiff,                     COMPLAINT FOR DAMAGES AND
                                              RELIEF
15      vs.

16  RAYTHEON COMPANY, a Delaware              FIRST AMENDED COMPLAINT FILED:
    corporation conducting business in the   FEBRUARY 6, 2008
17  State of California, and Does 1 to 100.

18              Defendants.

19

20  TO PLAINTIFF TERRY JACKSON, AN INDIVIDUAL, ON BEHALF OF HIMSELF,

21  AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED AND TO HIS

22  ATTORNEYS OF RECORD, STEPHEN D. MORRIS AMD MARK C. HINKLEY OF

23  MORRIS AND ASSOCIATES AND WALTER HAINES OF UNITED EMPLOYEES'

24  LAW GROUP:

25

26          Defendant Raytheon Company ("Defendant"), for itself alone and no other

27  defendant, hereby answers and pleads in response to the First Amended Complaint

28

1    ("FAC") of Plaintiff TERRY JACKSON ("Plaintiff" or "Jackson"), an individual, on

2    behalf of himself, and on behalf of all persons similarly situated as follows:

3

4          1.      Answering Paragraph 1, Defendant admits that Plaintiff brought this

5    action alleging unpaid minimum wages, overtime, and damages on behalf of himself and

6    other purported similarly situated Local Network Administrators and Network Operations

7    Leads who were employed by Defendant in the United States. Except as hereinbefore

8    expressly admitted, Defendant denies, generally and specifically, each and every

9    remaining allegation contained in this paragraph.

10

11          2.      Answering Paragraph 2, Defendant admits that Plaintiff alleges that

12   the purported wage violations arose out of a policy and practice of Defendant applicable

13   to other, purportedly similarly situated workers and that Plaintiff seeks money damages.

14   Except as hereinbefore expressly admitted, Defendant denies, generally and specifically,

15   each and every remaining allegation contained in this paragraph.

16

17          3.      Answering Paragraph 3, Defendant admits that Plaintiff purports to

18   have brought this action pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C.

19   § 1337. Except as hereinbefore expressly admitted, Defendant denies, generally and

20   specifically, each and every remaining allegation contained in this paragraph.

21

22          4.      Answering Paragraph 4, Defendant admits that Plaintiff alleges

23   injuries occurred in the County of Santa Clara, California, but Defendant denies that the

24   alleged injures occurred. Except as hereinbefore expressly admitted, Defendant denies,

25   generally and specifically, each and every remaining allegation contained in this

26   paragraph.

27

28

LEGAL_US_W # 58104599.1

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT – C08-00054(RS)

1        5.    Answering Paragraph 5(a), Defendant lacks sufficient information or

2   belief to enable it to admit or deny the allegations in this paragraph and, on that basis,

3   denies generally and specifically the allegations contained therein.

4

5        6.    Answering Paragraph 5(b), Defendant admits that Plaintiff was at

6   certain times employed by Raytheon Company.  Except as hereinbefore expressly

7   admitted, Defendant denies, generally and specifically, each and every remaining

8   allegation contained in this paragraph.

9

10       7.    Answering Paragraph 5(c), Defendant admits that at certain times

11  during his employment at Raytheon, Plaintiff worked more than eight hours in a day or

12  more than forty hours in a week.  Except as hereinbefore expressly admitted, Defendant

13  denies, generally and specifically, each and every remaining allegation contained in this

14  paragraph.

15

16       8.    Answering Paragraph 5(d), Defendant denies, generally and

17  specifically, each and every allegation contained therein.

18

19       9.    Answering Paragraph 5(e), Defendant denies the existence of a Class

20  and further denies, generally and specifically, each and every allegation contained therein.

21

22       10.    Answering Paragraph 6(a), Defendant denies the existence of a Class

23  or Class Period.  Defendant admits that it currently is and has for some time been a

24  defense and aerospace systems supplier with its principal place of business in the State of

25  Massachusetts and conducting business throughout the United States and in the County of

26  Santa Clara in the State of California.  Except as hereinbefore expressly admitted,

27  Defendant denies, generally and specifically, each and every remaining allegation

28  contained in this paragraph.

