PAUL GROSSMAN (SB# 035959) paulgrossman@paulhastings.com
LESLIE L. ABBOTT (SB# 155597) leslieabbott@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
RAYTHEON COMPANY

STEPHEN D. MORRIS
MARK C. HINKLEY
MORRIS AND ASSOCIATES
444 West C Street, Suite 300
San Diego, CA 92101
Tel: (619) 239-1300
Fax: (619) 234-3642

WALTER HAINES
UNITED EMPLOYEES LAW GROUP, P.C.
65 Pine Avenue #312
Long Beach, CA 90802
Tel: (877) 696-8378

Attorney for Plaintiff
TERRY JACKSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY JACKSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RAYTHEON COMPANY, a Delaware corporation conducting business in the State of California and Does 1 to 100.<br><br>Defendant. | CASE NO. C08 00054(RMW)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND CIVIL LOCAL RULE 16-9, Plaintiff Terry Jackson ("Plaintiff") and Defendant Raytheon Company ("Raytheon"), by and through their respective counsel, submit this joint report. Participating in the meeting of counsel were: Stephen B. Morris of Morris and Associates (on behalf of Plaintiff), and Leslie L. Abbott of Paul, Hastings, Janofsky & Walker (on behalf of Raytheon).

**1.  Jurisdiction and Service**

This is a putative wage and hour class and collective action brought pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. ("FLSA"), California Labor Code sections 201-203, 226, 226.7, 510, 512, 515.5, 1194 and 1198, California Wage Order 4-2001, 8 C.C.R. section 11040 ("Wage Order 4"), and the California Business & Professions Code section 17200 ("Section 17200"),. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. There is no issue at this time regarding personal jurisdiction or venue. No parties remain to be served.

**2.  Facts**

Plaintiff has sued Raytheon, alleging six causes of action:

1. Violation of the overtime requirements of the Fair Labor Standards Act;
2. Violation of California Labor Code requirements for overtime;
3. Violation of California Labor Code requirements for meal and rest periods;
4. Violation of California Labor Code requirements for payment of wages at termination;
5. Violation of California Labor Code requirements for itemized statements;
6. Unlawful business practices.

Specifically, Plaintiff asserts that he and other "Local Network Administrators" and "Network Operations Leads" were misclassified as exempt, and were thus denied overtime pay and did not receive meal and rest periods.

Raytheon denies Plaintiff's allegations. First, at all relevant times in the Complaint, Raytheon classified Plaintiff as non-exempt. Plaintiff was entitled to, and did, receive overtime pay as required. Second, there is no putative "class" in this case. Raytheon does not use the job titles Local Network Administrators or Network Operations Leads at the corporate level; rather, such job titles were apparently "local" titles used at one location to describe the work of certain employees who performed duties pursuant to a contract that Raytheon had at the NASA Ames Research Center. There were only five such employees who performed these duties, including Plaintiff, and all five were classified as non-exempt and eligible for overtime pay. When the applicable NASA Ames Research Center contract with Raytheon ended on May 31, 2005, all five employees, including Plaintiff, were terminated. Accordingly, Defendant's position is that Plaintiff lacks any viable basis for either individual or class claims in this action, and the case should be dismissed.

**3. Legal issues**

At this time, the parties are participating in informal discussions to clarify the threshold facts in the case, and it is premature to discuss the legal issues. Specifically, Raytheon is in the process of providing Plaintiff with evidence to support its contention that Plaintiff's allegation that he was misclassified as exempt and not eligible for overtime pay is mistaken, that only five employees (including Plaintiff) held positions similar to Plaintiff, and that all such employees were classified as non-exempt and eligible for overtime pay.

**4. Motions**

There are currently no pending or prior motions. Raytheon has requested Plaintiff to dismiss the case in its entirety. If the case is not dismissed, Plaintiff will file a motion for class certification; Raytheon anticipates that it will file a motion for summary judgment and that it will oppose class certification. The parties request that the Court set another case management conference before scheduling

any other dates so that they have time to discuss the threshold factual issues.

**5. Amendment of Pleadings**

At this time, the parties do not anticipate amending of the pleadings to add or dismiss parties, claims, or defenses.

**6. Evidence Preservation**

Raytheon is preserving relevant documents to the extent they are available. However, this case involves a very small number of employees that were employed as part of a unique government contract at the NASA Ames Research Center. When the contract concluded, the employees were terminated in May 2005. Raytheon has complied with its legal requirements to preserve data, but significant time has passed and Raytheon was under no obligation to preserve data for much of the disputed period.

**7. Pre-discovery disclosures**

On April 14, 2008, the parties conducted their FRCP Rule 26(f) conference. The parties intend to exchange their initial disclosures pursuant to FRCP Rule 26(a) on April 18, 2008.

The parties intend to make timely disclosures as follows:

**Persons:** Plaintiff and Raytheon intend to make timely disclosures of individuals likely to have discoverable information that they may use to support their claims and defenses and have agreed to disclose additional witnesses as they are identified.

**Documents:** Plaintiff and Raytheon intend to make timely disclosures of documents that may be used to support their claims and defenses and have agreed to disclose additional documents as they are identified.

