1  Stephen B. Morris (SBN 126192)
   Mark C. Hinkley (SBN 138759)
2  **MORRIS and ASSOCIATES**
   444 West C Street, Suite 300
3  San Diego, California 92101
   Tel: (619) 239-1300
4  Fax: (619) 234-3672
   morris@sandiegolegal.com
5
   Walter Haines (SBN 71075)
6  **UNITED EMPLOYEES' LAW GROUP, P.C.**
   65 Pine Avenue, #312
7  Long Beach, CA 90802
   Tel: (877) 696-8378
8
   Attorneys for Plaintiffs, Terry Jackson, et
9  al.

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

13 TERRY JACKSON, an individual, on ) **CASE NO. C08-00054 RS**
   behalf of himself, and on behalf of all )
14 persons similarly situated,          ) **CLASS ACTION**
                                        )
15        Plaintiff,                     ) **PLAINTIFF'S NOTICE OF**
                                        ) **MOTION AND MOTION FOR**
16 vs.                                   ) **LEAVE TO FILE SECOND**
                                        ) **AMENDED COMPLAINT**
17 RAYTHEON COMPANY, a Delaware )
   corporation conducting business in the ) Date:    September 19, 2008
18 State of California, and Does 1 to 100. ) Time:    9:00 a.m.
                                        ) Dept:    6
19        Defendants.                    ) Judge:   Hon. Ronald M. Whyte
   _____ )
20

21

22        TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF

23 RECORD:

24        PLEASE TAKE NOTICE that at 9:00 a.m. on September 19, 2008, in

25 Courtroom 6 of the above-referenced Court, located at 280 South 1st Street, San

26 Jose, California, the Plaintiff Terry Jackson, on behalf of himself and on behalf of

27 all persons similarly situated, will and hereby does move this Court for an order

28 granting him Leave To File the attached proposed Second Amended Complaint.

---

1   Said motion is brought in the interests of justice under authority of F.R.C.P. Rule

2   15(a)(2), which provides for amendment of pleadings before trial.

3

4   Dated:      July 29, 2008                    MORRIS AND ASSOCIATES

5

6                                        By:    _Stephen Morris_____

7                                               STEPHEN B. MORRIS
                                                Attorneys for Class Plaintiffs

8

9   Additional Counsel:

10  **UNITED EMPLOYEES LAW GROUP**
    Walter Haines, Esq. (CSB #71075)
11  65 Pine Ave, #312
    Long Beach, California 90802
12  Telephone:(877) 696-8378
    Facsimile: (562) 256-1006

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

This is a class action for unpaid minimum wages, overtime, and damages brought by Plaintiff Terry Jackson on behalf of himself and other similarly situated present and former Local Network Administrators and Network Operations Leads employed in the United States by Defendant RAYTHEON COMPANY (Raytheon).

Since the original Complaint was filed, discovery and investigation have produced a more accurate picture of the factual setting giving rise to this case. At the time of the original Complaint, Counsel for Plaintiff understood that Plaintiff was mis-characterized as exempt from overtime laws, and therefore did not receive the overtime pay and benefits to which he was entitled. As the investigation has continued, however, it now appears that the Defendant Raytheon did, in fact, properly characterize the Plaintiff and other members of the Class as non-exempt from overtime pay. And yet, while these employees were properly classified, they were not actually paid the overtime and other benefits they were entitled to receive as non-exempt employees.

Accordingly, Plaintiff now seeks leave of this Court to file a Second Amended Complaint which accurately describes the fact that Raytheon properly classified the Plaintiff and the Class as non-exempt, but did not actually provide the pay and benefits to which they were entitled,

Plaintiff seeks leave of this Court to file the attached, proposed Second Amended Complaint. He seeks leave pursuant to the provisions and liberal policy of Rule 15(a)(2). The new proposed Complaint does not allege new theories or different kinds of violations. It merely corrects the earlier mistaken allegation that stated Raytheon classified the Plaintiff and class as exempt. This amendment is necessary in the interests of justice to completely and accurately state the best

1 │ possible claim on behalf of the Plaintiff and the Class.

