PAUL GROSSMAN (SB# 035959) paulgrossman@paulhastings.com
LESLIE L. ABBOTT (SB# 155597) leslieabbott@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
RAYTHEON COMPANY

STEPHEN B. MORRIS (SB# 126192) morris@sandiegolegal.com
MARK C. HINKLEY (SB# 138759)
MORRIS AND ASSOCIATES
444 West C Street, Suite 300
San Diego, California 92101
Tel:   (619) 239-1300
Fax:   (619) 234-3672

WALTER HAINES (SB# 71075)
UNITED EMPLOYEES' LAW GROUP, P.C.
65 Pine Avenue, #312
Long Beach, CA 90802
Tel:   (877) 696-8378

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY JACKSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RAYTHEON COMPANY, a Delaware corporation conducting business in the State of California, and Does 1 to 100,<br><br>Defendant. | CASE NO. CASE NO. C08 00054 (RMW)<br><br>**JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT**<br><br><u>**CLASS ACTION**</u><br><br>DATE:   AUGUST 18, 2008<br>TIME:   10:30 A.M.<br>DEPT:   6<br>JUDGE: HON. RONALD M. WHYTE |

1   PURSUANT TO FEDERAL RULE-OF CIVIL PROCEDURE 26(f) AND CIVIL LOCAL RULE 16-9, Plaintiff Terry Jackson ("Plaintiff") and Defendant Raytheon Company ("Raytheon"), by and through their respective counsel, submit this joint report. Participating in the meeting of counsel were: Stephen B. Morris of Morris and Associates (on behalf of Plaintiff), and Leslie L. Abbott of Paul, Hastings, Janofsky & Walker (on behalf of Raytheon).

The parties jointly request that the Case Management Conference be continued to September 19, 2008, the same date as the hearing on Plaintiff's Motion for Leave to File Second Amended Complaint. The parties further submit the following updated information since the last Case Management Conference.

### 1. Jurisdiction and Service

This is a putative wage and hour class and collective brought pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. ("FLSA"), California Labor Code sections 201-203, 226, 226.7, 510, 512, 515.5, 1194 and 1198, California Wage Order 4-2001, 8 C.C.R. section 11040 ("Wage Order 4"), and the California Business & Professions Code section 17200 ("Section 17200"). The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. There is no issue at this time regarding personal jurisdiction or venue. No parties remain to be served.

### 2. Facts

Plaintiff has sued Raytheon, alleging six causes of action:

1. Violation of the overtime requirements of the Fair Labor Standards Act;
2. Violation of California Labor Code requirements for overtime;
3. Violation of California Labor Code requirements for meal and rest periods;
4. Violation of California Labor Code requirements for payment of wages at termination;
5. Violation of California Labor Code requirements for itemized statements;
6. Unlawful business practices.

Plaintiff has initially pled that he and other "Local Network Administrators" and "Network Operations Leads" were misclassified as exempt, and were thus denied overtime pay and did not receive meal and rest periods. This is incorrect. Plaintiff now seeks leave to amend his complaint to properly allege that he was correctly classified but did not receive all overtime due.

Raytheon strongly opposes Plaintiff's motion to amend his complaint from a nationwide exempt misclassification case to a nationwide non-exempt off-the-clock case. Raytheon further denies that Plaintiff was not paid overtime as he now alleges.

### 3. Legal issues

Plaintiff's position is that there are no unusual issues pertinent to this case. The matter presents the typical wage and hour issues. Raytheon's position is that there are no "typical" wage and class action cases and that Plaintiff, who received overtime pay during his employment, cannot represent a purported nationwide class of non-exempt employees with respect to overtime claims.

### 4. Motions

A motion to amend the complaint will be heard on September 19, 2008. Raytheon has requested Plaintiff to dismiss the case in its entirety. If the case is not dismissed, Plaintiff will file a motion for class certification; Raytheon anticipates that it will file a motion for summary judgment and that it will oppose class certification and/or file a motion to dismiss the purported class claims.

