# EXHIBIT A

1  Stephen B. Morris (SBN 126192)
   Mark C. Hinkley (SBN 138759)
2  **MORRIS and ASSOCIATES**
   444 West C Street, Suite 300
3  San Diego, California 92101
   Tel:  (619) 239-1300
4  Fax:  (619) 234-3672
   morris@sandiegolegal.com
5
   **Walter Haines (SBN 71075)**
6  **UNITED EMPLOYEES' LAW GROUP, P.C.**
   65 Pine Avenue, #312
7  Long Beach, CA  90802
   Tel:  (877) 696-8378
8
   Attorneys for Plaintiffs, Terry Jackson, et al.
9

10

11

12

13                    UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                        C08    00054    RS

16  TERRY JACKSON, an individual, on behalf       CASE NO.
    of himself, and on behalf of all persons similarly
17  situated,                                      **ORIGINAL COMPLAINT AND**
                                                    **REPRESENTATIVE CLASS ACTION**
18        Plaintiff,                                **FOR DAMAGES FOR FAILURE TO**
                                                    **PAY OVERTIME COMPENSATION**
19  vs.
                                                    **CLASS ACTION**
20  RAYTHEON COMPANY, a Delaware
    corporation conducting business in the State of **DEMAND FOR A JURY TRIAL**
21  California, and Does 1 to 100.

22        Defendants.

23

24        This class action is brought on behalf of present and former Local Network Administrators

25  and Network Operations Leads employed in the United States by Defendant RAYTHEON

26  COMPANY (hereinafter "RAYTHEON"). All allegations in this Complaint are based upon

27  information and belief except for those allegations which pertain to the Plaintiff named herein,

28  TERRY JACKSON, (hereinafter "PLAINTIFF"), and his counsel. Each allegation in this

Jackson v. Raytheon                    1                           Complaint

1   Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable

2   opportunity for further investigation and discovery.

3

4                                   **PRELIMINARY STATEMENT**

5

6       1.      This is an action for unpaid minimum wages, overtime, and damages brought by

7   Plaintiff on behalf of himself and other similarly situated  Local Network Administrators and

8   Network Operations Leads who were employed by Defendant in the United States.

9       2.      Plaintiff alleges that the wage violations at issue arose out of a policy and practice of

10  Defendant applicable to other, similarly situated workers. Plaintiff seeks money damages to redress

11  these violations of law.

12

13                                         **JURISDICTION**

14

15      3.      This Court has jurisdiction over the subject matter of this action pursuant to 29

16  U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1331 (federal question jurisdiction), and

17  28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce).

18

19                                            **VENUE**

20

21      4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Venue is proper in

22  this Court because the injuries to the persons complained of herein occurred in the County of Santa

23  Clara, California.

24

25                                            **PARTIES**

26

27      5.      Plaintiff TERRY JACKSON ("PLAINTIFF") alleges that at all material times

28  mentioned herein, he is and was:

---

Jackson v. Raytheon                          2                                    Complaint

1     (a)    An individual who currently resides in the State of California;

2     (b)    Employed both as a Local Network Administrator and Network Operations Lead

3            for Defendant RAYTHEON;

4     (c)    Who worked more than eight (8) hours in any given day and more than forty (40)

5            hours in any given week;

6     (d)    Did not receive overtime compensation; and

7     (e)    Was a member of the CLASS as defined in this Complaint.

8     6.    PLAINTIFF is informed and believes, and alleges upon information and belief, that

9  Defendant RAYTHEON COMPANY ("RAYTHEON"), at all times during the Class Period was:

10    (a)    A defense and aerospace systems supplier with its principal place of business in the

11          State of Massachusetts and conducting business throughout the United States and in

12          the County of Santa Clara in the State of California;

13    (b)    The former employer of PLAINTIFF and the current and/or former employer of the

14          putative CLASS members; and

15    (c)    Failed to pay overtime compensation to all members of the CLASS.

16    7.    Plaintiff JACKSON seeks to bring his claims on behalf of "all Local Network

17  Administrators and Network Operations Leads employed in the United States by Defendant during

18  the Claims Period" and will further represent any such individuals who have additional timely

19  claims arising from employment with RAYTHEON.

20

## REPRESENTATIVE CLASS ALLEGATIONS

22

23    8.    This Complaint is brought, in part, as a Representative Action as authorized by the

24  Federal Fair Labor Standards Act (FLSA) at 29 U.S.C. Sec. 216(b). Plaintiff will seek prompt

25  discovery in order to permit other potential representative class members to opt-in to this action as

26  provided therein.

27    9.    It is the position of counsel for the Plaintiffs that this action is not subject to the

28  requirements and Procedures of Fed.R.Civ.P. 23.

Jackson v. Raytheon          3          Complaint

10.     The class is so numerous that joinder of all members is impracticble.

11.     Plaintiff is an adequate representative of the proposed representative CLASS hereunder, because:

(a)     His claims are typical of those of other persons in the represented CLASS;

(b)     He is represented by competent counsel with experience in related litigation; and

(c)     Defendant acted on grounds common to all members of the represented CLASS.

12.     Alleged questions common to the CLASS are set forth in detail below.

13.     Alleged questions of law arise primarily from Defendant's obligations under the Federal Fair Labor Standards Act. Those questions are common to all the FLSA claims.

14.     There is little need for individual represented CLASS members to individually control their claims as the issues are common to all persons and primarily involve common issues of law.

15.     Counsel is unaware, after inquiry, of any pending litigation involving this issue with Defendant.

16.     This forum is an appropriate forum for concentration of FLSA litigation of claims involving the Defendant as the practice of denying overtime benefits was carried out in this forum and caused injury in this district.

17.     No serious difficulties are anticipated in the administration of this matter as a representative action if Defendant promptly cooperates in the provision of information necessary to communicate with potential represented class members.

**FACTS**

18.     At all times relevant herein, Defendant was an enterprise engaged in commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

19.     PLAINTIFF alleges he was hired by RAYTHEON in 2000 as a Local Network Administrator. In 2004, Plaintiff was promoted to the position of Network Operations Lead. Although classified as an exempt manager, the Plaintiff's job responsibilities as a Local Network

---

Jackson v. Raytheon                                     4                                     Complaint

1   Operations Lead required him to pull cable, terminate stations and work from home doing DNS

2   support. As a Network Operations Lead, he was required to do inspections and work along side

3   the people under him having the same duties.

4        20.    Defendant RAYTHEON improperly classified PLAINTIFF, and other members of

5   the CLASS, as "exempt." Consequently, the PLAINTIFF, and the other members of the CLASS,

6   were not paid overtime wages for hours worked in excess of eight hours per day and/or forty

7   hours per week.  Although classified as exempt, the duties of PLAINTIFF, and other members of

8   the CLASS, do not meet the requirements for exemption from overtime compensation.

9        21.    Throughout the Class Period, RAYTHEON systematically misclassified PLAINTIFF

10  and every other Local Network Administrator and Network Operation Leads who are members of

11  the CLASS as "exempt," when in fact they are not.

12       22.    Accordingly, and despite the fact that PLAINTIFF, and the other members of the

13  CLASS, regularly worked in excess of 8 hours a day and 40 hours per week, they did not receive

14  overtime compensation in violation of the Federal Fair Labor Standards Act (FLSA) and state law

15  overtime requirements for all hours worked in excess of 40 hours per week. The failure to provide

16  such overtime payment to PLAINTIFF deprived him of rights protected under the FLSA and Cal.

17  Lab. Code and Industrial Welfare Commission.

18

19                          **FIRST CAUSE OF ACTION**

20                      **FAIR LABOR STANDARDS ACT CLAIM**
                        **(By the CLASS and Against all Defendants)**

21

22       23.    Plaintiff incorporates by reference the preceding allegations of this Complaint as

    though set forth here in their entirety.

23

24       24.    Defendant violated the Fair Labor Standards Act, 29 U.S.C. §207 and the rights of

25  Plaintiff JACKSON, and other similarly situated Local Network Administrators and Network

26  Operation Leads, for which Plaintiff JACKSON and other similarly situated workers are entitled to

27  relief pursuant to 29 U.S.C. § 216(b).  The actions of the Defendant violated provisions as to the

    overtime requirements of the FLSA.

