1  PAUL GROSSMAN (SB# 035959) paulgrossman@paulhastings.com
   LESLIE L. ABBOTT (SB# 155597) leslieabbott@paulhastings.com
2  SHANE F. LOOMIS (SB# 247574) shaneloomis@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
3  515 South Flower Street
   Twenty-Fifth Floor
4  Los Angeles, CA 90071-2228
   Telephone: (213) 683-6000
5  Facsimile: (213) 627-0705

6  Attorneys for Defendant
   RAYTHEON COMPANY
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

| | |
|---|---|
| 12 TERRY JACKSON, an individual, on behalf of himself, and on behalf of all 13 persons similarly situated, | CASE NO. C08 00054(RMW) |
| 14　　　　　Plaintiff, | **DECLARATION OF LESLIE L. ABBOTT IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| 15　　　　　vs. | |
| 16 RAYTHEON COMPANY, a Delaware corporation conducting business in the 17 State of California and Does 1 to 100. | DATE: SEPTEMBER 19, 2008<br>TIME: 10:30 A.M.<br>DEPT: 6 |
| 18　　　　　Defendant. | JUDGE: HON. RONALD M. WHYTE |

19
20
21
22
23
24
25
26
27
28

LEGAL_US_W # 59780682.2　　　　　　　　　　　　　　　　　DECLARATION OF LESLIE L. ABBOTT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NO. C08 00051 (RMW)

I, Leslie L. Abbott, declare:

1. I am an attorney at law licensed to practice before the Courts of the State of California and before this Court. I am a partner with the law firm of Paul, Hastings, Janofsky & Walker LLP, and counsel of record for Raytheon Company ("Raytheon") in the matter of *Jackson v. Raytheon Company*, Case No. C08 00054 (RMW) ("the lawsuit"). If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where stated upon information and belief.

2. On January 4, 2008, Plaintiff filed (but did not serve) the instant nationwide exemption misclassification lawsuit against Raytheon on behalf of himself "and other similarly situated Local Network Administrators and Network Operations Leads who were employed by Defendant in the United States." Attached hereto as Exhibit A is a true and correct copy of the Plaintiff's Complaint ("Cmplt").

3. On February 6, 2008, Plaintiff filed a First Amended Complaint ("FAC") which he then served on Raytheon. The FAC contained the same exact factual allegations as Plaintiff's original Complaint, but expanded the requested relief to include four new ancillary claims related to his allegation that he and the putative class were misclassified as exempt. Attached hereto as Exhibit B is a true and correct copy of the Plaintiff's First Amended Complaint.

4. In early March of 2008, I spoke with Plaintiff's counsel, Stephen Morris, regarding the above-referenced lawsuit filed against Raytheon. During that conversation, I informed Mr. Morris that the lawsuit was entirely without merit because during the period covered by the lawsuit, Plaintiff and the other employees who held his same position had been classified as nonexempt from overtime laws and paid overtime compensation for overtime hours worked. I informed Mr. Morris that I believed he had an obligation to dismiss his lawsuit as it is

1  based on the erroneous allegation that Raytheon misclassified Plaintiff and the purported class as
2  exempt from overtime laws and did not pay for overtime hours worked. Also during this
3  conversation, I informed Mr. Morris that he could not proceed with a class action because only
4  four persons held the same job as Plaintiff, thereby precluding numerosity. Mr. Morris stated that
5  he would review these issues.

7  5.    Attached hereto as Exhibit C is a true and correct copy of the parties Joint
8  Case Management Conference Statement, filed with this Court on April 15, 2008. In this Joint
9  Case Management Conference Statement, the parties requested that the Court set another case
10 management conference date before scheduling other dates for the litigation so the parties could
11 discuss the threshold factual issue of Plaintiff's exempt status.

13 6.    On May 2, 2008, I faxed and mailed Mr. Morris a cover letter and
14 Declaration of David P. Maroney, true and correct copies of which are attached hereto as Exhibit
15 D. My cover letter to Mr. Morris stated that the attached declaration of Mr. Maroney should
16 assure him that Plaintiff, and others in his job grade and below, were at all relevant times
17 classified as non-exempt employees. I concluded by requesting that Plaintiff seek court approval
18 to dismiss the lawsuit in its entirely.

20 7.    In mid June 2008, Mr. Morris and I discussed that his client acknowledged
21 that Raytheon had in fact classified him as a nonexempt employee. Nevertheless, Mr. Morris
22 informed me that he was not willing to dismiss this lawsuit. Mr. Morris requested that Raytheon
23 stipulate to the filing of a Second Amended Complaint alleging that Plaintiff and other similarly
24 situated Raytheon employees were classified as nonexempt, but not paid for overtime hours
25 worked.

27 8.    On June 16, 2008, I faxed and mailed a letter to Mr. Morris, a true and
28 correct copy of which is attached hereto as Exhibit E. This letter contained the following reasons

1  for Raytheon's refusal to stipulate the filing of a further amended complaint: (1) the previously
2  provided Declaration of Mr. Maroney set forth the facts showing that there are just four persons
3  who may be considered "similarly situated" to Plaintiff; (2) two of the five employees received
4  overtime pay when they worked overtime, including Plaintiff himself; (3) for much of the
5  relevant time, Plaintiff worked part-time pursuant to a medical restriction and thus did not earn
6  overtime, and during the ten-month period that Plaintiff worked full-time in 2005, he received
7  overtime pay for the overtime hours he worked; and (4) during the relevant time, Raytheon was in
8  receipt of a court order issued by the County of Santa Clara Adult Probation Department,
9  requiring Raytheon to obtain the court's advance approval prior to it allowing Plaintiff to work
10 any overtime hours. A true and correct copy of the court order issued by the County of Santa
11 Clara Adult Probation Department is attached hereto as Exhibit F. I concluded by reiterating my
12 request that Plaintiff dismiss his lawsuit in its entirety. I also informed Mr. Morris that if Plaintiff
13 proceeds with this meritless lawsuit Raytheon will oppose his motion for leave to amend and seek
14 sanctions for the time spent opposing the motion.

16       9.      On July 9, 2008, the Court reset the date of the Case Management
17 Conference from July 9, 2008 to August 15, 2008. The Court ordered the parties to file a Joint
18 Case Management Statement by August 8, 2008.

20       10.     On July 29, 2008, Plaintiff filed his Motion for Leave to File Second
21 Amended Complaint.

23       11.     Attached hereto as Exhibit G is (a) a true and correct copy of a written
24 notice issued by Raytheon to Plaintiff of his nonexempt status and eligibility for overtime in
25 March of 2004; and (b) a replicate of a pay stub Raytheon provided to Plaintiff showing payment
26 of overtime.

1       I declare under penalty of perjury under the laws of the United States of America
2 and the State of California that the foregoing is true and correct.

4       Executed this 22nd day of August, 2008, at Los Angeles, California.

*[Signature]*

Leslie L. Abbott

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071-2228. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 26, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DECLARATION OF LESLIE L. ABBOTT IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

Stephen B. Morris
Mark C. Hinkley
MORRIS and ASSOCIATES
444 West C Street, Suite 300
San Diego, CA 92101
Tel.: (619) 239-1300;
Fax: (619) 234-3672

Walter Haines
UNITED EMPLOYEES LAW GROUP, P.C.
65 Pine Avenue, #312
Long Beach, CA 90802
Tel.: (877) 696-8378

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 26, 2008, at Los Angeles, California.

_____
Irma Gamino

LEGAL_US_W # 58485908.3

PROOF OF SERVICE – C08-00054 (RMW)