LEGAL_US_W # 58104599.1

1        11.     Answering Paragraph 6(b), Defendant denies the existence of a Class

2   or Class Period. Defendant admits that it is the former employer of Plaintiff. Defendant

3   further Except as hereinbefore expressly admitted, Defendant denies, generally and

4   specifically, each and every remaining allegation contained in this paragraph.

5

6        12.     Answering Paragraph 6(c), Defendant denies the existence of a Class

7   or Class Period. Defendant further denies, generally and specifically, each and every

8   allegation contained therein.

9

10       13.     Answering Paragraph 7, Defendant denies the existence of a Claims

11   Period. Defendant admits that Plaintiff seeks to bring his claims on behalf of all Local

12   Network Administrators and Network Operations Leads purportedly employed in the

13   United States by Defendant, the existence of which Defendant denies. Except as

14   hereinbefore expressly admitted, Defendant denies, generally and specifically, each and

15   every remaining allegation contained in this paragraph.

16

17       14.     Answering Paragraph 8, Defendant admits that Plaintiff purports to

18   bring the FAC as a Representative Action under the Fair Labor Standards Act ("FLSA").

19   Defendant further admits that Plaintiff alleges he will seek prompt discovery in order to

20   permit other potential representative class members to opt-in to this action. Except as

21   hereinbefore expressly admitted, Defendant denies, generally and specifically, each and

22   every remaining allegation contained in this paragraph.

23

24       15.     Answering Paragraph 9, Defendant admits that the FAC states that it

25   is the position of Plaintiffs' counsel that this action is not subject to the requirements and

26   procedures of Rule 23 of the Federal Rules of Civil Procedure. Except as hereinbefore

27   expressly admitted, Defendant denies, generally and specifically, each and every

28   remaining allegation contained in this paragraph.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT – C08-00054(RS)

1        16.     Answering Paragraph 10, Defendant denies the existence of a Class

2 and further denies, generally and specifically, each and every allegation contained therein.

3

4        17.     Answering Paragraph 11(a), Defendant denies the existence of a

5 Class and further denies, generally and specifically, each and every allegation contained

6 therein.

7

8        18.     Answering Paragraph 11(b), Defendant lacks sufficient information

9 or belief to admit or deny the allegation and, on that basis, denies, generally and

10 specifically, each and every allegation contained therein.

11

12        19.     Answering Paragraph 11(c), Defendant denies the existence of a

13 Class and further denies, generally and specifically, each and every allegation contained

14 therein.

15

16        20.     Answering Paragraph 12, Defendant denies the existence of a Class

17 and further denies, generally and specifically, each and every allegation contained therein.

18

19        21.     Answering Paragraph 13, Defendant denies, generally and

20 specifically, each and every allegation contained therein.

21

22        22.     Answering Paragraph 14, Defendant denies, generally and

23 specifically, each and every allegation contained therein.

24

25        23.     Answering Paragraph 15, Defendant admits that there is no other

26 pending litigation against Raytheon Company involving whether overtime compensation

27 is owed to Plaintiff or the putative class, the existence of which Defendant expressly

28 denies, based on their purported misclassification as exempt employees. Except as

1  hereinbefore expressly admitted, Defendant denies, generally and specifically, each and

2  every remaining allegation contained in this paragraph.

3

4      24.    Answering Paragraph 16, Defendant denies, generally and

5  specifically, each and every allegation contained therein.

6

7      25.    Answering Paragraph 17, Defendant denies the existence of a Class

8  and further denies, generally and specifically, each and every allegation contained therein.

9

10      26.    Answering Paragraph 18, Defendant asserts that this paragraph

11  asserts a legal conclusion to which no response is required.

12

13      27.    Answering Paragraph 19, Defendant admits that Plaintiff worked for

14  Defendant from on or about June 1, 2000 through May 31, 2005.  Except as hereinbefore

15  expressly admitted, Defendant denies, generally and specifically, each and every

16  remaining allegation contained in this paragraph.

17

18      28.    Answering Paragraph 20, Defendant denies the existence of a Class

19  and further denies, generally and specifically, each and every allegation contained therein.

20

21      29.    Answering Paragraph 21, Defendant denies the existence of a Class

22  and further denies, generally and specifically, each and every allegation contained therein.