**Damage Computations and Other Relief:**

Plaintiff does not have sufficient information at this time to provide an exact calculation of damages sought on his own behalf or on behalf of the putative class members. However, plaintiff seeks the following on behalf of himself and the

putative class members:

Overtime compensation equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week pursuant to The Fair Labor Standards Act;

Overtime compensation equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and/or 8 per day pursuant to the California Labor Code;

One additional hour's pay for each day a rest or meal break was missed;

Restitution of all necessary business-related expenses; and

Interest, attorney's fees, and costs.

**Insurance Agreements: N/A**

**8. Discovery**

**a. Status of discovery**

Discovery has not yet commenced in this case. The parties are engaging in initial informal discussions and discovery concerning the case facts.

**b. Discovery Plan**

Based on the parties' current discussions concerning the threshold case facts, the parties believe it is premature to prepare a discovery plan. If the case is not dismissed, the parties proposed to have another case management conference with the Court and to submit their discovery plan at that time.

**9. Class Action**

Plaintiff purports to bring his claims, in part, as a representative action as authorized by the Federal Fair Labor Standards Act. In addition, Plaintiff alleges that he represents a putative class of Local Network Administrators and Network Operations Leads who were classified as exempt and were not paid overtime.

Raytheon asserts that there were only five employees, including Plaintiff Jackson, who performed the functions of Local Network Administrators and

Network Operations Leads. All five of these employees were classified as non-exempt and worked at the NASA Ames Research Center. Therefore, Raytheon alleges that no class can be certified because it lacks numerosity. Further, Raytheon contends that Plaintiff's allegation on behalf of himself and the putative class that they were misclassified as exempt, and thus denied overtime pay and meal and rest periods, is mistaken.

**10.  Related Cases**

The parties are not aware of related cases at this time.

**11.  Relief**

Plaintiff alleges that he has suffered lost wages and that he is entitled to penalties, liquidated damages, and premium pay for missed rest periods. Plaintiff asserts that he has no estimate of the amounts of these alleged damages at this time.

Raytheon disputes that Plaintiff or the putative class has suffered any damages at all. Raytheon seeks dismissal of this case.

**12.  Settlement and ADR**

The parties have not stipulated to ADR. The parties anticipate that both sides will need to take discovery before they can determine with ADR processes would be beneficial in this matter.

**13.  Magistrate Judge**

The parties do not wish to have a magistrate judge preside over this matter.

**14.  Other References**

The parties do not believe this case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

As noted above, the primary issue in dispute is whether a putative class exists and whether there is any merit to Plaintiff's claim that he was misclassified as exempt from overtime and California meal and rest period requirements. Raytheon asserts that Plaintiff was at all material times classified as non-exempt and was paid

all overtime due and provided meal and rest periods. Raytheon further alleges that only five employee, including Plaintiff, performed the duties of Local Network Administrators or Network Operations Leads and that all performed those duties as part of a particular contract applicable only at NASA Ames Research Center. When that contract ended, the employees were terminated in May 2005.

**16.   Expedited Schedule**

At this stage, with initial discovery yet to be served, the parties do not have issues to present to the Court for resolution. However, the parties would benefit from an expedited procedure for the resolution of discovery disputes that may arise.

**17.   Scheduling**

The parties agree that they shall serve and file final lists of witnesses and exhibits pursuant to Federal Rule of Civil Procedure 26(a)(3), unless indicated otherwise by the Court's Order. The parties further agree that any objections to these lists shall be made in accordance with Federal Rules of Civil Procedure. The parties request the Court to set another case management conference in 60 days.

**18.   Time Required for Trial**

The parties believe that it is premature to assess the time needed for trial given the basic factual inquiries currently under review by the parties.

**19.   Disclosure of Non-party Interested Entities or Persons**

Pursuant to Civil Local Rule 3-16, Raytheon filed a disclosure of non-party interested entities or persons on April 11, 2008.

//

DATED: April 15, 2008

PAUL GROSSMAN
LESLIE L. ABBOTT
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: ________________________
Leslie L. Abbott

Attorneys for Defendant
RAYTHEON COMPANY

STEPHEN MORRIS
MORRIS AND ASSOCIATES

By: ________________________
Stephen Morris

WALTER HAINES
UNITED EMPLOYEES LAW GROUP, P.C.

By: ________________________
Walter Haines

Attorneys for Plaintiff
TERRY JACKSON

DATED: April 15, 2008

PAUL GROSSMAN
LESLIE L. ABBOTT
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: ______________________
Leslie L. Abbott

Attorneys for Defendant
RAYTHEON COMPANY

STEPHEN MORRIS
MORRIS AND ASSOCIATES

By: ______________________
Stephen Morris

WALTER HAINES
UNITED EMPLOYEES LAW GROUP, P.C.

By: ______________________
Walter Haines

Attorneys for Plaintiff
TERRY JACKSON

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071-2228. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On April 15, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

in a sealed envelope, postage fully paid, addressed as follows:

Stephen B. Morris
Mark C. Hinkley
MORRIS and ASSOCIATES
444 West C Street, Suite 300
San Diego, CA 92101
Tel.: (619) 239-1300
Fax: (619) 234-3672

Walter Haines
UNITED EMPLOYEES LAW GROUP, P.C.
65 Pine Avenue, #312
Long Beach, CA 90802
Tel.: (877) 696-8378

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 15, 2008, at Los Angeles, California.

Irma Gamino