2 │     Plaintiff respectfully requests leave to file the proposed Second Amended

3 │ Complaint, therefore, to accurately reflect the facts of the case now before this

4 │ Court. As discussed below, allowing this amendment is appropriate under the

5 │ policy favoring liberal amendment of pleadings,  because it : (1) does not prejudice

6 │ the opposing party; (2) is not sought in bad faith; (3) does not produce an undue

7 │ delay in litigation; nor (4) is it futile.

8

9 │ **II.  AMENDMENT IS AUTHORIZED BY RULE 15(A)(2)**

10 │     Federal Rule Civil Procedure, Rule 15(a)(1) provides that a party may amend

11 │ its complaint once without leave before an answer is filed. Thereafter, Rule

12 │ 13(a)(2) provides, "In all other cases, a party may amend its pleading only with the

13 │ opposing party's written consent or the court's leave. The court should freely give

14 │ leave when justice so requires." FRCP 15(a)(2).

15 │     Amendments are to be permitted liberally because, as the Supreme Court

16 │ observed "[i]f the underlying facts or circumstances relied upon by a plaintiff may

17 │ be a proper subject of relief, he ought to be afforded an opportunity to test his claim

18 │ on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222

19 │ (1962).

20 │     "Rule 15(a) is very liberal and leave to amend "shall be freely given when

21 │ justice so requires." See *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir.1999). But a

22 │ district court need not grant leave to amend where the amendment: (1) prejudices

23 │ the opposing party; (2) is sought in bad faith; (3) produces an undue delay in

24 │ litigation; or (4) is futile. (Citations.)".*AmerisourceBergen Corp. v. Dialysist West,*

25 │ *Inc.* (2006) 465 F.3d 946 , 951.

26 │     Absent prejudice, or a "strong showing" of the other factors, such as undue

27 │ delay, bad faith, or dilatory motive, "there exists a presumption under Rule 15(a) in

28 │ favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316

1  F.3d 1048, 1052 (9th Cir.2003) (per curiam); see also *Allwaste, Inc. v. Hecht*, 65

2  F.3d 1523, 1530 (9th Cir.1995) (stating that, although the denial of leave to amend

3  after a responsive pleading has been filed is reviewed for an abuse of discretion,

4  "we strictly review such denial in light of the strong policy permitting

5  amendment").

6      As discussed below, none of the reasons for denying leave to amend are

7  active under these circumstances, and the policy of liberal leave applies here.

8

9  ### III.  NONE OF THE GROUNDS FOR DENYING LEAVE ARE PRESENT

10      The proposed amendment does not threaten prejudice to the Defendant, is not

11  sought in bad faith; produces no undue delay in litigation; and is not futile. Under

12  these circumstances, the Plaintiff is entitled to amend his Complaint.

13  *AmerisourceBergen Corp. v. Dialysist West, Inc.* (2006) 465 F.3d 946 , 951.

14      A. <u>No Prejudice</u>

15      As discussed above, the proposed amendment to the complaint is a matter of

16  correcting an underlying fact to accurately reflect the true status of the parties and

17  the true nature of Raytheon's violation. An employer can violate these labor laws

18  either by misclassifying its employees or else by simply failing to provide the extra

19  pay that non-exempt employees have earned. As this case has unfolded, Plaintiff

20  has recognized that this labor case is of the second variety rather than the first.

21  Even so, however, the theories and remedies remain the same, even as the factual

22  inquiry turns from the classification to the simple computation of pay formula for

23  overtime worked but unpaid.

24      The only new matter introduced in the proposed amended complaint is the

25  fact that the Plaintiff was characterized properly as non-exempt, but did not receive

26  the pay and benefits he should have received for working overtime.   These altered

27  allegations appear at paragraphs 19 and 20 of the proposed Second Amended

28  Complaint.

1  There is no form of unfair prejudice threatened to the Defendant from being

2  given credit for properly classifying its employees , and turning the focus on

3  whether or not those employees were properly paid for their overtime.

4  B. No Bad Faith

5  Nothing in the circumstances of this matter suggest any form of bad faith on

6  the Plaintiff's part. There is no tactical advantage to be had from correcting these

7  facts as an amendment. This is the other side of the prejudice coin - without

8  threatened prejudice to the opposing party, there is no reason to suspect a bad faith

9  motive on the part of the Plaintiff in seeking amendment.