### 5. Amendment of Pleadings

Plaintiff filed a motion to amend the complaint on July 29, 2008.

### 6. Evidence Preservation

Raytheon is preserving relevant documents to the extent they are available.

7. **Pre-discovery disclosures**

On April 14, 2008, the parties conducted their FRCP Rule 26(f) conference as applied to Plaintiff's original complaint. The parties agreed to exchange their initial disclosures pursuant to FRCP Rule 26(a) on April 18, 2008. Raytheon made its initial disclosures; Plaintiff did not. If the Court grants Plaintiff's Motion to File a Second Amended Complaint, Raytheon will supplement its initial disclosures.

**Insurance Agreements:** N/A

8. **Discovery**

Discovery depends on the outcome of Plaintiff's Motion for Leave to File Second Amended Complaint. If granted, initially, Plaintiff will take the deposition of the Person Most Knowlegeable regarding overtime procedures at Raytheon and Raytheon will take Plaintiff's deposition.

9. **Class Action**

Plaintiff asserts that this action will meet the criteria for certification. Defendant denies that this action is suitable for class treatment.

10. **Related Cases**

The parties are not aware of related cases at this time.

11. **Relief**

Plaintiff alleges that he has suffered lost wages and that he is entitled to penalties, liquidated damages, and premium pay for missed rest periods. Plaintiff asserts that he has no estimate of the amounts of these alleged damages at this time. Raytheon disputes that Plaintiff or the putative class has suffered any damages at all. Raytheon seeks dismissal of this case.

12. **Settlement and ADR**

The parties have not stipulated to ADR. The parties anticipate that both sides will need to take discovery before they can determine wether ADR processes would be productive.

13. **Magistrate Judge**

The parties do not wish to have a magistrate judge preside over this matter.

14. **Other References**

The parties do not believe this case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multi district Litigation.

15. **Narrowing of Issues**

As noted above, the primary issue in dispute is whether a putative class exists and whether plaintiff already has been paid all overtime due to him.

16. **Expedited Schedule**

At this stage, the parties do not have issues to present to the Court for resolution other than Plaintiff's Motion for Leave scheduled for September 19, 2008. However, the parties would benefit from an expedited procedure for the resolution of discovery disputes that may arise.

17. **Scheduling**

The parties agree that they shall serve and the final lists of witnesses and exhibits pursuant to Federal Rule of Civil Procedure 26(a)(3), unless indicated otherwise by the Court's Order. The parties further agree that any objections to these lists shall be made in accordance with Federal Rule of Civil Procedure.

18. **Time Required for Trial**

The parties believe that it is premature to assess the time needed for trial given the basic

factual inquiries currently under review by the parties.

19. **Disclosure of Non-party Interested Entities or Persons**

Pursuant to Civil Local Rule 3-16, Raytheon filed a disclosure of non-party interested entities or persons on April 11, 2008.

DATED: August 1, 2008

PAUL GROSSMAN
LESLIE L. ABBOTT
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
          Leslie L. Abbott

Attorneys for Defendant
RAYTHEON COMPANY

STEPHEN MORRIS
MORRIS AND ASSOCIATES

By: _____
          Stephen Morris

Attorneys for Plaintiff
TERRY JACKSON

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071-2228. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 1, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT**

in a sealed envelope, postage fully paid, addressed as follows:

Stephen B. Morris
Mark C. Hinkley
MORRIS and ASSOCIATES
444 West C Street, Suite 300
San Diego, CA 92101
Tel.: (619) 239-1300
Fax: (619) 234-3672

Walter Haines
UNITED EMPLOYEES LAW GROUP, P.C.
65 Pine Avenue, #312
Long Beach, CA 90802
Tel.: (877) 696-8378

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 1, 2008, at Los Angeles, California.

*Irma Gamino* (signature)
Irma Gamino

LEGAL_US_W # 58485908.3

PROOF OF SERVICE – C08-00054 (RMW)