28

## SECOND CAUSE OF ACTION

### FOR FAILURE TO PAY OVERTIME COMPENSATION
[Cal. Lab. Code §§510, 515.5, 1194 and 1198]
(By the CLASS and Against all Defendants)

25.    Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

26.    Cal. Lab. Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

27.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorneys fees. Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

28.    RAYTHEON has intentionally and improperly designated certain employees, including PLAINTIFF, and other members of the CLASS, as "exempt" employees to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

29.    In particular, the Industrial Welfare Commission Wage Order No.4 sets forth the requirements which must be complied with to place an employee in an exempt category. For an employee to be exempt as a bona fide "executive," all the following criteria must be met:

(a)    Whose duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof; and

(b)    Who customarily and regularly directs the work of two or more other employees therein; and

(c)    Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and

(d)    Who customarily and regularly exercises discretion and independent judgment; and

Jackson v. Raytheon                6                Complaint

(e)   Who is primarily engaged in duties which meet the test of the exemption. The activities constituting exempt work and non-exempt work shall be construed in the same manner as such items are construed in the following regulations under the Fair Labor Standards Act effective as of the date of this order: 29 C.F.R. Sections 541.102, 541.104-111, and 541.115-16. Exempt work shall include, for example, all work that is directly and closely related to exempt work and work which is properly viewed as a means for carrying out exempt functions. The work actually performed by the employee during the course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job, shall be considered in determining whether the employee satisfies this requirement; and

(f)   Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. Full-time employment is defined in Labor Code Section 515(c) as 40 hours per week.

30.   The job duties of PLAINTIFF, and other members of the CLASS, do not fit the definition of either an exempt executive, administrative, or professional employee because:

(a)   Less than fifty percent (50%) of their work hours are spent on managerial or administrative (exempt) duties;

(b)   More than fifty percent (50%) of their work hours are spent performing non exempt duties, including but not limited to pulling cable, terminating stations and doing inspections;

(c)   They do not have discretion or independent judgment;

(d)   They do not have the authority to hire and fire other personnel; and

(e)   None of the exemptions articulated in Wage Order No.4, nor do the exemptions articulated in Cal. Lab. Code §515, apply to the PLAINTIFF, or to the other members of the CLASS.

31.   At all times relevant hereto, from time to time, the PLAINTIFF, and the other members of the CLASS, have worked more than eight hours in a workday, and/or more than forty

1    hours in a work week.

2        32.    At all times relevant hereto, Defendant RAYTHEON failed to pay PLAINTIFF, and

3    the other members of the CLASS, overtime compensation for the hours they have worked in

4    excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198.

5    In fact, PLAINTIFF, and the other members of the CLASS, were regularly required to work

6    overtime hours.

7        33.    By virtue of RAYTHEON'S unlawful failure to pay additional compensation to the

8    PLAINTIFF, and the other members of the CLASS, for their overtime hours, the PLAINTIFF, and

9    the other members of the CLASS, have suffered, and will continue to suffer, damages in amounts

10   which are presently unknown to them but which exceed the jurisdictional limits of this Court and

11   which will be ascertained according to proof at trial.

12       34.    PLAINTIFF, and the other members of the CLASS, are informed and believe, and

13   based upon that information and belief allege, that RAYTHEON knew or should have known that

14   PLAINTIFF, and the other members of the CLASS, did not qualify as exempt employees and

15   purposely elected not to pay them for their overtime labor.

16       35.    PLAINTIFF, and the other members of the CLASS, request recovery of overtime

17   compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code §§

18   218.5 and 1194(a), as well as the assessment of any statutory penalties against Defendant

19   RAYTHEON, in a sum as provided by the Cal. Lab. Code and/or other statutes. Further,

20   PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover reasonable

21   attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

22

23                          **PRAYER FOR RELIEF**

24       WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and

25   severally, as follows:

26                      **ON FIRST CAUSE OF ACTION**

27   1.    Certify this as a FLSA representative action on behalf of "all Local Network

28         Administrators and Network Operations Leads employed by Defendant in the United

---

Jackson v. Raytheon                    8                              Complaint

1    States during the claim period."

2    2.    Grant judgment in favor of PLAINTIFF and all similarly situated workers awarding

3          them their unpaid regular wages and overtime, and an equal amount of liquidated

4          damages.

5    3.    Award PLAINTIFFS their costs of court and reasonable attorney's fees pursuant to

6          the Fair Labor Standards Act.

7

8                              **ON SECOND CAUSE OF ACTION**

9

10   1.    For restitution and/or restitutionary disgorgement;

11   2.    For injunctive relief ordering the continuing unfair business acts and practices to

12         cease, or as the Court otherwise deems just and proper;

13   3.    For other injunctive relief ordering RAYTHEON to notify the CLASS that they

14         have not been paid the proper amounts required in accordance with California law.

15

16                              **ON ALL CAUSES OF ACTION**

17

18   1.    For such other and further relief as the Court deems just and proper.

19

20   Dated:        December 20, 2007              MORRIS AND ASSOCIATES

21

22                                               STEPHEN B. MORRIS
23                                               Attorneys for Class Plaintiffs

24

25

26

27

28

---

Jackson v. Raytheon                    9                         Complaint

1

## DEMAND FOR JURY TRIAL

2      PLAINTIFF demands jury trial on all issues triable to a jury.

3

4    Dated:        December 20, 2007              MORRIS AND ASSOCIATES

5                                                 _____
                                                  STEPHEN B. MORRIS
6                                                 Attorneys for Class Plaintiffs

7    Additional Counsel:

8    **UNITED EMPLOYEES LAW GROUP**
     Walter Haines, Esq. (SBN #71075)
9    65 Pine Ave, #312
     Long Beach, California 90802
10   Telephone:(877) 696-8378
     Facsimile: (562) 256-1006

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Jackson v. Raytheon                    10                        Complaint

# EXHIBIT B

Stephen B. Morris (SBN 126192)
Mark C. Hinkley (SBN 138759)
**MORRIS and ASSOCIATES**
444 West C Street, Suite 300
San Diego, California 92101
Tel: (619) 239-1300
Fax: (619) 234-3672
morris@sandiegolegal.com

**Walter Haines (SBN 71075)**
**UNITED EMPLOYEES' LAW GROUP, P.C.**
**65 Pine Avenue, #312**
**Long Beach, CA 90802**
**Tel: (877) 696-8378**

Attorneys for Plaintiffs, Terry Jackson, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY JACKSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>RAYTHEON COMPANY, a Delaware corporation conducting business in the State of California, and Does 1 to 100.<br><br>        Defendants. | CASE NO.   C08-00054 RS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND RELIEF**<br><br>**1. FAIR LABOR STANDARDS ACT CLAIM**<br><br>**2. FAILURE TO PAY OVERTIME COMPENSATION**<br>[Cal. Lab. Code §§510, 515, 1194, 1198]<br><br>**3. FAILURE TO PROVIDE MEAL AND REST PERIODS**<br>[Cal. Lab.Code §§226.7, 512]<br><br>**4. FAILURE TO PROVIDE WAGES WHEN DUE**<br>[Cal. Lab.Code §§201-203];<br><br>**5. FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**<br>[Cal. Lab. Code §226(a)]; and<br><br>**6. UNFAIR COMPETITION**<br>[Cal. Bus. & Prof. Code §17200, *et seq.*]<br><br>**CLASS ACTION**<br><br>**DEMAND FOR A JURY TRIAL** |

1  
2  
3  
4  
5  
6  
7  
8  
9  

    This class action is brought on behalf of present and former Local Network
Administrators and Network Operations Leads employed in the United States by
Defendant RAYTHEON COMPANY (hereinafter "RAYTHEON"). All allegations
in this Complaint are based upon information and belief except for those allegations
which pertain to the Plaintiff named herein, TERRY JACKSON, (hereinafter
"PLAINTIFF"), and his counsel. Each allegation in this Complaint either has
evidentiary support or is likely to have evidentiary support after a reasonable
opportunity for further investigation and discovery.

10  
11  

## PRELIMINARY STATEMENT

12  
13  
14  
15  
16  

    1.    This is an action for unpaid minimum wages, overtime, and damages
brought by
Plaintiff on behalf of himself and other similarly situated  Local Network
Administrators and Network Operations Leads who were employed by Defendant in
the United States.

17  
18  
19  
20  

    2.    Plaintiff alleges that the wage violations at issue arose out of a policy
and practice of Defendant applicable to other, similarly situated workers. Plaintiff
seeks money damages to redress these violations of law.

21  
22  

## JURISDICTION

23  
24  
25  
26  
27  
28  

    3.    This Court has jurisdiction over the subject matter of this action pursuant
to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1331 (federal
question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress
regulating commerce).

**VENUE**

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Venue is proper in this Court because the injuries to the persons complained of herein occurred in the County of Santa Clara, California.

**PARTIES**

5.    Plaintiff TERRY JACKSON ("PLAINTIFF") alleges that at all material times mentioned herein, he is and was:

    (a)    An individual who currently resides in the State of California;

    (b)    Employed both as a Local Network Administrator and Network Operations Lead for Defendant RAYTHEON;

    (c)    Who worked more than eight (8) hours in any given day and more than forty (40) hours in any given week;

    (d)    Did not receive overtime compensation; and

    (e)    Was a member of the CLASS as defined in this Complaint.

6.    PLAINTIFF is informed and believes, and alleges upon information and belief, that Defendant RAYTHEON COMPANY ("RAYTHEON"), at all times during the Class Period was:

    (a)    A defense and aerospace systems supplier with its principal place of business in the State of Massachusetts and conducting business throughout the United States and in the County of Santa Clara in the State of California;

    (b)    The former employer of PLAINTIFF and the current and/or former employer of the putative CLASS members; and

    (c)    Failed to pay overtime compensation to all members of the CLASS.