23

24      30.    Answering Paragraph 22, Defendant denies the existence of a Class

25  and further denies, generally and specifically, each and every allegation contained therein.

26

27      31.    Answering Paragraph 23, Defendant realleges and incorporates by

28  reference its responses to Paragraphs 1 through 22 as though fully set forth herein.

32.    Answering Paragraph 24, Defendant denies, generally and specifically, each and every allegation contained therein.

33.    Answering Paragraph 25, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 24 as though fully set forth herein.

34.    Answering Paragraph 26, Defendant admits that Plaintiff purports to summarize California Labor Code section 510. Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation contained in this paragraph.

35.    Answering Paragraph 27, Defendant admits that Plaintiff purports to summarize California Labor Code sections 1194 and 1198. Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation contained in this paragraph.

36.    Answering Paragraph 28, Defendant denies the existence of a Class and further denies, generally and specifically, each and every allegation contained therein.

37.    Answering Paragraphs 29(a)-(f), Defendant admits that Plaintiff purports to summarize the requirements to meet the executive exemption contained in Industrial Welfare Commission Wage Order No. 4. Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation contained in this paragraph.

38.    Answering Paragraphs 30(a)-(e), Defendant did not classify Plaintiff or the putative class as exempt during their employment at Raytheon Company and,

therefore, the allegations in these paragraphs are irrelevant in the context of this action. Defendant further denies the existence of a Class.

39.    Answering Paragraph 31, Defendant admits that at certain times during his employment at Raytheon, Plaintiff worked more than eight hours in a day or more than forty hours in a week. Defendant denies the existence of a Class. Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation contained in this paragraph.

40.    Answering Paragraph 32, Defendant denies the existence of a Class and further denies, generally and specifically, each and every allegation contained therein.

41.    Answering Paragraph 33, Defendant denies the existence of a Class and further denies, generally and specifically, each and every allegation contained therein.

42.    Answering Paragraph 34, Defendant did not classify Plaintiff or the putative class as exempt during their employment at Raytheon Company and, therefore, the allegations in these paragraphs are irrelevant in the context of this action. Defendant further denies the existence of a Class.

43.    Answering Paragraph 35, Defendant asserts that this paragraph asserts legal conclusions to which no response is required. Defendant denies the existence of a Class. Defendant further denies that Plaintiff or the putative class is damaged as alleged or at all.

44.    Answering Paragraph 36, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 35 as though fully set forth herein.

1    45.    Answering Paragraph 37, Defendant admits that Plaintiff purports to

2    summarize California Labor Code sections 226.7 and 512. Except as hereinbefore

3    expressly admitted, Defendant denies, generally and specifically, each and every

4    remaining allegation contained in this paragraph.

5

6    46.    Answering Paragraph 38, Defendant admits that Plaintiff purports to

7    summarize California Labor Code section 226.7. Except as hereinbefore expressly

8    admitted, Defendant denies, generally and specifically, each and every remaining

9    allegation contained in this paragraph.

10

11    47.    Answering Paragraph 39, Defendant denies the existence of a Class

12    and further denies, generally and specifically, each and every allegation contained therein.

13

14    48.    Answering Paragraph 40, Defendant admits that at certain times

15    Plaintiff worked more than five hours in a workday. Defendant denies the existence of a

16    Class. Except as hereinbefore expressly admitted, Defendant denies, generally and

17    specifically, each and every remaining allegation contained in this paragraph.

18

19    49.    Answering Paragraph 41, Defendant admits that Plaintiff purports to

20    summarize California Labor Code section 226.7. Except as hereinbefore expressly

21    admitted, Defendant denies, generally and specifically, each and every remaining

22    allegation contained in this paragraph.

23

24    50.    Answering Paragraph 42, Defendant admits that Plaintiff purports to

25    summarize California Labor Code section 226.7. Except as hereinbefore expressly

26    admitted, Defendant denies, generally and specifically, each and every remaining

27    allegation contained in this paragraph.

28

LEGAL_US_W # 58104599.1

1         51.     Answering Paragraph 43, Defendant denies the existence of a class

2 and further denies, generally and specifically, each and every allegation contained therein.