10  C. No Undue Delay

11  There is no reason to believe that naming the Defendant's violation of

12  California law would delay any aspect of these proceedings. As discussed above,

13  the concepts are included within the scope of the original complaint and there is no

14  work that would have to be repeated if leave is granted. The matter could proceed

15  to trial according to its present schedule, without delay of any kind.

16  D. No Futility

17  It is proper to deny amendment if the proposed pleading discloses some

18  defect rendering the proposed amendment futile. No such futility appears from the

19  Plaintiff's proposed Second Amended Complaint. As to each cause of action, the

20  requirements of law are set out clearly and expressly, and the Defendant's conduct

21  alleged to violate that law is clearly and expressly stated. The Defendant may

22  dispute the facts alleged, but there is no dispute that the facts alleged constitute the

23  elements of the proposed causes of action.

24

25  **IV. CONCLUSION**

26  For all the reasons above-stated, the Court should exercise its discretion to

27  grant leave to the Plaintiff to file his attached, proposed Second Amended

28  Complaint. The amendment is in good faith and is not futile as it properly states the

full range of the Plaintiff's claims and theories. It threatens no prejudice or delay because the newly identified violations generally occur under the facts of the original complaint. The effect of the proposed amendment is to permit the Plaintiff to give the best and most complete exposition of his claims in the interest of justice, and to give this Court the widest range of available tools for addressing the Defendant's conduct.

Dated:      July 29, 2008                    MORRIS AND ASSOCIATES


                                   By:   STEPHEN B. MORRIS
                                         Attorneys for Plaintiffs


Additional Counsel:

**UNITED EMPLOYEES LAW GROUP**
Walter Haines, Esq. (CSB #71075)
65 Pine Ave, #312
Long Beach, California 90802
Telephone:(877) 696-8378
Facsimile: (562) 256-1006

# ATTACHMENT 1

1  Stephen B. Morris (SBN 126192)
   Mark C. Hinkley (SBN 138759)
2  **MORRIS and ASSOCIATES**
   444 West C Street, Suite 300
3  San Diego, California  92101
   Tel:  (619) 239-1300
4  Fax:  (619) 234-3672
   morris@sandiegolegal.com
5
   **Walter Haines (SBN 71075)**
6  **UNITED EMPLOYEES' LAW GROUP, P.C.**
   **65 Pine Avenue, #312**
7  **Long Beach, CA  90802**
   **Tel:  (877) 696-8378**
8
   Attorneys for Plaintiffs, Terry Jackson, et
9  al.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12  TERRY JACKSON, an  individual, on      )   CASE NO.        C08-00054 RS
    behalf of himself, and on behalf of all  )
13  persons similarly situated,             )   **SECOND AMENDED**
                                            )   **COMPLAINT FOR DAMAGES**
14          Plaintiff,                      )   **AND RELIEF**
                                            )
15  vs.                                     )   **1. FAIR LABOR STANDARDS**
                                            )   **ACT CLAIM**
16  RAYTHEON COMPANY, a Delaware            )
    corporation conducting business in the  )   **2. FAILURE TO PAY OVERTIME**
17  State of California, and Does 1 to 100.  )   **COMPENSATION**
                                            )   [Cal. Lab. Code §§510, 515, 1194,
18          Defendants.                     )   1198]
                                            )
19                                          )   **3. FAILURE TO PROVIDE MEAL**
                                            )   **AND REST PERIODS**
20                                          )   [Cal. Lab.Code §§226.7, 512]
                                            )
21                                          )   **4. FAILURE TO PROVIDE**
                                            )   **WAGES WHEN DUE**
22                                          )   [Cal. Lab.Code §§201-203];
                                            )
23                                          )   **5. FAILURE TO COMPLY WITH**
                                            )   **ITEMIZED EMPLOYEE WAGE**
24                                          )   **STATEMENT PROVISIONS**
                                            )   [Cal. Lab. Code §226(a)]; and
25                                          )
                                            )   **6. UNFAIR COMPETITION**
26                                          )   [Cal. Bus. & Prof. Code §17200, *et*
                                            )   *seq.*]
27  _____          )   **CLASS ACTION**
                                            )
28                                              **DEMAND FOR A JURY TRIAL**