7.    Plaintiff JACKSON seeks to bring his claims on behalf of "all Local

1   Network Administrators and Network Operations Leads employed in the United

2   States by Defendant during the Claims Period" and will further represent any such

3   individuals who have additional timely claims arising from employment with

4   RAYTHEON.

5

6                    **REPRESENTATIVE CLASS ALLEGATIONS**

7

8          8.      This Complaint is brought, in part, as a Representative Action as

9   authorized by the Federal Fair Labor Standards Act (FLSA) at 29 U.S.C. Sec.

10  216(b). Plaintiff will seek prompt discovery in order to permit other potential

11  representative class members to opt-in to this action as provided therein.

12         9.      It is the position of counsel for the Plaintiffs that this action is not

13  subject to the requirements and Procedures of Fed.R.Civ.P. 23.

14         10.     The class is so numerous that joinder of all members is impracticble.

15         11.     Plaintiff is an adequate representative of the proposed representative

16  CLASS hereunder, because:

17         (a)     His claims are typical of those of other persons in the represented

18                 CLASS;

19         (b)     He is represented by competent counsel with experience in related

20                 litigation; and

21         (c)     Defendant acted on grounds common to all members of the represented

22                 CLASS.

23         12.     Alleged questions common to the CLASS are set forth in detail below.

24         13.     Alleged questions of law arise primarily from Defendant's obligations

25  under the Federal Fair Labor Standards Act. Those questions are common to all the

26  FLSA claims.

27         14.     There is little need for individual represented CLASS members to

28  individually control their claims as the issues are common to all persons and

---

Jackson v. Raytheon                      4                      1st Amnd Complaint

1   primarily involve common issues of law.

2       15.   Counsel is unaware, after inquiry, of any pending litigation involving this

3   issue with Defendant.

4       16.   This forum is an appropriate forum for concentration of FLSA litigation

5   of claims involving the Defendant as the practice of denying overtime benefits was

6   carried out in this forum and caused injury in this district.

7       17.   No serious difficulties are anticipated in the administration of this matter

8   as a

9   representative action if Defendant promptly cooperates in the provision of

10  information necessary to communicate with potential represented class members.

11

12                              **FACTS**

13

14      18.   At all times relevant herein, Defendant was an enterprise engaged in

15  commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

16      19.   PLAINTIFF alleges he was hired by RAYTHEON in 2000 as a Local

17  Network Administrator. In 2004, Plaintiff was promoted to the position of Network

18  Operations Lead. Although classified as an exempt manager, the Plaintiff's job

19  responsibilities as a Local Network Operations Lead required him to pull cable,

20  terminate stations and work from home doing DNS support. As a Network

21  Operations Lead, he was required to do inspections and work along side the people

22  under him having the same duties.

23      20.   Defendant RAYTHEON improperly classified PLAINTIFF, and other

24  members of the CLASS, as "exempt." Consequently, the PLAINTIFF, and the other

25  members of the CLASS, were not paid overtime wages for hours worked in excess

26  of eight hours per day and/or forty hours per week. Although classified as exempt,

27  the duties of PLAINTIFF, and other members of the CLASS, do not meet the

28  requirements for exemption from overtime compensation.

---

21.     Throughout the Class Period, RAYTHEON systematically misclassified
PLAINTIFF and every other Local Network Administrator and Network Operation
Leads who are members of the CLASS as "exempt," when in fact they are not.

22.     Accordingly, and despite the fact that PLAINTIFF, and the other
members of the CLASS, regularly worked in excess of 8 hours a day and 40 hours
per week, they did not receive overtime compensation in violation of the Federal Fair
Labor Standards Act (FLSA) and state law overtime requirements for all hours
worked in excess of 40 hours per week. The failure to provide such overtime
payment to PLAINTIFF deprived him of rights protected under the FLSA and Cal.
Lab. Code and Industrial Welfare Commission.

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT CLAIM
### (By the CLASS and Against all Defendants)

23.     Plaintiff incorporates by reference the preceding allegations of this
Complaint as though set forth here in their entirety.

24.     Defendant violated the Fair Labor Standards Act, 29 U.S.C. §207 and
the rights of Plaintiff JACKSON, and other similarly situated Local Network
Administrators and Network Operation Leads, for which Plaintiff JACKSON and
other similarly situated workers are entitled to relief pursuant to 29 U.S.C. § 216(b).
The actions of the Defendant violated provisions as to the overtime requirements of
the FLSA.

## SECOND CAUSE OF ACTION

### FOR FAILURE TO PAY OVERTIME COMPENSATION
### [Cal. Lab. Code §§510, 515.5, 1194 and 1198]
### (By the CLASS and Against all Defendants)

25.     Plaintiff incorporates by reference the preceding allegations of this
Complaint as though set forth here in their entirety.

1    26.    Cal. Lab. Code § 510 provides that employees in California shall not be

2    employed more than eight (8) hours in any workday or forty (40) hours in a

3    workweek unless they receive additional compensation beyond their regular wages in

4    amounts specified by law.

5    27.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid

6    overtime compensation, interest thereon, together with the costs of suit, and

7    attorneys fees. Cal. Lab. Code § 1198 states that the employment of an employee for

8    longer hours than those fixed by the Industrial Welfare Commission is unlawful.

9    28.    RAYTHEON has intentionally and improperly designated certain

10   employees, including PLAINTIFF, and other members of the CLASS, as "exempt"

11   employees to avoid payment of overtime wages and other benefits in violation of the

12   Cal. Lab. Code and Industrial Welfare Commission requirements.

13   29.    In particular, the Industrial Welfare Commission Wage Order No.4 sets

14   forth the requirements which must be complied with to place an employee in an

15   exempt category. For an employee to be exempt as a bona fide "executive," all the

16   following criteria must be met:

17   (a)    Whose duties and responsibilities involve the management of the

18          enterprise in which he/she is employed or of a customarily recognized

19          department or subdivision thereof; and

20   (b)    Who customarily and regularly directs the work of two or more other

21          employees therein; and

22   (c)    Who has the authority to hire or fire other employees or whose

23          suggestions and recommendations as to the hiring or firing and as to the

24          advancement and promotion or any other change of status of other

25          employees will be given particular weight; and

26   (d)    Who customarily and regularly exercises discretion and independent

27          judgment; and

28   (e)    Who is primarily engaged in duties which meet the test of the exemption.

---

Jackson v. Raytheon                          7                          1st Amnd Complaint

1            The activities constituting exempt work and non-exempt work shall be

2            construed in the same manner as such items are construed in the

3            following regulations under the Fair Labor Standards Act effective as of

4            the date of this order: 29 C.F.R. Sections 541.102, 541.104-111, and

5            541.115-16. Exempt work shall include, for example, all work that is

6            directly and closely related to exempt work and work which is properly

7            viewed as a means for carrying out exempt functions. The work actually

8            performed by the employee during the course of the workweek must,

9            first and foremost, be examined and the amount of time the employee

10            spends on such work, together with the employer's realistic expectations

11            and the realistic requirements of the job, shall be considered in

12            determining whether the employee satisfies this requirement; and

13      (f)      Such an employee must also earn a monthly salary equivalent to no less

14            than two (2) times the state minimum wage for full-time employment.

15            Full-time employment is defined in Labor Code Section 515(c) as 40

16            hours per week.

17     30.     The job duties of PLAINTIFF, and other members of the CLASS, do not

18 fit the definition of either an exempt executive, administrative, or professional

19 employee because:

20      (a)      Less than fifty percent (50%) of their work hours are spent on

21            managerial or administrative (exempt) duties;

22      (b)      More than fifty percent (50%) of their work hours are spent performing

23            non exempt duties, including but not limited to pulling cable, terminating

24            stations and doing inspections;

25      (c)      They do not have discretion or independent judgment;

26      (d)      They do not have the authority to hire and fire other personnel; and

27      (e)      None of the exemptions articulated in Wage Order No.4, nor do the

28            exemptions articulated in Cal. Lab. Code §515, apply to the

1              PLAINTIFF, or to the other members of the CLASS.

2        31.    At all times relevant hereto, from time to time, the PLAINTIFF, and the

3  other members of the CLASS, have worked more than eight hours in a workday,

4  and/or more than forty hours in a work week.

5        32.    At all times relevant hereto, Defendant RAYTHEON failed to pay

6  PLAINTIFF, and the other members of the CLASS, overtime compensation for the

7  hours they have worked in excess of the maximum hours permissible by law as

8  required by Cal. Lab. Code §§ 510 and 1198. In fact, PLAINTIFF, and the other

9  members of the CLASS, were regularly required to work overtime hours.