3

4         52.     Answering Paragraph 44, Defendant admits that at certain times

5 Plaintiff worked more than four hours in a workday. Defendant denies the existence of a

6 Class. Except as hereinbefore expressly admitted, Defendant denies, generally and

7 specifically, each and every remaining allegation contained in this paragraph.

8

9         53.     Answering Paragraph 45, Defendant denies the existence of a Class

10 and further denies, generally and specifically, each and every allegation contained therein.

11

12         54.     Answering Paragraph 46, Defendant denies the existence of a Class

13 and further denies, generally and specifically, each and every allegation contained therein.

14

15         55.     Answering Paragraph 47, Defendant asserts that this paragraph

16 asserts legal conclusions to which no response is required. Defendant denies the existence

17 of a Class. Defendant further denies that Plaintiff or the putative class is damaged as

18 alleged or at all.

19

20         56.     Answering Paragraph 48, Defendant realleges and incorporates by

21 reference its responses to Paragraphs 1 through 47 as though fully set forth herein.

22

23         57.     Answering Paragraph 49, Defendant admits that Plaintiff has quoted

24 California Labor Code section 200. Except as hereinbefore expressly admitted, Defendant

25 denies, generally and specifically, each and every remaining allegation contained in this

26 paragraph.

27

28

1        58.     Answering Paragraph 50, Defendant admits that Plaintiff has quoted

2   a portion of California Labor Code section 202.  Except as hereinbefore expressly

3   admitted, Defendant denies, generally and specifically, each and every remaining

4   allegation contained in this paragraph.

5

6        59.     Answering Paragraph 51, Defendant admits that Plaintiff has quoted

7   a portion of California Labor Code section 203.  Except as hereinbefore expressly

8   admitted, Defendant denies, generally and specifically, each and every remaining

9   allegation contained in this paragraph.

10

11       60.     Answering Paragraph 52, Defendant denies the existence of a Class

12   and further denies, generally and specifically, each and every allegation contained therein.

13

14       61.     Answering Paragraph 53, Defendant asserts that this paragraph

15   asserts legal conclusions to which no response is required.  Defendant denies the existence

16   of a Class.  Defendant further denies that Plaintiff or the putative class is damaged as

17   alleged or at all.

18

19       62.     Answering Paragraph 54, Defendant realleges and incorporates by

20   reference its responses to Paragraphs 1 through 53 as though fully set forth herein.

21

22       63.     Answering Paragraph 55, Defendant admits that Plaintiff has quoted

23   a portion of California Labor Code section 226.  Except as hereinbefore expressly

24   admitted, Defendant denies, generally and specifically, each and every remaining

25   allegation contained in this paragraph.

26

27       64.     Answering Paragraph 56, Defendant denies the existence of a Class

28   and further denies, generally and specifically, each and every allegation contained therein.

65. Answering Paragraph 57, Defendant denies the existence of a Class and further denies, generally and specifically, each and every allegation contained therein.

66. Answering Paragraph 58, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 57 as though fully set forth herein.

67. Answering Paragraph 59, Defendant asserts that this paragraph asserts legal conclusions to which no response is required.

68. Answering Paragraph 60, Defendant admits that Plaintiff purports to summarize portions of California Business and Professions Code section 17200. Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation contained in this paragraph.

69. Answering Paragraph 61, Defendant denies the existence of a Class and further denies, generally and specifically, each and every allegation contained therein.

70. Answering Paragraph 62, Defendant denies the existence of a Class and further denies, generally and specifically, each and every allegation contained therein.

71. Answering Paragraph 63, Defendant denies, generally and specifically, each and every allegation contained therein.

72. Answering Paragraph 64, Defendant denies the existence of a Class and further denies, generally and specifically, each and every allegation contained therein.

73. Answering Paragraph 65, Defendant denies the existence of a Class and further denies, generally and specifically, each and every allegation contained therein.

1    74.    Answering Paragraph 66, Defendant denies the existence of a Class

2    and further denies, generally and specifically, each and every allegation contained therein.