This class action is brought on behalf of present and former Local Network Administrators and Network Operations Leads employed in the United States by Defendant RAYTHEON COMPANY (hereinafter "RAYTHEON"). All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein, TERRY JACKSON, (hereinafter "PLAINTIFF"), and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## PRELIMINARY STATEMENT

1. This is an action for unpaid minimum wages, overtime, and damages brought by Plaintiff on behalf of himself and other similarly situated Local Network Administrators and Network Operations Leads who were employed by Defendant in the United States.

2. Plaintiff alleges that the wage violations at issue arose out of a policy and practice of Defendant applicable to other, similarly situated workers. Plaintiff seeks money damages to redress these violations of law.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce).

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Venue is proper in this Court because the injuries to the persons complained of herein occurred in the County of Santa Clara, California.

1

2                          **PARTIES**

3      5.      Plaintiff TERRY JACKSON ("PLAINTIFF") alleges that at all

4  material times  mentioned herein, he is and was:

5              (a)     An  individual who currently resides in the State of California;

6              (b)     Employed both as a  Local Network Administrator and Network

7                      Operations Lead for Defendant RAYTHEON;

8              (c)     Who worked more than eight (8) hours in any given day and

9                      more than forty (40) hours in any given week;

10             (d)     Did not receive all of his overtime compensation; and

11             (e)     Was a member of the CLASS as defined in this Complaint.

12     6.      PLAINTIFF is informed and believes, and alleges upon information

13  and belief, that Defendant RAYTHEON COMPANY ("RAYTHEON"), at all times

14  during the Class Period was:

15             (a)     A defense and aerospace systems supplier with its principal

16                     place of business in the State of Massachusetts and conducting

17                     business throughout the United States and in the County of Santa

18                     Clara in the State of California;

19             (b)     The former employer of PLAINTIFF and the current and/or

20                     former employer of the putative CLASS members; and

21             (c)     Failed to pay all overtime compensation to all members of the

22                     CLASS.

23     7.      Plaintiff JACKSON seeks to bring his claims on behalf of "all Local

24  Network Administrators and Network Operations Leads employed in the United

25  States by Defendant during the Claims Period" and will further represent any such

26  individuals who have additional timely claims arising from employment with

27  RAYTHEON.

28

## REPRESENTATIVE CLASS ALLEGATIONS

8. This Complaint is brought, in part, as a Representative Action as authorized by the Federal Fair Labor Standards Act (FLSA) at 29 U.S.C. Sec. 216(b). Plaintiff will seek prompt discovery in order to permit other potential representative class members to opt-in to this action as provided therein.

9. It is the position of counsel for the Plaintiffs that this action is not subject to the requirements and Procedures of Fed.R.Civ.P. 23.

10. The class is so numerous that joinder of all members is impractible.

11. Plaintiff is an adequate representative of the proposed representative CLASS hereunder, because:

    (a) His claims are typical of those of other persons in the represented CLASS;

    (b) He is represented by competent counsel with experience in related litigation; and

    (c) Defendant acted on grounds common to all members of the represented CLASS.

12. Alleged questions common to the CLASS are set forth in detail below.

13. Alleged questions of law arise primarily from Defendant's obligations under the Federal Fair Labor Standards Act. Those questions are common to all the FLSA claims.

14. There is little need for individual represented CLASS members to individually control their claims as the issues are common to all persons and primarily involve common issues of law.

15. Counsel is unaware, after inquiry, of any pending litigation involving this issue with Defendant.

16. This forum is an appropriate forum for concentration of FLSA litigation of claims involving the Defendant as the practice of denying overtime benefits was carried out in this forum and caused injury in this district.

17.    No serious difficulties are anticipated in the administration of this matter as a representative action if Defendant promptly cooperates in the provision of information necessary to communicate with potential represented class members.