10       33.    By virtue of RAYTHEON'S unlawful failure to pay additional

11  compensation to the PLAINTIFF, and the other members of the CLASS, for their

12  overtime hours, the PLAINTIFF, and the other members of the CLASS, have

13  suffered, and will continue to suffer, damages in amounts which are presently

14  unknown to them but which exceed the jurisdictional limits of this Court and which

15  will be ascertained according to proof at trial.

16       34.    PLAINTIFF, and the other members of the CLASS, are informed and

17  believe, and based upon that information and belief allege, that RAYTHEON knew

18  or should have known that PLAINTIFF, and the other members of the CLASS, did

19  not qualify as exempt employees and purposely elected not to pay them for their

20  overtime labor.

21       35.    PLAINTIFF, and the other members of the CLASS, request recovery of

22  overtime compensation according to proof, interest, attorney's fees and cost pursuant

23  to Cal. Lab. Code §§ 218.5 and 1194(a), as well as the assessment of any statutory

24  penalties against Defendant RAYTHEON, in a sum as provided by the Cal. Lab.

25  Code and/or other statutes. Further, PLAINTIFF, and the other members of the

26  CLASS, are entitled to seek and recover reasonable attorneys' fees and costs

27  pursuant to Cal. Lab. Code §§ 218.5 and 1194.

28

---

### THIRD CAUSE OF ACTION
[For Failure To Provide Meal Periods And Rest Periods
Cal. Lab. Code §§ 226.7 and 512]
(By the CLASS and Against All Defendants)

36.    PLAINTIFF, and the other members of the CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 35 of this Complaint.

37.    Cal. Lab. Code §§ 226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

38.    Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each five (5) hours of work that the meal period is not provided.

39.    RAYTHEON has intentionally and improperly denied meal periods to PLAINTIFF, and other members of the CLASS, in violation of Cal. Lab. Code §§226.7 and 512.

40.    At all times relevant hereto, PLAINTIFF, and other members of the CLASS, have worked more than five hours in a workday. At all relevant times hereto, RAYTHEON has failed to provide meal periods as required by Cal. Lab. Code §§ 226.7 and 512.

41.    Cal. Lab. Code § 226.7 provides that employers shall authorize and permit employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work.

42.    Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (I) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

---

Jackson v. Raytheon                    10                    1st Amnd Complaint

1    43.    RAYTHEON has intentionally and improperly denied rest periods to

2    PLAINTIFF, and other members of the CLASS, in violation of Cal. Lab. Code §§

3    226.7 and 512.

4    44.    At all times relevant hereto, the PLAINTIFF, and other members of the

5    CLASS, have worked more than four hours in a workday. At all times relevant

6    hereto, RAYTHEON failed to provide rest periods as required by Cal. Lab. Code §§

7    226.7 and 512.

8    45.    By virtue of RAYTHEON'S' unlawful failure to provide rest periods to

9    them, PLAINTIFF, and other members of the CLASS, have suffered, and will

10    continue to suffer, damages in amounts which are presently unknown to them, but

11    which exceed the jurisdictional limits of this Court and which will be ascertained

12    according to proof at trial.

13    46.    PLAINTIFF, and the other members of the CLASS, are informed and

14    believe, and based upon that information and belief allege, that RAYTHEON knows

15    or should have known that the PLAINTIFF, and the other members of the CLASS,

16    were entitled to meal periods and rest periods but purposely elected not to provide

17    these mandated periods.

18    47.    PLAINTIFF, and the other members of the CLASS, are entitled to seek

19    and

20    recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 226.7 and

21    512.

22

23                    **FOURTH CAUSE OF ACTION**

24            **For Failure to Pay Wages When Due**
                        **[Cal. Lab. Code § 203]**
25            **(By the CLASS and Against All DEFENDANTS)**

26    48.    Plaintiff incorporates by reference the preceding allegations of this

27    Complaint as though set forth here in their entirety.

28    49.    Cal. Lab. Code § 200 provides that:

---

As used in this article:

(a)    "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

(b)    "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

50.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

51.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action

1   therefor is commenced; but the wages shall not continue for more

2   than 30 days.

3       52.    Many of the CLASS member's employment has been terminated and

4   DEFENDANT has not tendered restitution of wages owed.

5       53.    Therefore, as provided by Cal. Lab. Code § 203, on behalf of himself

6   and the members of the CLASS, PLAINTIFF demands thirty (30) days of pay as

7   penalty for not paying all wages due at the time of termination for all employees

8   whose employment terminated during the CLASS PERIOD and demand an

9   accounting and payment of all wages due, plus interest, as provided by Cal. Lab.

10   Code § 218.6 plus attorneys fees and interest as allowed by law.

11

12   **FIFTH CAUSE OF ACTION**

13   **Failure to Provide Accurate Itemized Statements**
    **[Cal. Lab. Code § 226]**

14   **(By the CLASS and against All Defendants)**

15       54.    Plaintiff incorporates by reference the preceding allegations of this

16   Complaint as though set forth here in their entirety.

17       55.    Cal. Lab. Code § 226 provides that an employer must furnish employees

18   with an "accurate itemized statement in writing showing:

19       (1)    gross wages earned,

20       (2)    total hours worked by the employee, except for any employee

21       whose compensation is solely based on a salary and who is

22       exempt from payment of overtime under subdivision (a) of Section

23       515 or any applicable order of the Industrial Welfare Commission,

24       (3)    the number of piece rate units earned and any applicable piece

25       rate if the employee is paid on a piece-rate basis,

26       (4)    all deductions, provided that all deductions made on written

27       orders of the employee may be aggregated and shown as one item,

28       (5)    net wages earned,

(6)    the inclusive dates of the period for which the employee is paid,

(7)    the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8)    the name and address of the legal entity that is the employer, and

(9)    all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

56.    At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226, in that DEFENDANT failed to properly and accurately itemize the number of hours worked by PLAINTIFF, and the other members of the CLASS at the effective regular rates of pay and the effective overtime rates of pay.

57.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing damages to PLAINTIFF, and the other members of the CLASS. These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CLASS seek to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CLASS herein) plus reasonable attorney's fees and costs pursuant to Cal. Lab. Code § 226(g).

# SIXTH CAUSE OF ACTION

**For Unlawful Business Practices**
**[Cal. Bus. And Prof. Code §§ 17200 et seq.]**
**(By the CLASS and against All Defendants)**

58.     The PLAINTIFF, and other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 47 of this Complaint.

59.     RAYTHEON is a "person" as that term is defined under Cal. Bus. and Prof. Code §17201.

60.     Cal. Bus. and Prof. Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

61.     At all times relevant hereto, by and through the conduct described herein, RAYTHEON has engaged in unfair and unlawful practices by failing to pay PLAINTIFF, and the other members of the CLASS, overtime compensation, and has failed to provide meal and rest breaks, pursuant to the applicable Cal.. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. and Prof. Code § 17200 et seq., and has thereby deprived PLAINTIFF, and the other members of the CLASS, of fundamental rights and privileges.

62.     By and through the unfair and unlawful business practices' described herein, RAYTHEON has obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

63.     All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200 et seq.

64.     PLAINTIFF, and the other members of the CLASS, are entitled to, and

1   do, seek such relief as may be necessary to restore to them the money and property
2   which Defendant RAYTHEON has acquired, or of which PLAINTIFF, and other
3   members of the CLASS, have been deprived, by means of the above described unfair
4   and unlawful business practices.

5       65.    PLAINTIFF, and the other members of the CLASS, are further entitled
6   to, and do, seek a declaration that the above described business practices are unfair
7   and unlawful and that an injunctive relief should be issued restraining RAYTHEON
8   from engaging in any of the above described unfair and unlawful business practices
9   in the future.

10      66.    PLAINTIFF, and the other members of the CLASS, have no plain,
11  speedy, and/or adequate remedy at law to redress the injuries which they have
12  suffered as a consequence of the unfair and unlawful business practices of
13  RAYTHEON. As a result of the unfair and unlawful business practices described
14  above, PLAINTIFF, and the other members of the CLASS, have suffered and will
15  continue to suffer irreparable harm unless RAYTHEON is restrained from continuing
16  to engage in these unfair and unlawful business practices. In addition, RAYTHEON
17  should be required to disgorge the unpaid moneys to PLAINTIFF, and the other
18  members of the CLASS.

19
20                          **PRAYER FOR RELIEF**
21      WHEREFORE, PLAINTIFFS pray for judgment against each Defendant,
22  jointly and
23  severally, as follows:
24                      **ON FIRST CAUSE OF ACTION**
25  1.      Certify this as a FLSA representative action on behalf of "all Local
26          Network Administrators and Network Operations Leads employed by
27          Defendant in the United States during the claim period."
28  2.      Grant judgment in favor of PLAINTIFF and all similarly situated

---

Jackson v. Raytheon                16                1st Amnd Complaint

1    workers awarding them their unpaid regular wages and overtime, and an

2    equal amount of liquidated damages.

3    3.    Award PLAINTIFFS their costs of court and reasonable attorney's fees

4    pursuant to the Fair Labor Standards Act.