3

4    75.    Responding to the Prayer for Relief in the FAC, Defendant denies,

5    generally and specifically, that Plaintiff or the putative class, the existence of which

6    Defendant expressly denies, have been or will be damaged in the sums alleged, in any

7    other sum, or at all, by reason of any act or omission of Defendant or any officer, agent or

8    employee of Defendant. Defendant further denies, generally and specifically, that the

9    elements of relief sought are available to Plaintiff or the putative class, the existence of

10   which Defendant expressly denies, on the particular claims alleged.

11

12                              AFFIRMATIVE DEFENSES

13

14                   FIRST SEPARATE AND AFFIRMATIVE DEFENSE

15

16   76.    The FAC fails to state a claim upon which relief may be granted.

17

18                   SECOND SEPARATE AND AFFIRMATIVE DEFENSE

19

20   77.    The Complaint, and each of its claims for relief, is barred by the

21   doctrine of laches.

22

23                   THIRD SEPARATE AND AFFIRMATIVE DEFENSE

24

25   78.    Plaintiff, and the group of persons he purports to represent, the

26   existence of which is expressly denied, are estopped from pursuing the claims in the FAC,

27   and each purported claim contained therein, by reason of his own actions and course of

28   conduct.

LEGAL_US_W # 58104599.1

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

79.   Plaintiff, and the group of persons he purports to represent, the existence of which is expressly denied, have waived the right, if any, to pursue the claims in the FAC, and each purported claim contained therein, by reason of his own actions and course of conduct.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

80.   The FAC, and each purported claim contained therein, is barred by the doctrine of unclean hands.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

81.   The FAC, and each purported claim contained therein, is barred in whole or in part by all applicable statutes of limitation, including but not limited to 29 U.S.C. § 255; California Business & Professions Code section 17208; California Code of Civil Procedure sections 337(1), 338(a), 339, 340; and other applicable law.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

82.   The FAC is barred to the extent that the claims alleged by Plaintiff are neither common to nor typical of those, if any, of the purported class of persons on whose behalf Plaintiff purports to proceed, the existence of which is expressly denied.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

83.    The class of persons that Plaintiff purports to represent, the existence of which is expressly denied, is not so numerous that joinder is impracticable.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

84.    Plaintiff's counsel lacks the skills, experience, and expertise to adequately represent the putative class, the existence of which is expressly denied.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

85.    Certain of the interests of the putative class of plaintiffs are in conflict with the interests of all or certain sub-groups of the members of the purported class of persons which Plaintiff purports to represent, the existence of which is expressly denied.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

86.    The FAC is barred to the extent that Plaintiff is not an adequate representative of the purported class of persons on whose behalf Plaintiff purports to proceed, the existence of which is expressly denied.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

87.    The types of claims alleged by Plaintiff on behalf of himself and the purported class of persons on whose behalf Plaintiff purports to proceed, the existence of

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT – C08-00054(RS)

LEGAL_US_W # 58104599.1

1   which is expressly denied, are matters in which individual questions predominate and,

2   accordingly, are not appropriate for collective treatment.

3

4              THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

5

6          88.    The FAC is barred to the extent that Plaintiff lacks standing to raise

7   some or all of the claims of the purported class on whose behalf Plaintiff purports to

8   proceed, the existence of which is expressly denied.

9

10            FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

11

12         89.    Plaintiff and/or members of the purported class of persons on whose

13  behalf Plaintiff purports to proceed, the existence of which is expressly denied, are

14  precluded from recovering any amounts from Defendant where Defendant has paid

15  Plaintiff and/or members of the purported class of persons all sums legally due under the

16  FLSA and/or the California Labor Code.

17

18             FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19

20         90.    With respect to some or all claims brought or allegedly brought by

21  Plaintiff and/or members of the purported class of persons on whose behalf Plaintiff

22  purports to proceed, the existence of which is expressly denied, Defendant affirmatively

23  pleads that any act(s) and/or omission(s) which may be found to be in violation of the

24  rights afforded by the FLSA were not willful but occurred in good faith with reasonable

25  grounds for believing that it was in complete compliance with the FLSA.