## FACTS

18.    At all times relevant herein, Defendant was an enterprise engaged in commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

19.    PLAINTIFF alleges he was hired by RAYTHEON in 2000 as a Local Network Administrator. In 2004, Plaintiff was promoted to the position of Network Operations Lead.  He was properly classified as non-exempt.

20.    Defendant RAYTHEON properly classified PLAINTIFF, and other members of the CLASS, as "non-exempt."  However, the PLAINTIFF, and the other members of the CLASS, were not paid overtime wages for all the hours worked in excess of eight hours per day and/or forty hours per week.

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT CLAIM
#### (By the CLASS and Against all Defendants)

21.    Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

22.    Defendant violated the Fair Labor Standards Act, 29 U.S.C. §207 and the rights of Plaintiff JACKSON, and other similarly situated Local Network Administrators and Network Operation Leads, for which Plaintiff JACKSON and other similarly situated workers are entitled to relief pursuant to 29 U.S.C. § 216(b).  The actions of the Defendant violated provisions as to the overtime requirements of the FLSA.

## SECOND CAUSE OF ACTION

**FOR FAILURE TO PAY OVERTIME COMPENSATION**
**[Cal. Lab. Code §§510, 515.5, 1194 and 1198]**
**(By the CLASS and Against all Defendants)**

23.     Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

24.     Cal. Lab. Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

25.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorneys fees. Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

26.     At all times relevant hereto, from time to time, the PLAINTIFF, and the other members of the CLASS, have worked more than eight hours in a workday, and/or more than forty hours in a work week.

27.     At all times relevant hereto, Defendant RAYTHEON failed to pay PLAINTIFF, and the other members of the CLASS, overtime compensation for all the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198. In fact, PLAINTIFF, and the other members of the CLASS, were regularly required to work overtime hours.

28.     By virtue of RAYTHEON'S unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CLASS, for all their overtime hours, the PLAINTIFF, and the other members of the CLASS, have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

29.    PLAINTIFF, and the other members of the CLASS, are informed and believe, and based upon that information and belief allege, that RAYTHEON knew or should have known that PLAINTIFF, and the other members of the CLASS, were not be paid for all of their overtime labor.

30.    PLAINTIFF, and the other members of the CLASS, request recovery of overtime compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code §§ 218.5 and 1194(a), as well as the assessment of any statutory penalties against Defendant RAYTHEON, in a sum as provided by the Cal. Lab. Code and/or other statutes. Further, PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

## THIRD CAUSE OF ACTION

**[For Failure To Provide Meal Periods And Rest Periods
Cal. Lab. Code §§ 226.7 and 512]
(By the CLASS and Against All Defendants)**

31.    PLAINTIFF, and the other members of the CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 35 of this Complaint.

32.    Cal. Lab. Code §§ 226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

33.    Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each five (5) hours of work that the meal period is not provided.

34.    RAYTHEON has intentionally and improperly denied meal periods to PLAINTIFF, and other members of the CLASS, in violation of Cal. Lab. Code §§226.7 and 512.

35.    At all times relevant hereto, PLAINTIFF, and other members of the CLASS, have worked more than five hours in a workday. At all relevant times hereto, RAYTHEON has failed to  provide meal periods as required by Cal. Lab. Code §§ 226.7 and 512.

36.    Cal. Lab. Code § 226.7 provides that employers shall authorize and permit employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work.

37.    Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (I) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

38.    RAYTHEON has intentionally and improperly denied rest periods to PLAINTIFF, and other members of the CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.

39.    At all times relevant hereto, the PLAINTIFF, and other members of the CLASS, have worked more than four hours in a workday.  At all times relevant hereto, RAYTHEON failed to provide rest periods as required by Cal. Lab. Code §§ 226.7 and 512.

40.    By virtue of RAYTHEON'S' unlawful failure to provide rest periods to them, PLAINTIFF, and other members of the CLASS, have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

41.    PLAINTIFF, and the other members of the CLASS, are informed and believe, and based upon that information and belief allege, that RAYTHEON knows or should have known that the PLAINTIFF, and the other members of the CLASS, were entitled to meal periods and rest periods but purposely elected not to provide these mandated periods.