5

6    **ON SECOND CAUSE OF ACTION**

7    1.    For compensatory damages, including lost wages, commissions,

8    bonuses, and other losses, during the period commencing on the date

9    that is within four years prior to the filing of this Complaint according to

10   proof;

11   2.    For general damages, according to proof;

12   3.    For an award of interest, including prejudgment interest at the legal rate;

13   4.    For statutory damages, including reasonable attorneys' fees and cost of

14   suit.

15

16   **ON THIRD CAUSE OF ACTION**

17   1.    One hour of pay for each workday in which a rest period was not

18   provided for each four hours of work during the period commencing on

19   the date that is within four years prior to the filing of this Complaint,

20   provided, however, that if the Supreme Court in the Kenneth Cole

21   Productions case, S140308, determines that Labor Code 226.7 is subject

22   to a one year limitations period, then PLAINTIFFS seek penalties for the

23   year preceding filing of the complaint and until the class is certified;

24   2.    One hour of pay for each five (5) hours of work in which a meal period

25   was not provided;

26   3.    For attorneys' fees and costs.

27

28

**ON FOURTH CAUSE OF ACTION**

1.  For thirty days of pay as a penalty for not paying all wages due at the time of termination of employment for Plaintiff and members of the CLASS whose employment terminated within three years of the filing of the complaint until the date of entry of judgment as provided for by Cal. Lab. Code §§ 201 -203;

2.  For attorneys' fees and costs.

**ON FIFTH CAUSE OF ACTION**

1.  For liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Cal. Lab. Code § 226 (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CLASS herein);

2.  For attorney's fees and costs.

**SIXTH CAUSE OF ACTION**

1.  For restitution and/or restitutionary disgorgement;

2.  For injunctive relief ordering the continuing unfair business acts and practices to cease, or as the Court otherwise deems just and proper;

3.  For other injunctive relief ordering RAYTHEON to notify the CLASS that they have not been paid the proper amounts required in accordance with California law.

---

# ON ALL CAUSES OF ACTION

1.    For such other and further relief as the Court deems just and proper.

Dated:    February 5, 2008               MORRIS AND ASSOCIATES

                             By:    *Stephen Morris*
                                    STEPHEN B. MORRIS
                                    Attorneys for Class Plaintiffs

1    **DEMAND FOR JURY TRIAL**

2    PLAINTIFF demands jury trial on all issues triable to a jury.

3

4    Dated:        February 5, 2008                    MORRIS AND ASSOCIATES

5

6                                          By:    _Stephen Morris_____
                                                 STEPHEN B. MORRIS
7                                                Attorneys for Class Plaintiffs

8    Additional Counsel:

9    **UNITED EMPLOYEES LAW GROUP**
     Walter Haines, Esq. (SBN #71075)
10   65 Pine Ave, #312
     Long Beach, California 90802
11   Telephone:(877) 696-8378
     Facsimile: (562) 256-1006

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1   PAUL GROSSMAN (SB# 035959) paulgrossman@paulhastings.com
    LESLIE L. ABBOTT (SB# 155597) leslieabbott@paulhastings.com
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street
3   Twenty-Fifth Floor
    Los Angeles, CA  90071-2228
4   Telephone:  (213) 683-6000
    Facsimile:  (213) 627-0705
5
    Attorneys for Defendant
6   RAYTHEON COMPANY

7   STEPHEN D. MORRIS
    MARK C. HINKLEY
8   MORRIS AND ASSOCIATES
    444 West C Street, Suite 300
9   San Diego, CA  92101
    Tel: (619) 239-1300
10  Fax: (619) 234-3642

11  WALTER HAINES
    UNITED EMPLOYEES LAW GROUP, P.C.
12  65 Pine Avenue #312
    Long Beach, CA 90802
13  Tel: (877) 696-8378

14  Attorney for Plaintiff
    TERRY JACKSON
15

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18

19  TERRY JACKSON, an individual, on        CASE NO. C08 00054(RMW)
    behalf of himself, and on behalf of all
20  persons similarly situated,             **JOINT CASE MANAGEMENT
                                            CONFERENCE STATEMENT**
21              Plaintiff,

22        vs.

23  RAYTHEON COMPANY, a Delaware
    corporation conducting business in the
24  State of California and Does 1 to 100.

25              Defendant.

26

27

28

1    PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND

2    CIVIL LOCAL RULE 16-9, Plaintiff Terry Jackson ("Plaintiff") and Defendant

3    Raytheon Company ("Raytheon"), by and through their respective counsel, submit

4    this joint report. Participating in the meeting of counsel were: Stephen B. Morris

5    of Morris and Associates (on behalf of Plaintiff), and Leslie L. Abbott of Paul,

6    Hastings, Janofsky & Walker (on behalf of Raytheon).

7    **1.    Jurisdiction and Service**

8        This is a putative wage and hour class and collective action brought pursuant

9    to the provisions of the Fair Labor Standards Act, 29 U.S.C. section 201 et seq.

10   ("FLSA"), California Labor Code sections 201-203, 226, 226.7, 510, 512, 515.5,

11   1194 and 1198, California Wage Order 4-2001, 8 C.C.R. section 11040 ("Wage

12   Order 4"), and the California Business & Professions Code section 17200 ("Section

13   17200"),. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

14   There is no issue at this time regarding personal jurisdiction or venue. No parties

15   remain to be served.

16   **2.    Facts**

17       Plaintiff has sued Raytheon, alleging six causes of action:

18       1. Violation of the overtime requirements of the Fair Labor Standards Act;

19       2. Violation of California Labor Code requirements for overtime;

20       3. Violation of California Labor Code requirements for meal and rest

21          periods;

22       4. Violation of California Labor Code requirements for payment of wages at

23          termination;

24       5. Violation of California Labor Code requirements for itemized statements;

25       6. Unlawful business practices.

26       Specifically, Plaintiff asserts that he and other "Local Network

27   Administrators" and "Network Operations Leads" were misclassified as exempt,

28   and were thus denied overtime pay and did not receive meal and rest periods.

1       Raytheon denies Plaintiff's allegations.  First, at all relevant times in the

2   Complaint, Raytheon classified Plaintiff as non-exempt.  Plaintiff was entitled to,

3   and did, receive overtime pay as required.  Second, there is no putative "class" in

4   this case.  Raytheon does not use the job titles Local Network Administrators or

5   Network Operations Leads at the corporate level; rather, such job titles were

6   apparently "local" titles used at one location to describe the work of certain

7   employees who performed duties pursuant to a contract that Raytheon had at the

8   NASA Ames Research Center.  There were only five such employees who

9   performed these duties, including Plaintiff, and all five were classified as non-

10  exempt and eligible for overtime pay.  When the applicable NASA Ames Research

11  Center contract with Raytheon ended on May 31, 2005, all five employees,

12  including Plaintiff, were terminated. Accordingly, Defendant's position is that

13  Plaintiff lacks any viable basis for either individual or class claims in this action,

14  and the case should be dismissed.

15  **3.**   **Legal issues**

16      At this time, the parties are participating in informal discussions to clarify the

17  threshold facts in the case, and it is premature to discuss the legal issues.

18  Specifically, Raytheon is in the process of providing Plaintiff with evidence to

19  support its contention that Plaintiff's allegation that he was misclassified as exempt

20  and not eligible for overtime pay is mistaken, that only five employees (including

21  Plaintiff) held positions similar to Plaintiff, and that all such employees were

22  classified as non-exempt and eligible for overtime pay.

23  **4.**   **Motions**

24      There are currently no pending or prior motions.  Raytheon has requested

25  Plaintiff to dismiss the case in its entirety.  If the case is not dismissed, Plaintiff will

26  file a motion for class certification; Raytheon anticipates that it will file a motion

27  for summary judgment and that it will oppose class certification.  The parties

28  request that the Court set another case management conference before scheduling

1   any other dates so that they have time to discuss the threshold factual issues.

2   **5.   Amendment of Pleadings**

3   At this time, the parties do not anticipate amending of the pleadings to add or

4   dismiss parties, claims, or defenses.

5   **6.   Evidence Preservation**

6   Raytheon is preserving relevant documents to the extent they are available.

7   However, this case involves a very small number of employees that were employed

8   as part of a unique government contract at the NASA Ames Research Center.

9   When the contract concluded, the employees were terminated in May 2005.

10   Raytheon has complied with its legal requirements to preserve data, but significant

11   time has passed and Raytheon was under no obligation to preserve data for much of

12   the disputed period.

13   **7.   Pre-discovery disclosures**

14   On April 14, 2008, the parties conducted their FRCP Rule 26(f) conference.

15   The parties intend to exchange their initial disclosures pursuant to FRCP Rule

16   26(a) on April 18, 2008.

17   The parties intend to make timely disclosures as follows:

18   **Persons:**  Plaintiff and Raytheon intend to make timely disclosures of

19   individuals likely to have discoverable information that they may use to support

20   their claims and defenses and have agreed to disclose additional witnesses as they

21   are identified.