26

27

28

LEGAL_US_W # 58104599.1

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

91.     The FAC fails to state a claim upon which relief consisting of compensatory, consequential or liquidated damages, or any other damages, costs or fees allowed by the FLSA, may be granted.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

92.     Neither Plaintiff, nor members of the purported class of persons on whose behalf Plaintiff purports to proceed, the existence of which is expressly denied, may recover liquidated damages, because: (1) Defendant and all of its officers, directors, managers, or agents acted at all times in good faith and did not commit any willful violation of any of the FLSA ; (2) Defendant (including its officers, directors, managers, and agents) did not authorize or ratify any such willful violation with respect to Plaintiff or any alleged member of the class of persons on whose behalf Plaintiff purports to proceed, the existence of which is expressly denied; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

93.     Plaintiff is precluded from recovering any liquidated damages from Defendant where Defendant has, at all times, acted in good faith and paid all sums considered to be legally due in good faith reliance on the FLSA and/or the California Labor Code.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

94.    The Fourth purported claim for relief is barred because Defendant did not willfully fail to pay final wages when due.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

95.    The Fifth purported claim for relief is barred because Plaintiff did not suffer any actual injury.

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

96.    Plaintiff, and members of the putative class, the existence of which is expressly denied, and not entitled to any penalty award under sections 203, 226, 226.7, or 1194 of the California Labor Code because, at all times relevant to the FAC, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code or the applicable wage order, but rather each acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code or the applicable wage order.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

97.    The Sixth purported claim is barred because Plaintiff, as a private litigant, lacks standing to bring a cause of action for damages under California Business and Professions Code section 17203.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT – C08-00054(RS)

1          TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

2

3          98.    The Sixth purported claim is barred because Plaintiff cannot show an

4   injury to competition, as distinguished from injury to Plaintiff, which such injury

5   Defendant denies.

6

7          TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

8

9          99.    The Sixth purported claim is barred because Plaintiff is not seeking

10  recovery of a quantifiable sum.

11

12         TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

13

14         100.   The Sixth purported claim is barred because California Business and

15  Professions Code section 17200, et seq., as stated and as sought to be applied, violate

16  Defendant's rights under the United States Constitution and the California Constitution in

17  that, among other things, they are void for vagueness, violative of equal protection,

18  violative of due process, an undue burden upon interstate commerce, and violative of the

19  freedom of contract.

20

21         TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

22

23         101.   The Sixth purported claim is barred because California Business and

24  Professions Code section 17200, et seq. violates Defendant's rights to due process under

25  the United States Constitution and the California Constitution to the extent that the claim

26  for relief does not afford defendant the protections against multiple suits and duplicative

27  liability ordinarily provided by class actions.

28

TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

102.    The Sixth purported claim is barred because the remedies under California Business and Professions Code section 17200, et seq. are limited to restitution and injunctive relief.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by reason of the FAC, that the FAC be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

2.    That Defendant be awarded its reasonable costs and attorneys' fees; and

3.    That Defendant be awarded such other further relief as the Court deems just and proper.

DATED: March 20, 2008            PAUL GROSSMAN
                                 LESLIE L. ABBOTT
                                 PAUL, HASTINGS, JANOFSKY & WALKER LLP


                                 By: _____
                                         LESLIE L. ABBOTT

                                 Attorneys for Defendant
                                 Raytheon Company

LEGAL_US_W # 58104599.1

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am

over the age of eighteen years and not a party to the within-entitled action. My business address

is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071-2228. I am

readily familiar with this firm's practice for collection and processing of correspondence for

mailing with the United States Postal Service. On March 20, 2008, I placed with this firm at the

above address for deposit with the United States Postal Service a true and correct copy of the

within document(s):

**RAYTHEON COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES AND RELIEF**

in a sealed envelope, postage fully paid, addressed as follows:

Stephen B. Morris
Mark C. Hinkley
MORRIS and ASSOCIATES
444 West C Street, Suite 300
San Diego, CA 92101
Tel.: (619) 239-1300
Fax: (619) 234-3672

Walter Haines
UNITED EMPLOYEES LAW GROUP, P.C.
65 Pine Avenue, #312
Long Beach, CA 90802
Tel.: (877) 696-8378

Following ordinary business practices, the envelope was sealed and placed for collection

and mailing on this date, and would, in the ordinary course of business, be deposited with the

United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose

direction the service was made.

Executed on March 20, 2008, at Los Angeles, California.

_Irma Gamino_
Irma Gamino