42.    PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 226.7 and 512.

## FOURTH CAUSE OF ACTION

**For Failure to Pay Wages When Due**
**[Cal. Lab. Code § 203]**
**(By the CLASS and Against All DEFENDANTS)**

43.    Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

44.    Cal. Lab. Code § 200 provides that:

As used in this article:

(a)    "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

(b)    "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

45.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-

hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

46.   Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

47.   Many of the CLASS member's employment has been terminated and DEFENDANT has not tendered restitution of wages owed.

48.   Therefore, as provided by Cal. Lab. Code § 203, on behalf of himself and the members of the CLASS, PLAINTIFF demands thirty (30) days of pay as penalty for not paying all wages due at the time of termination for all employees whose employment terminated during the CLASS PERIOD and demand an accounting and payment of all wages due, plus interest, as provided by Cal. Lab. Code § 218.6 plus attorneys fees and interest as allowed by law.

## FIFTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Statements
**[Cal. Lab. Code § 226]**
**(By the CLASS and against All Defendants)**

49.   Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

50.   Cal. Lab. Code § 226 provides that an employer must furnish

employees with an "accurate itemized statement in writing showing:

(1)    gross wages earned,

(2)    total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3)    the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4)    all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5)    net wages earned,

(6)    the inclusive dates of the period for which the employee is paid,

(7)    the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8)    the name and address of the legal entity that is the employer, and

(9)    all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

51.    At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226, in that DEFENDANT failed to properly and accurately itemize the number of hours worked by PLAINTIFF, and the other members of the CLASS at the effective regular rates of pay and the effective overtime rates of pay.

52.    DEFENDANT knowingly and intentionally failed to comply with Cal.

1  Lab. Code § 226, causing damages to PLAINTIFF, and the other members of the

2  CLASS. These damages include, but are not limited to, costs expended calculating

3  the true hours worked and the amount of employment taxes which were not

4  properly paid to state and federal tax authorities. These damages are difficult to

5  estimate. Therefore, PLAINTIFF, and the other members of the CLASS seek to

6  recover liquidated damages of $50.00 for the initial pay period in which the

7  violation occurred, and $100.00 for each violation in subsequent pay period

8  pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of

9  trial (but in no event more than $4,000.00 for PLAINTIFF and each respective

10  member of the CLASS herein) plus reasonable attorney's fees and costs pursuant to

11  Cal. Lab. Code § 226(g).

12

13  ### SIXTH CAUSE OF ACTION

14  **For Unlawful Business Practices**
**[Cal. Bus. And Prof. Code §§ 17200 et seq.]**

15  **(By the CLASS and against All Defendants)**

16  53.    Plaintiff incorporates by reference the preceding allegations of this

17  Complaint as though set forth here in their entirety.

18  54.    RAYTHEON is a "person" as that term is defined under Cal. Bus. and

19  Prof. Code §17201.

20  55.    Cal. Bus. and Prof. Code § 17200 defines unfair competition as any

21  unlawful, unfair, or fraudulent business act or practice.

22  56.    At all times relevant hereto, by and through the conduct described

23  herein, RAYTHEON has engaged in unfair and unlawful practices by failing to pay

24  PLAINTIFF, and the other members of the CLASS, overtime compensation, and

25  has failed to provide meal and rest breaks, pursuant to the applicable Cal.. Lab.

26  Code, and Industrial Welfare Commission requirements in violation of Cal. Bus.

27  and Prof. Code § 17200 et seq., and has thereby deprived PLAINTIFF, and the

28  other members of the CLASS, of fundamental rights and privileges.

57.    By and through the unfair and unlawful business practices' described herein, RAYTHEON has obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

58.    All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200 et seq.

59.    PLAINTIFF, and the other members of the CLASS, are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendant RAYTHEON has acquired, or of which PLAINTIFF, and other members of the CLASS, have been deprived, by means of the above described unfair and unlawful business practices.

60.    PLAINTIFF, and the other members of the CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and that an injunctive relief should be issued restraining RAYTHEON from engaging in any of the above described unfair and unlawful business practices in the future.