22   **Documents:**  Plaintiff and Raytheon intend to make timely disclosures of

23   documents that may be used to support their claims and defenses and have agreed

24   to disclose additional documents as they are identified.

25   **Damage Computations and Other Relief:**

26   Plaintiff does not have sufficient information at this time to provide an exact

27   calculation of damages sought on his own behalf or on behalf of the putative class

28   members.  However, plaintiff seeks the following on behalf of himself and the

1  putative class members:

2      Overtime compensation equal to 1.5 times the employee's regular rate of

3  pay, for all hours worked in excess of 40 per week pursuant to The Fair Labor

4  Standards Act;

5      Overtime compensation equal to 1.5 times the employee's regular rate of

6  pay, for all hours worked in excess of 40 per week and/or 8 per day pursuant to the

7  California Labor Code;

8      One additional hour's pay for each day a rest or meal break was missed;

9      Restitution of all necessary business-related expenses; and

10     Interest, attorney's fees, and costs.

11     **Insurance Agreements**: N/A

12  **8.    Discovery**

13      **a.    Status of discovery**

14      Discovery has not yet commenced in this case. The parties are engaging in

15  initial informal discussions and discovery concerning the case facts.

16      **b.    Discovery Plan**

17      Based on the parties' current discussions concerning the threshold case facts,

18  the parties believe it is premature to prepare a discovery plan. If the case is not

19  dismissed, the parties proposed to have another case management conference with

20  the Court and to submit their discovery plan at that time.

21  **9.    Class Action**

22      Plaintiff purports to bring his claims, in part, as a representative action as

23  authorized by the Federal Fair Labor Standards Act. In addition, Plaintiff alleges

24  that he represents a putative class of Local Network Administrators and Network

25  Operations Leads who were classified as exempt and were not paid overtime.

26      Raytheon asserts that there were only five employees, including Plaintiff

27  Jackson, who performed the functions of Local Network Administrators and

28

1   Network Operations Leads.  All five of these employees were classified as non-

2   exempt and worked at the NASA Ames Research Center.   Therefore, Raytheon

3   alleges that no class can be certified because it lacks numerosity.  Further, Raytheon

4   contends that Plaintiff's allegation on behalf of himself and the putative class that

5   they were misclassified as exempt, and thus denied overtime pay and meal and rest

6   periods, is mistaken.

7   **10.    Related Cases**

8        The parties are not aware of related cases at this time.

9   **11.    Relief**

10       Plaintiff alleges that he has suffered lost wages and that he is entitled to

11  penalties, liquidated damages, and premium pay for missed rest periods.  Plaintiff

12  asserts that he has no estimate of the amounts of these alleged damages at this time.

13       Raytheon disputes that Plaintiff or the putative class has suffered any

14  damages at all.  Raytheon seeks dismissal of this case.

15  **12.    Settlement and ADR**

16       The parties have not stipulated to ADR.  The parties anticipate that both sides

17  will need to take discovery before they can determine with ADR processes would

18  be beneficial in this matter.

19  **13.    Magistrate Judge**

20       The parties do not wish to have a magistrate judge preside over this matter.

21  **14.    Other References**

22       The parties do not believe this case is suitable for referral to binding

23  arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

24  **15.    Narrowing of Issues**

25       As noted above, the primary issue in dispute is whether a putative class exists

26  and whether there is any merit to Plaintiff's claim that he was misclassified as

27  exempt from overtime and California meal and rest period requirements.  Raytheon

28  asserts that Plaintiff was at all material times classified as non-exempt and was paid

1    all overtime due and provided meal and rest periods. Raytheon further alleges that

2    only five employee, including Plaintiff, performed the duties of Local Network

3    Administrators or Network Operations Leads and that all performed those duties as

4    part of a particular contract applicable only at NASA Ames Research Center.

5    When that contract ended, the employees were terminated in May 2005.

6    **16.    Expedited Schedule**

7            At this stage, with initial discovery yet to be served, the parties do not have

8    issues to present to the Court for resolution. However, the parties would benefit

9    from an expedited procedure for the resolution of discovery disputes that may arise.

10   **17.    Scheduling**

11           The parties agree that they shall serve and file final lists of witnesses and

12   exhibits pursuant to Federal Rule of Civil Procedure 26(a)(3), unless indicated

13   otherwise by the Court's Order. The parties further agree that any objections to

14   these lists shall be made in accordance with Federal Rules of Civil Procedure. The

15   parties request the Court to set another case management conference in 60 days.

16   **18.    Time Required for Trial**

17           The parties believe that it is premature to assess the time needed for trial

18   given the basic factual inquiries currently under review by the parties.

19   **19.    Disclosure of Non-party Interested Entities or Persons**

20           Pursuant to Civil Local Rule 3-16, Raytheon filed a disclosure of non-party

21   interested entities or persons on April 11, 2008.

22   //

23

24

25

26

27

28

1

DATED:  April 15, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL GROSSMAN
LESLIE L. ABBOTT
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:  _____
                    Leslie L. Abbott

Attorneys for Defendant
RAYTHEON COMPANY


STEPHEN MORRIS
MORRIS AND ASSOCIATES



By:  _____
                    Stephen Morris

WALTER HAINES
UNITED EMPLOYEES LAW GROUP, P.C.


By:  _____
                    Walter Haines

Attorneys for Plaintiff
TERRY JACKSON

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1   DATED:  April 15, 2008         PAUL GROSSMAN
                                   LESLIE L. ABBOTT
2                                  PAUL, HASTINGS, JANOFSKY & WALKER LLP

3

4                                  By:_____
5                                            Leslie L. Abbott

6                                  Attorneys for Defendant
                                   RAYTHEON COMPANY
7

8                                  STEPHEN MORRIS
                                   MORRIS AND ASSOCIATES
9

10                                 By:   _Stephen Morris_____
11                                           Stephen Morris

12                                 WALTER HAINES
                                   UNITED EMPLOYEES LAW GROUP, P.C.
13

14                                 By:_____
15                                           Walter Haines

16                                 Attorneys for Plaintiff
                                   TERRY JACKSON
17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE BY MAIL**

2    I am a citizen of the United States and employed in Los Angeles County, California. I am

3 over the age of eighteen years and not a party to the within-entitled action. My business address

4 is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071-2228. I am

5 readily familiar with this firm's practice for collection and processing of correspondence for

6 mailing with the United States Postal Service. On April 15, 2008, I placed with this firm at the

7 above address for deposit with the United States Postal Service a true and correct copy of the

8 within document(s):

9

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

10 in a sealed envelope, postage fully paid, addressed as follows:

11

12   Stephen B. Morris
Mark C. Hinkley

13   MORRIS and ASSOCIATES
444 West C Street, Suite 300

14   San Diego, CA 92101
Tel.: (619) 239-1300

15   Fax: (619) 234-3672

16

17   Walter Haines
UNITED EMPLOYEES LAW GROUP, P.C.

18   65 Pine Avenue, #312
Long Beach, CA 90802

19   Tel.: (877) 696-8378

20    Following ordinary business practices, the envelope was sealed and placed for collection

21 and mailing on this date, and would, in the ordinary course of business, be deposited with the

22 United States Postal Service on this date.

23    I declare that I am employed in the office of a member of the bar of this court at whose

24 direction the service was made.

25    Executed on April 15, 2008, at Los Angeles, California.

26

_Irma Gamino_
Irma Gamino

27

28

LEGAL_US_W # 58485908.3

PROOF OF SERVICE – C08-00054 (RMW)

## Other Documents
5:08-cv-00054-RMW Jackson v. Raytheon Company et al
ADRMOP, E-Filing

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

---

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

---

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
***If there is no second hyperlink, there is no electronic document available .***
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

---

The following transaction was received from by Abbott, Leslie entered on 4/15/2008 4:33 PM and filed on 4/15/2008

| | |
|---|---|
| **Case Name:** | Jackson v. Raytheon Company et al |
| **Case Number:** | 5:08-cv-54 |
| **Filer:** | Raytheon Company |
| **Document Number:** | 12 |

**Docket Text:**
**CASE MANAGEMENT STATEMENT *(JOINT)* filed by Raytheon Company. (Abbott, Leslie) (Filed on 4/15/2008)**

**5:08-cv-54 Notice has been electronically mailed to:**

Leslie Lynn Abbott     leslieabbott@paulhastings.com

Stephen Bryan Morris     morris@sandiegolegal.com, ang@sandiegolegal.com

**5:08-cv-54 Notice has been delivered by other means to:**

Walter L. Haines
United Employers Law Group, P.C.