61.    PLAINTIFF, and the other members of the CLASS, have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of RAYTHEON. As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CLASS, have suffered and will continue to suffer irreparable harm unless RAYTHEON is restrained from continuing to engage in these unfair and unlawful business practices. In addition, RAYTHEON should be required to disgorge the unpaid moneys to PLAINTIFF, and the other members of the CLASS.

1

2                              **PRAYER FOR RELIEF**

3          WHEREFORE, PLAINTIFFS pray for judgment against each Defendant,

4    jointly and severally, as follows:

5

6                          **ON FIRST CAUSE OF ACTION**

7          1.     Certify this as a FLSA representative action on behalf of "all Local

8                 Network Administrators and Network Operations Leads employed by

9                 Defendant in the United States during the claim period."

10         2.     Grant judgment in favor of PLAINTIFF and all similarly situated

11                workers awarding them their unpaid regular wages and overtime, and

12                an equal amount of liquidated damages.

13         3.     Award PLAINTIFFS their costs of court and reasonable attorney's fees

14                pursuant to the Fair Labor Standards Act.

15

16                         **ON SECOND CAUSE OF ACTION**

17         1.     For compensatory damages, including lost wages, commissions,

18                bonuses, and other losses, during the period commencing on the date

19                that is within four years prior to the filing of this Complaint according

20                to proof;

21         2.     For general damages, according to proof;

22         3.     For an award of interest, including prejudgment interest at the legal

23    rate;

24         4.     For statutory damages, including reasonable attorneys' fees and cost of

25    suit.

26

27                          **ON THIRD CAUSE OF ACTION**

28         1.     One hour of pay for each workday in which a rest period was not

1    provided for each four hours of work during the period commencing on

2    the date that is within four years prior to the filing of this Complaint,

3    provided, however, that if the Supreme Court in the Kenneth Cole

4    Productions case, S140308, determines that Labor Code 226.7 is

5    subject to a one year limitations period, then PLAINTIFFS seek

6    penalties for the year preceding filing of the complaint and until the

7    class is certified;

8    2.    One hour of pay for each five (5) hours of work in which a meal period

9    was not provided;

10   3.    For attorneys' fees and costs.

11

12                    **ON FOURTH CAUSE OF ACTION**

13   1.    For thirty days of pay as a penalty for not paying all wages due at the

14   time of termination of employment for Plaintiff and members of the

15   CLASS whose employment terminated within three years of the filing

16   of the complaint until the date of entry of judgment as provided for by

17   Cal. Lab. Code §§ 201 -203;

18   2.    For attorneys' fees and costs.

19

20                     **ON FIFTH CAUSE OF ACTION**

21   1.    For liquidated damages of $50.00 for the initial pay period in which the

22   violation occurred, and $100.00 for each violation in subsequent pay

23   periods pursuant to Cal. Lab. Code § 226 (but in no event more than

24   $4,000.00 for PLAINTIFF and each respective member of the CLASS

25   herein);

26   2.    For attorney's fees and costs.

27

28

## ON SIXTH CAUSE OF ACTION

1. For restitution and/or restitutionary disgorgement;

2. For injunctive relief ordering the continuing unfair business acts and practices to cease, or as the Court otherwise deems just and proper;

3. For other injunctive relief ordering RAYTHEON to notify the CLASS that they have not been paid the proper amounts required in accordance with California law.

## ON ALL CAUSES OF ACTION

1. For such other and further relief as the Court deems just and proper.


Dated:    July 29, 2008                    MORRIS AND ASSOCIATES


                                  By:    _____
                                         STEPHEN B. MORRIS
                                         Attorneys for Class Plaintiffs

1 | **DEMAND FOR JURY TRIAL**

2 | PLAINTIFF demands jury trial on all issues triable to a jury.

3

4 | Dated:     July 29, 2008                    MORRIS AND ASSOCIATES

5

6 |                                            By:   _____
                                                    STEPHEN B. MORRIS
7 |                                                  Attorneys for Class Plaintiffs

8 | Additional Counsel:

9 | **UNITED EMPLOYEES LAW GROUP**
     Walter Haines, Esq. (SBN #71075)
10 | 65 Pine Ave, #312
     Long Beach, California 90802
11 | Telephone:(877) 696-8378
     Facsimile: (562) 256-1006

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28