65 Pine Avenue
Suite 312
Long Beach, CA 90802

Mark Clare Hinkley
Morris and Associates
444 West C Street
Suite 300
San Diego, CA 92101

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**S:\Raytheon\Joint Case Management Conference Statement.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=4/15/2008] [FileNumber=4308262-0]

[9a0be9703c3ecde122512d993d673c8579aded4dcd3f36f9bc0dd9ca9f2f5a520324c
baaa374c10d15f8dea01aaa7117cf01eb8b6f32b19e4478328dbdef4f6c]]

# EXHIBIT D

**Paul**Hastings

Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
telephone 213-683-6000 • facsimile 213-627-0705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Frankfurt
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

(213) 683-6310
leslieabbott@paulhastings.com

May 2, 2008

28217.00009

**VIA FACSIMILE AND MAIL**

**CONFIDENTIAL SETTLEMENT COMMUNICATION PROTECTED BY CALIFORNIA EVIDENCE CODE § 1152 AND FEDERAL CONFIDENTIAL SETTLEMENT COMMUNICATION RULES OF EVIDENCE, RULE 408**

Stephen B. Morris, Esq.
MORRIS and ASSOCIATES
444 West C Street, Suite 300
San Diego, CA  92101

Re:    Raytheon/Jackson - Declaration of David Maroney

Dear Mr. Morris:

As we have discussed, the allegations in Plaintiff's complaint that Raytheon Company misclassified him and other similarly situated employees as exempt is erroneous.  Based on your request for verification of Raytheon's position, we are providing the enclosed declaration of David Maroney.  Mr. Maroney is Director Corporate Performance Development, Compensation, & HR Mergers and Acquisitions at Raytheon, and is knowledgeable concerning Raytheon's job grade and exempt/non-exempt classification system.

We trust Mr. Maroney's declaration will be sufficient to assure you that Plaintiff, and others in his job grade and below, were at all relevant times classified as non-exempt employees.  Accordingly, Raytheon requests Plaintiff to seek court approval to dismiss this suit in its entirety.  We look forward to hearing from you.

Sincerely,

Leslie L. Abbott
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

LLA:dg

cc:    Walter Haines, Esq.

1   PAUL GROSSMAN (SB# 035959) paulgrossman@paulhastings.com
    LESLIE L. ABBOTT (SB# 155597) leslieabbott@paulhastings.com
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street
3   Twenty-Fifth Floor
    Los Angeles, CA  90071-2228
4   Telephone:  (213) 683-6000
    Facsimile:  (213) 627-0705
5
    Attorneys for Defendant
6   RAYTHEON COMPANY

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12   TERRY JACKSON, an individual,          CASE NO. C08 00054(RMW)
     on behalf of himself, and on behalf
13   of all persons similarly situated,
                                            **DECLARATION OF DAVID P.**
14                Plaintiff,                 **MARONEY**

15        vs.

16   RAYTHEON COMPANY, a
     Delaware corporation conducting
17   business in the State of California
     and Does 1 to 100.
18
                  Defendant.
19

20

21

22        I, DAVID P. MARONEY, declare:

23

24        1.    I have first-hand knowledge of the facts set forth in this Declaration.

25   If called as a witness, I could and would testify competently to these facts.  I am making

26   this Declaration in connection with the case *Jackson et al. v. Raytheon Company,* Los

27   Angeles Superior Court Case No. C0800054(RMW).

28

                                          DECLARATION OF DAVID P. MARONEY
                                                CASE NO. C08 00054(RMW)

LEGAL_US_W # 59733355.2

1        2.     Since September 1987 I have been employed by Raytheon Company

2   and/or its predecessors, handling human resources and compensation issues.

3

4        3.     From January 2000 until June 2001, I worked on a human resources

5   team that was responsible for handling human resources issues for employees, including

6   Plaintiff Terry Jackson, who worked at the NASA Ames Research Center. In June 2001, I

7   was promoted to a Director position in a compensation department for a division of

8   Raytheon called Raytheon Technical Services Company, LLC. Since June 2007, I have

9   held the position of Director Corporate Performance Development, Compensation, & HR

10   Mergers and Acquisitions.

11

12        4.     Based on my responsibility for handling human resources and

13   compensation issues for Raytheon Company, I am familiar with the Company's job grade

14   classification system and the Company's documentation of employee grade levels on

15   individualized employee data sheets, which Raytheon Company maintains in the ordinary

16   course of its business. The employee data sheets contain information about each

17   employee's employment history, including whether Raytheon Company classified the

18   employee as exempt or non-exempt. The employee data sheets are updated when

19   Raytheon Company changes an employee's pay level or job classification.

20

21        5.     During the period relevant to this lawsuit, beginning in January 2004,

22   Raytheon Company employed Mr. Jackson in an information technology function at the

23   NASA Ames Research Center pursuant to a particular government contract unique to that

24   site. This particular contract ended on May 31, 2005, at which time Mr. Jackson's

25   employment with Raytheon Company terminated.

26

27        6.     I have reviewed Mr. Jackson's most recent employee data sheet

28   concerning his employment at Raytheon Company. According to Mr. Jackson's

-2-         DECLARATION OF DAVID P. MARONEY
                             CASE NO. C08 00054(RMW)

1    employee data sheet, at the time of his termination on May 31, 2005, Mr. Jackson had the

2    job title of "IT Specialist" which had a job grade of "N85" and was classified as non-

3    exempt.  A true and accurate copy of Terry Jackson's employee data sheet is attached

4    hereto as Exhibit "A."  Based on my review of Mr. Jackson's personnel records,

5    maintained in the ordinary course of business, Mr. Jackson never had a job grade above

6    N85 and Raytheon Company always classified him as a non-exempt employee.

7

8            7.    At all times relevant to this action, Raytheon Company has classified

9    all employees in information technology positions with job grades N85 and below as non-

10   exempt and eligible for overtime compensation.

11

12           8.    I have reviewed the payroll records of Mr. Jackson for the period

13   January 2004 through May 31, 2005.  Based on these payroll records, Raytheon Company

14   paid Mr. Jackson $295.68 in overtime pay in 2005.  For much of the time during Mr.

15   Jackson's employment at Raytheon Company during the period January 2004 through

16   May 31, 2005, he was on leaves of absence or worked part-time and thus did not earn

17   overtime pay.

18

19           I declare under penalty of perjury under the laws of the State of California

20   that the foregoing is true and correct.

21           Executed this _30_ day of April, 2008, at _WALTHAM_, ~~California~~
                                                                              MASSACHUSETTS

22

23

24                                      David P. Maroney

25

26

27

28

                                 -3-        DECLARATION OF DAVID P. MARONEY
                                            CASE NO. C08 00054(RMW)

# EXHIBIT E

# Paul*Hastings*

Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
telephone 213-683-6000 • facsimile 213-627-0705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Frankfurt
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

(213) 683-6310
leslieabbott@paulhastings.com

June 16, 2008

28217.00009

**VIA FACSIMILE AND MAIL**

Stephen B. Morris, Esq.
MORRIS and ASSOCIATES
444 West C Street, Suite 300
San Diego, CA 92101

Re:    Raytheon/Jackson – Plaintiff Terry Jackson

Dear Mr. Morris:

As we have previously discussed, the allegations in Plaintiff's complaint that Raytheon Company ("Raytheon") misclassified him and other similarly situated employees as exempt is erroneous. You have indicated that Mr. Jackson now acknowledges that he was not misclassified – he always was non-exempt – but that he has changed course and claims he was not paid for alleged overtime hours he worked. Based on Mr. Jackson's new contention, you have asked Raytheon to stipulate to the filing by Mr. Jackson of a first amended complaint seeking overtime on behalf of himself and other "similarly situated" employees. You have not provided us with a copy of the first amended complaint that you propose to file, or any specific facts supporting Mr. Jackson's contention that he was denied overtime. Mr. Jackson's new contention is totally erroneous. For at least the following reasons, Raytheon declines to stipulate to the filing of a first amended complaint.

First, as indicated in the declaration of David Maroney, which we have provided to you, Mr. Jackson worked pursuant to a specific contract at NASA Ames Research Center. There were only 5 individuals there, including Mr. Jackson, who held the title Local Network Administrator and only one, Mr. Jackson, who held the title, Network Operations Lead. All five of these individuals worked pursuant to the same contract at NASA Ames and reported to the same supervisor. They were all laid off when the contract ended on May 31, 2005. There are no other "similarly situated" employees.

Additionally, as I have previously informed you, Raytheon pays overtime to its non-exempt employees when they work overtime. During the period of their employment, two of the five employees reporting to the same supervisor as Mr. Jackson received overtime pay when they worked overtime – including Mr. Jackson. Therefore, any contention that Mr. Jackson's supervisor prohibited employees from reporting overtime is unfounded.

Paul Hastings
ATTORNEYS

Stephen B. Morris, Esq.
June 16, 2008
Page 2

Further, for much of the relevant period, Mr. Jackson worked part-time pursuant to a
medical restriction and thus did not earn overtime. Mr. Jackson was on a medical leave
until February 17, 2004, when he returned to work on a part-time basis, working only 2-4
hours per day. His part-time work increased to 20 hours per week on March 13, 2004.
Obviously, during this entire period when Raytheon was accommodating Mr. Jackson's
need for a reduced schedule, Mr. Jackson did not work overtime. Mr. Jackson did not
return to full-time status until July 31, 2004. During the ten-month period that he worked
full-time in 2005, until his termination on May 31, 2005, Mr. Jackson received overtime
pay to the extent that he worked any overtime hours.

Moreover, it is beyond the pale that Mr. Jackson would now contend he worked overtime
at Raytheon for which he was not paid because any overtime he worked during that time
was regulated and had to be approved in advance – pursuant to a court order – by the
County of Santa Clara Adult Probation Department. Raytheon certainly would not (and
did not) defy a court order to avoid paying overtime to Mr. Jackson, particularly since the
payroll records reflect that it paid overtime to both Mr. Jackson and his co-worker in the
same group during this period. At no time, to Raytheon's knowledge, did Mr. Jackson
ever report to the Santa Clara Probation Department that he was being asked to work
overtime without approval or appropriate compensation, because that simply did not
occur.

In short, the facts refute any claim by Mr. Jackson that Raytheon failed to pay him
overtime to which he was entitled. We have repeatedly requested Mr. Jackson to dismiss
this case in its entirety as it completely lacks merit, and we reiterate that request yet again.
If Mr. Jackson chooses to proceed with this meritless suit, Raytheon will not stipulate to
the filing of a first amended complaint and will oppose a motion for leave to amend and
seek sanctions for the time we spend opposing the motion.

Sincerely,

Leslie L. Abbott
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

LLA:dg

cc:    Walter Haines, Esq.

LEGAL_US_W # 59022678.1

# EXHIBIT F

**COUNTY OF SANTA CLARA**
ADULT PROBATION DEPARTMENT
**WORK FURLOUGH PROGRAM**
590 E. MIDDLEFIELD RD.
MOUNTAIN VIEW, CA 94043
**PHONE:** (650) 237-1300
FAX: (650) 967-3512



John Cavalli
Chief Probation Officer

**DATE: July 17, 2003**

RAYTHEON SYSTEMS COMPANY
INFORMATION TECHNOLOGY & SCIENTIFIC SERVICES
NASA AMES RESEARCH CENTER
M/S:
N233-17
MOFFETT FIELD, CA 94043

ATTN: DAVE SWAGER

CONFIDENTIAL

Dear Employer:

Your employee TERRY JACKSON was accepted in the Santa Clara County Probation Department Work Furlough Program and will be reporting on 08/01/03. This program is designed to keep qualified offenders productive in society and at the same time fulfill a court sentence. The authority of this program is embodied in Section 1208 of the California Penal Code.

Routine Work Schedule: Based on information you provided we have established a work schedule for your employee with approved travel times added to the work hours. If for any reason his reported work schedule is to be changed, please notify in writing at least two (2) working days in advance.

Over-Time: Enclosed is a overtime approval card WF 5.17 for those supervisors/managers who will be authorized to approve overtime for the employee. All overtime requests should be made two to three (2- 3) work days in advance; but in unforeseen circumstances, notification must be made at least 30 minutes before the end of the employees work day. An authorized supervisor must call and request the employee's overtime by calling the FRONT DESK STAFF at (650) 237-1300, giving the name of the employee, name of the employer and their name. Written verification of the overtime worked must accompany your employee upon return to the Program.

**NOTE:    Absolutely no overtime will be approved until this card is received. This card must be returned by mail and not be given to the employee.**

Late or Absent Notification: We must be notified anytime the employee is late for work or absent from the work place. Your employee is responsible for not leaving his work place for breaks or meals. He must remain on the work site at all times.

Unauthorized Visitors/Use of Telephone: Your employee is not to have non-work related visitors at his work place or use his employers telephone for personal calls.

Surveillance: It is necessary for Work Furlough staff to make contact with your employee at work either by telephone or in person on a random basis.

*mailed 8/6/03 -BW*

County of Santa Clara Probation Department
Work Furlough Program
590 East Middlefield Road
Mountain View California 94043



# OVERTIME APPROVAL

## RETURN BY MAIL ONLY

Employee: ___TERRY JACKSON_____

The person(s) whose signature(s) appear below are those who
are authorized to approve overtime for the named employee.

NOTICE: Persons signing this form recognize that willful
misrepresentation may be a violation of California Penal Code
Section 148.9 PC.

1. Sign/ _____

    Print __DAVE SWAGER_____

1. Sign/ _____

    Print _____

1. Sign/ _____

    Print _____

3172 REV 1/99

WF5.17

# EXHIBIT G

**Raytheon**

Raytheon Technical
Services Company
Raytheon ITSS
NASA Ames Research Center
M/S 233-1
Moffett Field, California
94035-1000 USA
650.604.1548
650.604.2420 fax

March 19, 2004

Terry Jackson
Networks Technical Area
Moffett Field, CA

Dear Terry,

In response to management's request for a status change from Full time to Part time employment, the following personnel action was processed on March 19, 2004 with an effective date of March 13, 2004.

As a part time employee regularly scheduled 20 hours per week, you will remain eligible for the Raytheon Benefit Programs. Your paid time off benefits will be adjusted to reflect eligibility at 50% of the equivalent full time accrual to include 4 hours pay on official holidays.

Non-exempt employees are subject to the State of California wage and hour guidelines as defined in Wage Order #4. Non-exempt employees not participating in an approved alternative workweek schedule, earn overtime premiums for all hours worked in excess of 8 hours per day or 40 hours per week. Requests for alternative workweek schedules or overtime must be submitted to your immediate supervisor for approval and consistent with the needs of customer requirements.

Please acknowledge receipt of this notification and return to Human Resources not later than March 26, 2004.

We look forward to your continued support of the IT Services Contract. Please contact Ms. Birgit Wolf at 650-604-4368 if you have any questions regarding your status.

Sincerely,
RAYTHEON TECHNICAL SERVICES COMPANY

Paul W. Savage
Site Program Manager

ACKNOWLEDGEMENT: _____          04/02/04
                              Signature                              Date

# Raytheon

Payroll Center
P.O. Box 7000
Greenville, Texas 75403-7000

| | |
|---|---|
| Terry L Jackson | Employee ID: 1012126 |
| 55 Evandale Avenue | Department: 21054 |
| Apt 7A | Location: CA710 |
| Mountainview, CA 94043 | Shift: 1 |
| | Pay Begin Date: 2005-05-21 |
| Job Title: | Pay End Date: 2005-06-03 |
| IT Specialist | Check Date: 2005-05-26 |
| Hourly Base Rate: | O/C: Y |
| 24.64 | |

**Fed Tax Data**
Marital Status/Allow: S-3
Addl. Amt: 0

| State Tax Data | Resident | Work |
|---|---|---|
| State: | CA | CA |
| Marital Status/Allow: | H-0 | H-0 |
| Addl. %: | | |
| Addl. Amt: | | |

| | Total Gross | Fed Taxable Gross | OASDI Gross | MEDI Gross | Net Pay |
|---|---|---|---|---|---|
| Current | 2,807.24 | 2,807.24 | 2,807.24 | 2,807.24 | 1,487.77 |
| YTD | 25,760.08 | 23,361.15 | 23,361.15 | 23,361.15 | 12,155.07 |

| Earnings | Hours | Current | YTD | Taxes | Current | YTD |
|---|---|---|---|---|---|---|
| Straight | 46.00 | 1,133.44 | 18,311.60 | Fed Withholdng | 459.31 | 2,930.28 |
| Overtime | 8.00 | 295.68 | 295.68 | Fed MED/EE | 40.71 | 338.74 |
| PTO | | | 2,743.41 | Fed OASDI/EE | 174.05 | 1,448.39 |
| Holiday | 8.00 | 197.12 | 1,166.77 | CA Withholdng | 119.16 | 575.24 |
| PTO Term | 47.93 | 1,181.00 | 1,181.00 | CA OASDI/EE | 30.32 | 252.30 |
| Ben Credit | | | 2,061.62 | | | |
| **Total:** | 109.93 | 2,807.24 | 25,760.08 | **Total:** | 823.55 | 5,544.95 |

| Before-Tax Deductions | | | After-Tax Deductions | | | Other Taxable Items | | |
|---|---|---|---|---|---|---|---|---|
| Description | Current | YTD | Description | Current | YTD | Description | Current | YTD |
| Medical | | 2,254.78 | Std | | 50.13 | Imput Life | | 0.08 |
| Dental | | 139.48 | Garnishmt | 495.92 | 5,610.92 | | | |
| AD&D | | 4.75 | | | | | | |
| **Total:** | | 2,399.01 | **Total:** | 495.92 | 5,661.05 | **Total:** | | 0.08 |

| Net Pay Distribution | | | Leave Balances | Available | Earned | Taken |
|---|---|---|---|---|---|---|
| Account Type | Account Number | Amount | (in hours) | | | |
| Issue Check | | 1,487.77 | Leave Balances N/A | | | |