1  PAUL GROSSMAN (SB# 035959) paulgrossman@paulhastings.com
   LESLIE L. ABBOTT (SB# 155597) leslieabbott@paulhastings.com
2  SHANE F. LOOMIS (SB# 247574) shaneloomis@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
3  515 South Flower Street
   Twenty-Fifth Floor
4  Los Angeles, CA  90071-2228
   Telephone:  (213) 683-6000
5  Facsimile:  (213) 627-0705

6  Attorneys for Defendant
   RAYTHEON COMPANY

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12  TERRY JACKSON, an individual, on          CASE NO. C08 00054(RMW)
    behalf of himself, and on behalf of all
13  persons similarly situated,
                                             **DEFENDANT'S AMENDED**
14              Plaintiff,                    **OPPOSITION TO PLAINTIFF'S**
                                             **MOTION FOR LEAVE TO FILE**
15        vs.                                **SECOND AMENDED COMPLAINT**

16  RAYTHEON COMPANY, a Delaware             **DATE:  SEPTEMBER 19, 2008**
    corporation conducting business in the   **TIME:   10:30 A.M.**
17  State of California and Does 1 to 100.    **DEPT:   6**
                                             **JUDGE: HON. RONALD M. WHYTE**
18              Defendant.

19

20

21

22

23

24

25

26

27

28

1
2

**TABLE OF CONTENTS**

Page

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

I.  PREFATORY STATEMENT.................................................................. 1

II.  RELEVANT FACTS ........................................................................ 2

    A.  Plaintiff's Original And First Amended Complaints Each Alleged That He Is Entitled To Overtime Pay Because Raytheon Misclassified Him As Exempt. ......................................................... 2

    B.  Plaintiff Now Concedes That His Allegation That Raytheon Classified Him As Exempt Is Untrue And That He Cannot Maintain An Exemption Misclassification Lawsuit. ...................................... 4

    C.  Plaintiff's Proposed Second Amended Complaint Is Improperly Filled With Allegations That Contradict His Prior Complaints. ................. 6

III.  THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND ............ 8

    A.  Plaintiff's Proposed Second Amended Complaint Is Futile. ........................ 8

        1.  Plaintiff's proposed amendments would be futile because his FLSA overtime claim, under any theory, is time barred. ................. 8

        2.  Plaintiff's proposed amendments are also futile because the factual allegations cannot withstand judicial scrutiny. .................... 11

    B.  Plaintiff's Proposed Second Amended Complaint Is In Bad Faith. ........... 12

        1.  Plaintiff advances the proposed Second Amended Complaint in order to gain a tactical advantage. ............................................... 12

        2.  Plaintiff's proposed Second Amended Complaint advances inaccurate facts despite his knowledge of the true facts.................. 12

    C.  Plaintiff Previously Amended His Complaint. ........................................... 14

    D.  Plaintiff's Proposed Second Amended Complaint Is Untimely. ................ 14

    E.  The Proposed Amendment Will Prejudice Raytheon By Increasing The Costs Of Litigation And Delaying The Ultimate Conclusion Of This Case. ............................................................................................... 15

IV.  CONCLUSION ............................................................................. 16

21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

## CASES

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers,*
  781 F.2d 1393 (9th Cir. 1986) .................................................. 14

*American Title Ins. Co. v. Lacelaw Corp.,*
  861 F.2d 224 (9th Cir. 1988) .................................................... 13

*AmerisourceBergen Corp. v. Dialysist W., Inc.,*
  465 F.3d 946 (9th Cir. 2006) .................................................... 14

*Andrews v. Metro N. Commuter R.R. Co.,*
  882 F.2d 705 (2d Cir. 1989) ..................................................... 13

*Bonin v. Calderon,*
  59 F.3d 815 (9th Cir. 1995) ...................................................... 14

*Brinker Restaurant Corp. v. Superior Court,*
  165 Cal. App. 4th 25 (2008) ....................................................... 7

*Campbell v. United States Air Force,*
  755 F. Supp. 897 (E.D. Cal. 1990, *vacated on other grounds*, 972 F.2d
  1352 (1992) ............................................................................... 9

*Chasan v. Garrett Group,*
  No. 06CV1090 WQH (NLS), 2007 U.S. Dist. LEXIS 4033, at *17-18
  (S.D. Cal. Jan. 18, 2007) ........................................................... 11

*Cornn v. United Parcel Service, Inc.,*
  No. C03-2001, 2005 WL 2072091, at *4 (N.D. Cal. Aug. 26, 2005) ........... 7

*DeSoto v. Yellow Freight Sys., Inc.,*
  957 F.2d 655 (9th Cir. 1992) ...................................................... 8

*Executive Software N. Am., Inc. v. United States District Court,*
  24 F.3d 1545 (9th Cir. 1994) ..................................................... 11

*Foman v. Davis,*
  371 U.S. 178 (1962) .................................................................. 8

*Hayes v. Whitman,*
  264 F.3d 1017 (10th Cir. 2001) .................................................. 2

*Kaplan v. Rose,*
  49 F.3d 1363 (9th Cir. 1994) ..................................................... 15

*M/V Am. Queen v. San Diego Marine Constr. Corp.,*
  708 F.2d 1483 (9th Cir. 1983) ................................................... 15

*Morongo Band of Mission Indians v. Rose,*
  893 F.2d 1074 (9th Cir. 1990) ................................................... 15

*Pallottino v. City of Rio Rancho,*
  31 F.3d 1023 (10th Cir. 1994) ................................................... 2

*Ramirez v. Yosemite Water Co., Inc.*
  20 Cal. 4th 785 (1999) .............................................................. 7

*Sisseton-Wahpeton Sioux Tribe v. United States,*
  90 F.3d 351 (9th Cir. 1996) ....................................................... 8

Case No.

AMENDED OPP. TO MTN. FOR LEAVE TO
AMEND
CASE NO. C08 00054(RMW)

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Steckman v. Hart Brewing, Inc.,*
  143 F.3d 1293 (9th Cir. 1998) ............................................................... 8

*Western Shoshone Nat'l Council v. Molini,*

  951 F.2d 200 (9th Cir. 1991, *cert. denied*, 506 U.S. 822 (1992) ........................... 8

*Williams v. The Boeing Company,*
  517 F.3d 1120 (9th Cir. 2008) ............................................................... 10

## STATUTES

28 U.S.C. § 1367(c)............................................................................... 14

28 U.S.C. 1367(c)(2) ............................................................................ 14

29 U.S.C. § 255(a)............................................................................... 12

Cal. Bus. & Prof. Code § 17200................................................................ 3, 14

## RULES

Fed. R. Civ. P. 15(a)............................................................................. 10

Fed. R. Civ. P. 15(c)............................................................................. 14, 16

Fed. R. Civ. P. 15(c)(1)(B)...................................................................... 13, 14

AMENDED OPP. TO MTN. FOR LEAVE TO
AMEND
CASE NO. C08 00054(RMW)

I.    **PREFATORY STATEMENT**

In his motion for leave to file a Second Amended Complaint, Plaintiff attempts to breathe new life into an otherwise dead lawsuit by alleging new and inconsistent facts that misrepresent the truth, and by adopting an entirely new, and equally spurious, legal theory of liability. This attempt should not be permitted.

On January 4, 2008, Plaintiff Terry Jackson filed a Complaint alleging a purported nationwide class action under the Fair Labor Standards Act ("FLSA") and California law based on the specific ground that Raytheon Company misclassified Plaintiff and the putative class as *exempt* and thus failed to pay overtime. Plaintiff thereafter filed a First Amended Complaint in February 2008 to add multiple ancillary claims, but left intact the basic premise of his suit that he and the putative class are owed overtime based on their alleged misclassification.

**Plaintiff's allegations were untrue, as he now admits.** Raytheon promptly informed Plaintiff's counsel that Jackson always was classified as *nonexempt*, and that *he received overtime pay* during his employment – which Plaintiff himself already knew. Plaintiff's counsel requested verification of these facts; Raytheon promptly provided it in a sworn declaration and requested Plaintiff to dismiss his frivolous lawsuit.

Astoundingly, instead of dismissing his suit, Plaintiff asked Raytheon to allow him to "amend" the fundamental factual allegation and legal theory in this case. Specifically, Plaintiff requested to change the averment that he is owed overtime because Raytheon misclassified him as *exempt* to the exact opposite – an averment that Raytheon classified him as *non-exempt* and failed to pay him for all hours worked. Not only is this an entirely different claim on behalf of an entirely different putative class, Plaintiff and his counsel already know **the requested amendment that he did not receive overtime pay also is untrue.** The sworn declaration Raytheon provided to Plaintiff last May confirmed

1  that Plaintiff was paid overtime when he worked it until his termination in May 2005.

2  However, for the most part, Plaintiff did not earn overtime pay because he did not work

3  overtime hours:  he was on a medical leave of absence and then accommodated due to his

4  medical restrictions with a part-time schedule that did not exceed 20 hours per week.

5  Accordingly, Raytheon declined Plaintiff's spurious request to again change his pleadings.

6

7        This Court should likewise exercise its discretion to deny Plaintiff's motion

8  for leave to file a Second Amended Complaint.  The factors courts consider when

9  deciding such a motion – futility of the amendment, bad faith, whether the pleading at

10 issue previously was amended, untimeliness of the amendment and unfair prejudice – all

11 weigh in Raytheon's favor.  And as a general principle, this mid-stream flip-flop of basic

12 facts and legal theories should not be condoned, particularly in this case, where Plaintiff

13 knew at the outset that he lacked legitimate factual grounds for an overtime claim based

14 on any theory.  *E.g., Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994)

15 (rejecting plaintiff's attempt to introduce new theory of recovery after first theory

16 advanced proved unsound; "'Where the party seeking amendment knows or should have

17 known of the facts upon which the proposed amendment is based but fails to include them

18 in the original complaint, the motion to amend is subject to denial.'"); *Hayes v. Whitman,*

19 264 F.3d 1017, 1027 (10th Cir. 2001) (rejecting proposed amendment that attempted to

20 "salvage a lost case by untimely suggestion of new theories of recovery").  Plaintiff's

21 motion for leave to amend should be denied.

22

23 **II.    RELEVANT FACTS**

24

25        A.    **Plaintiff's Original And First Amended Complaints Each Alleged That He Is Entitled To Overtime Pay Because Raytheon Misclassified Him As Exempt.**

26

27        On January 4, 2008, Plaintiff filed (but did not serve) the instant nationwide

28 exemption misclassification lawsuit against Raytheon on behalf of himself "and other

1  similarly situated Local Network Administrators and Network Operations Leads who

2  were employed by Defendant in the United States." (Cmplt. ¶ 1.)  Abbott Decl. ¶ 2 &

3  Exh. A.  Based specifically on the allegation that Raytheon had misclassified him and the

4  purported class as exempt from overtime laws, Plaintiff asserted two claims seeking

5  unpaid overtime compensation, and related penalties.[1]

6

7       On February 6, 2008, Plaintiff filed a First Amended Complaint ("FAC")

8  which he then served on Raytheon.  Abbott Decl. ¶ 3 & Exh. B.  The FAC contained the

9  same exact factual allegations as Plaintiff's original Complaint, but expanded the

10  requested relief to include four new ancillary claims related to his allegation that he and

11  the putative class were misclassified as exempt.[2]  In both the original Complaint and the

12  FAC, Plaintiff alleges that:

13      20.    Raytheon **improperly classified Plaintiff, and other
       members of the Class, as "exempt."**   Consequently, the
14      Plaintiff, and the other members of the Class, were not paid
       overtime wages for hours worked in excess of eight hours per
15      day and/or forty hours per week.  **Although classified as
       exempt, the duties of Plaintiff, and other members of the
16      Class, do not meet the requirements for exemption from
       overtime compensation.**

17
       21.    Throughout the Class Period, Raytheon **systematically
18      misclassified Plaintiff and every other Local Network
       Administrator and Network Operation Leads who are
19      members of the Class as "exempt,"** when in fact they are
       not.
20
       28.    Raytheon has **intentionally and improperly
21      designated certain employees, including Plaintiff, and
       other members of the Class as "exempt" employees** to
22      avoid payment of overtime wages and other benefits in
       violation of the Cal. Lab. Code and Industrial Welfare
23      Commission requirements.

24  (FAC ¶¶ 20, 21, 28; emphasis added).  The FAC also details the requirements for

25

26  [1] The first claim was for violation of the federal FLSA, and the second claim was for violation of
    the California Labor Code and California Industrial Welfare Commission Orders.
27  [2] The four new claims included: (1) failure to provide meal and rest periods; (2) failure to pay all
    wages at termination; (3) failure to provide proper itemized earnings statements; and (4) violation
28  of the unfair competition law, California Business & Professions Code § 17200.

LEGAL_US_W # 59616211.3

AMENDED OPP. TO MTN. FOR LEAVE TO
AMEND
CASE NO. C08 00054(RMW)

1   overtime exempt status and alleges that Plaintiff and the members of the purported class

2   do not meet those requirements.  (FAC ¶¶ 29, 30).

3

    **B.**    **<u>Plaintiff Now Concedes That His Allegation That Raytheon Classified**

4       **Him As Exempt Is Untrue And That He Cannot Maintain An**

    **Exemption Misclassification Lawsuit.</u>**

5

6       In March 2008, Raytheon's counsel notified Plaintiff's counsel that the

7   lawsuit should be dismissed because it is based entirely on the erroneous allegations that

8   Raytheon misclassified Plaintiff and the purported class as *exempt* employees and did not

9   pay them overtime.  *See* Abbott Declaration ¶ 6 & Exh. D.  In fact, Raytheon always

10  classified Plaintiff and others in his position as *nonexempt* and paid them overtime

11  compensation for overtime hours worked.  Abbott Decl. ¶ 6.  Plaintiff's counsel agreed to

12  review the issue.  *Id.*

13

14      As of the date the parties filed their initial Joint Case Management

15  Conference Statement, Plaintiff had not decided whether to dismiss his suit.  Thus, the

16  issue was framed for the Court in the parties' Joint Case Management Conference

17  Statement, filed on April 15, 2008, as follows:

18          Plaintiff asserts that he and other "Local Network
        Administrators" and "Network Operations Leads" were

19          misclassified as exempt, and were thus denied overtime pay
        and did not receive meal and rest periods.  Raytheon denies

20          Plaintiff's allegations.  First, at all relevant times in the
        Complaint, Raytheon classified Plaintiff as non-exempt.

21          Plaintiff was entitled to, and did, receive overtime pay as
        required.  Second, there is no putative "class" in this case.

22          Raytheon does not use the job titles Local Network
        Administrators or Network Operations Leads at the corporate

23          level; rather, such job titles were apparently "local" titles used
        at one location to describe the work of certain employees who

24          performed duties pursuant to a contract that Raytheon had at
        the NASA Ames Research Center.  There were only five such

25          employees who performed these duties, including Plaintiff,
        and all five were classified as non-exempt and eligible for

26          overtime pay.  When the applicable NASA Ames Research
        Center contract with Raytheon ended on May 31, 2005, all

27

28

                                  4

1   five employees, including Plaintiff, were terminated.
    Accordingly, Defendant's position is that Plaintiff lacks any
2   viable basis for either individual or class claims in this action,
    and the case should be dismissed.
3

4   (Abbott Decl. ¶ 5; Exh. C at pp. 1-2.)  The Joint Case Management Conference Statement

5   further stated that Raytheon was in the process of providing Plaintiff with evidence to

6   support these facts.  (Abbott Decl. ¶ 5; Exh. C at pg. 2.)

7

8           Promptly thereafter, on May 2, 2008, Raytheon's counsel provided such

9   evidence to Plaintiff's counsel in a sworn declaration from David P. Maroney,

10  Raytheon's Director of Corporate Performance Development, Compensation, & HR

11  Mergers and Acquisitions.  (Abbott Decl. ¶ 6; Exh. D).  Mr. Maroney attested to the

12  following dispositive facts:

13

14          (1) During the period relevant to this lawsuit, beginning in January 2004,

15  Raytheon employed Plaintiff in an information technology function at the NASA Ames

16  Research Center pursuant to a particular government contract unique to that site.  When

17  this contract ended on May 31, 2005, Plaintiff's employment with Raytheon terminated;

18

19          (2) During his entire employment at Raytheon, Plaintiff was classified as a

20  *nonexempt* employee;

21

22          (3) During much of the period January 2004 through his termination on May

23  31, 2005, Plaintiff was on a medical leave of absence or worked a part-time schedule and

24  thus did not earn overtime pay;[3] and

25

26  [3] In fact, as Plaintiff and his counsel are aware, after Plaintiff returned from his medical leave of
    absence on February 17, 2004, Raytheon accommodated his medical restrictions with a part-time
27  schedule so that he worked only 2-4 hours per day.  His part-time work increased to 20 hours per
    week on March 13, 2004.  Obviously, during this entire period when Raytheon was
28  accommodating Jackson's need for a reduced schedule, Jackson did not work overtime.  Plaintiff

AMENDED OPP. TO MTN. FOR LEAVE TO
AMEND
CASE NO. C08 00054(RMW)

1          (4) To the extent Plaintiff worked overtime in 2005, he received overtime

2  pay (total amount $295.68).

3

4  (Abbott Decl. ¶ 6; Exh. D). Based on this evidence, Raytheon reiterated its request that

5  Plaintiff dismiss his frivolous lawsuit. (Abbott Dec. ¶¶ 6-7; Exh. E & F)

6

7          This evidence convinced Plaintiff that he could not proceed with the FAC,

8  but he remained unwilling to dismiss it. Instead, in June 2008, Plaintiff informed

9  Raytheon that he intended to adopt an entirely new theory of liability, now contending

10  that Plaintiff and other "similarly situated" employees were classified as *nonexempt*, but

11  did not receive all overtime wages earned.[4] Based on the Maroney declaration, Plaintiff's

12  new theory is as devoid of factual support as his prior theory. Raytheon therefore

13  declined Plaintiff's request to allow him to file a Second Amended Complaint.

14  Undeterred, Plaintiff filed the instant motion, disingenuously contending that it "does not

15  allege new theories or different kind of violations." (Mtn. at 3:25-26). Nothing could be

16  further from the truth.

17

18  **C.      Plaintiff's Proposed Second Amended Complaint Is Improperly Filled
       With Allegations That Contradict His Prior Complaints.**

19

20          Plaintiff, now conceding that the basic factual and legal contentions in his

21  original Complaint and First Amended Complaint are untrue, seeks leave to "amend" the

     FAC to state the following allegations:

22

23          20.     Raytheon **properly classified Plaintiff, and other
              members of the Class, as "non-exempt."** However, the
              Plaintiff, and the members of the Class, were not paid
24            overtime wages for all the hours worked in excess of eight
              hours per day and/or forty hours per week.

25

26  did not return to full-time status until July 31, 2004. During the ten-month period that he worked
     full-time in 2005, until his termination on May 31, 2005, Plaintiff received overtime pay to the
     extent that he worked any overtime hours. Abbott Decl. ¶ 8 & Exh. D.

27  [4] Raytheon employed only five persons in the position Plaintiff held (a numerosity hurdle
     Plaintiff could not overcome at class certification); all were laid off on May 31, 2005. Raytheon

28  classified them as non-exempt and eligible to receive overtime. Abbott Decl. ¶¶ 4 & 6 & Exh. D.

1

2     29. Plaintiff, and the other members of the Class, are informed and believe . . . that **Raytheon knew or should have known that Plaintiff, and the other members of the Class were not be [sic] paid for all of their overtime labor.**

3

4 (Proposed Second Am. Complt. ¶¶ 20, 29; emphasis added).

5

6   In requesting leave to amend, Plaintiff attempts to gloss over the

7 significance of his changes by asserting that there are just two kinds of "labor law"

8 violations: "misclassifying . . . employees or . . . simply failing to provide the extra pay

9 that non-exempt employees have earned." (Mtn. at 5:18-19). Plaintiff asserts that he now

10 recognizes that "this labor case is of the second variety rather than the first." (Mtn. at

11 5:20). Nonsense. Plaintiff previously sought to bring a class action on behalf of exempt

12 employees nationwide. Now he seeks to change course and represent an entirely different

13 group. Nor can one seriously argue that "the theories" of a misclassification case and an

14 off-the-clock case "remain the same." (Mtn. at 5:21).[5] The only "theory" that may be

15 unchanged is Plaintiff's idea that he can proceed with his suit regardless of the facts

16 behind his spurious allegations.

17

18

19

20 [5] An exemption case requires a detailed and complex analysis of whether the duties of an

21 employee satisfy the requirements for classification under various available exemptions. *Ramirez v. Yosemite Water Co., Inc.* 20 Cal. 4th 785, 802 (1999) (proper touchstone for determining

22 exempt status requires an individualized inquiry into "the realistic requirements of the job . . . [including] whether the employee's practice diverges from the employer's realistic expectations,

23 whether there was any concrete expression of employer displeasure over an employee's substandard performance, and whether these expressions were themselves realistic given the

24 actual overall requirements of the job"). In contrast, an off-the-clock lawsuit requires specific allegations as to the reason overtime hours allegedly have not been recorded, and that managers

25 had actual or constructive knowledge of such work. *Cornn v. United Parcel Service, Inc.*, No. C03-2001, 2005 WL 2072091, at *4 (N.D. Cal. Aug. 26, 2005) (denying certification of off-the-

26 clock claims and noting the lack of evidence that "UPS required that work or knew or had reason to believe such [off-the-clock] work was occurring."); *Brinker Restaurant Corp. v. Superior*

27 *Court*, 165 Cal. App. 4th 25, 74-75 (2008) ("[P]laintiffs' off-the-clock claims are not amenable to class treatment. . . . [R]esolution of these claims would require individual inquiries in to whether

28 any employee actually worked off the clock, whether managers had actual or constructive knowledge of such work and whether managers coerced or encouraged such work.").

1  **III.    THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND**

2          Federal Rules of Civil Procedure 15(a) provides that leave to amend shall be

3  freely given when justice so requires.  In this case, justice does *not* require allowing

4  Plaintiff leave to amend.  In exercising its discretion in deciding whether to grant or deny

5  leave to amend a complaint, the Court should consider five factors: "'(1) bad faith; (2)

6  undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)

7  whether plaintiff has previously amended its pleadings.'" *Western Shoshone Nat'l Council*

8  *v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991, *cert. denied*, 506 U.S. 822 (1992).  An

9  examination of each of these factors confirms that the Court should deny Plaintiff's

10  Motion to Amend.

11

12      **A.    Plaintiff's Proposed Second Amended Complaint Is Futile.**

13              1.    Plaintiff's proposed amendments would be futile because his FLSA
                      overtime claim, under any theory, is time barred.

14

15          Courts deny motions for leave to amend a complaint where the proposed

16  amendments are futile.  *Foman v. Davis*, 371 U.S. 178 (1962) (denial not abuse of

17  discretion where amendment would be futile); *Steckman v. Hart Brewing, Inc.*, 143 F.3d

18  1293, 1298 (9th Cir. 1998) (dismissal with prejudice was properly entered; "[a]lthough

19  there is a general rule that parties are allowed to amend their pleadings, it does not extend

20  to cases in which any amendment would be an exercise in futility, or where the amended

21  complaint would also be subject to dismissal") (citations omitted); *Sisseton-Wahpeton*

22  *Sioux Tribe v. United States*, 90 F.3d 351, 356 (9th Cir. 1996) ("[b]ecause the proposed

23  claim would be redundant and futile, the district court did not err in denying leave to

24  amend"); *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("[a]

25  district court does not err in denying leave to amend where the amendment would be

26  futile").

27

28

AMENDED OPP. TO MTN. FOR LEAVE TO
AMEND
CASE NO. C08 00054(RMW)

LEGAL_US_W # 59616211.3

1          In this case, Plaintiff's proposed amendments should be denied as futile

2    because the FLSA overtime claim – which is the only claim plead as supporting

3    jurisdiction in this Court – is time-barred under any legal theory.  Under the FLSA, "any

4    cause of action . . . [for] unpaid overtime compensation . . . may be commenced within

5    *two years* after the cause of action accrued, and every such action shall be forever barred

6    unless commenced within two years after the cause of action accrued, except that a cause

7    of action arising out of a willful violation may be commenced within *three years* after the

8    cause of action accrued."  29 U.S.C. § 255(a) (emphasis added); *see McLaughlin v.*

9    *Richland Shoe Co.*, 486 U.S. 128 (1988).

10

11          Here, Plaintiff ceased working for Raytheon in May of 2005 and filed his

12    original Complaint in January of 2008.  Accordingly, because Plaintiff did not file his

13    original Complaint within the two-year limitations period, his FLSA claim is barred

14    unless he pleads and proves that any violation was "willful."  To meet this pleading

15    requirement, Plaintiff must have specific facts to support an allegation that Raytheon

16    "either knew or showed reckless disregard for the matter of whether its conduct was

17    prohibited by the statute."  *Id.* at 133.  "[C]onduct that is not merely negligent" is

18    required, and "[i]f an employer acts unreasonably, but not recklessly, in determining its

19    legal obligation," its action is not considered willful.  *Id.* at 133, 135 n.13.

20

21          Plaintiff's proposed Second Amended Complaint fails to plead that

22    Raytheon's conduct was willful, presumably because he knows he cannot prove

23    willfulness under the circumstances of this case.  This is a fatal pleading defect.  *See*

24    *Campbell v. United States Air Force*, 755 F. Supp. 897, 900 (E.D. Cal. 1990, *vacated on*

25    *other grounds*, 972 F.2d 1352 (1992) (refusing to allow amendment of complaint based on

26    futility where plaintiff failed to plead willfulness and his FLSA claim otherwise was

27    barred by the two-year statute of limitations).

28

1    More importantly, even if a three-year limitations period applies, Plaintiff's

2    proposed Second Amended Complaint still should be denied as futile because the new

3    facts and theory of liability cannot relate back to the filing of the original Complaint.

4    Federal Rules of Civil Procedure 15(c)(1)(B) provides: "An amendment to a pleading

5    relates back to the date of the original pleading when . . . the amendment asserts a claim or

6    defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be

7    set out-in the original pleading. . . ."  Claims arise out of the same conduct, transaction, or

8    occurrence if they "share a common core of operative facts" such that the plaintiff will

9    rely on the same evidence to prove each claim.  *Id.*

10

11    The recent Ninth Circuit decision in *Williams v. The Boeing Company*, 517

12    F.3d 1120 (9th Cir. 2008), compels a finding that Plaintiff's FLSA claim is barred by the

13    three-year limitations period because the relation back doctrine does not apply in this case.

14    In *Williams,* the original and first amended complaints alleged that the plaintiffs were

15    subjected to the same form of discrimination – that they were monetarily disadvantaged

16    based on their protected status (race) – but whereas the first complaint alleged a pay claim

17    due to race discrimination in promotions, the proposed amended complaint alleged a pay

18    claim due to salary inequities.  *Id.* at 1131.  The court granted the plaintiffs leave to file

19    their second amended complaint to include facts to support a new claim for compensation

20    discrimination, but then held that the second amended complaint did *not* relate back to the

21    original complaint under FRCP 15(c).  *Id.* at 1133.  In affirming the dismissal of the

22    compensation claim, the court explained:

23        The fact that both the compensation and promotion
             discrimination claims involve allegations of racial
24        discrimination does not alter our conclusion. **The
             compensation discrimination claim is a new legal theory**
25        **depending on different facts, not a new legal theory**
             **depending on the same facts. It does not relate back under**
26        **Rule 15(c).**

27    *Id.* (citations omitted) (emphasis added).  The same result must follow here.  As in

28    *Williams,* Plaintiff is now asserting a new legal theory for his claim of overtime

1   underpayment that depends on different facts (non-exempt status, unrecorded overtime

2   hours), not a new legal theory that depends on the same facts. Therefore, the relation back

3   doctrine should not apply and the FLSA claim cannot survive dismissal.[6]

4

5          2.    Plaintiff's proposed amendments are also futile because the factual
              allegations cannot withstand judicial scrutiny.

6

7        Plaintiff's proposed Second Amended Complaint and his new legal theory

8   depends on the allegation that he was not paid overtime, which he knows is untrue.

9   Raytheon provided Plaintiff a sworn declaration confirming that he was paid overtime

10  when he worked full-time in 2005, which he has not disputed (in fact, Plaintiff implicitly

11  acknowledges the accuracy of the declaration since he has admitted – based on these

12  verified facts – that Raytheon always classified him as non-exempt).

13

14       Plaintiff may now attempt to distinguish the declaration by contending that

15  he was paid some, but not all, of the overtime he claims he was owed. Any such attempt

16  must fail, however, because Plaintiff does not allege (or even hint) in his proposed Second

17  Amended Complaint that he was somehow encouraged or coerced not to report his

18  overtime hours. Nor can he legitimately do so at this point, given that (1) it would be

19  illogical that Raytheon would allow him to report some overtime hours but encourage him

20  not to report other overtime hours; (2) his overtime hours were overseen by the Santa

21  Clara Probation Department to which Plaintiff had to report; and (3) for most of the

22  [6] As to Plaintiff's state law claims, all are time-barred if the relation back doctrine does not apply

23  except the claim for restitution under Section 17200 claim of the California Business &
Professions Code. The only alleged basis for jurisdiction in this Court is federal question, FAC

24  and proposed Second Amended Complaint ¶ 3, which does not apply because the FLSA claim is
time-barred. Further, this Court can and should decline to exercise supplemental jurisdiction of

25  the Section 17200 claim under these circumstances. 28 U.S.C. 1367(c)(2) (where state law
claims predominate over federal claims). Where any one of the factors listed in § 1367(c) are

26  present, then the exercise of discretion is informed by whether retaining or refusing supplemental
jurisdiction "comports with the underlying objective of 'most sensibly accommodating' the

27  values of 'economy, convenience, fairness, and comity.'" *Executive Software N. Am., Inc. v.
United States District Court*, 24 F.3d 1545, 1557 (9th Cir. 1994). Supplemental jurisdiction is a

28  "doctrine of discretion, not of plaintiff's right." *Chasan v. Garrett Group*, No. 06CV1090 WQH
(NLS), 2007 U.S. Dist. LEXIS 4033, at *17-18 (S.D. Cal. Jan. 18, 2007).

1  relevant period he could not have worked overtime because he was on a medical leave of

2  absence or working a part-time schedule limited to 20 hours per week based on his

3  medical restrictions.

4

5          Accordingly, the dismissal of Plaintiff's lawsuit against Raytheon is

6  inevitable. Given the futility of the proposed amendments, Raytheon should not be forced

7  to continue expending time and resources to obtain dismissal of the lawsuit under

8  Plaintiff's new-found but equally meritless theory of liability.

9

10      **B.**    **Plaintiff's Proposed Second Amended Complaint Is In Bad Faith.**

11          1.    Plaintiff advances the proposed Second Amended Complaint in order to gain a tactical advantage.

12

13          Plaintiff asserts that his Motion is not in bad faith because "there is no

14  tactical advantage to be had from correcting these facts as an amendment." (Mtn. 6:5-9).

15  But a tactical advantage is precisely what this motion is about. By portraying his

16  substantive factual and legal changes as a mere "amendment" to the prior allegations,

17  Plaintiff apparently hopes to keep his otherwise time-barred FLSA claim alive by

18  application of the "relation back" doctrine, which allows an amended pleading to be

19  treated as though it was filed on the date of the original pleading. FRCP Rule 15(c). As

20  set forth above, the relation back doctrine should not apply here and the proposed

21  amendments should be seen for what they are: an untimely attempt to avoid the

22  limitations bar and plead an entirely new case on behalf of an entirely new class.

23

24          2.    Plaintiff's proposed Second Amended Complaint advances inaccurate facts despite his knowledge of the true facts.

25          Plaintiff's lack of good faith also is apparent from a comparison of the

26  Complaint and FAC with the proposed Second Amended Complaint. Plaintiff's proposed

27  Second Amended Complaint does not merely add to the factual allegations asserted in his

28  original Complaint. As set forth above, the allegations in the proposed Second Amended

1   Complaint are blatantly inconsistent with the factual allegations in the Complaint and

2   FAC. Plaintiff does not disagree. (Mtn. 3:10-16). Instead, Plaintiff seeks to minimize the

3   importance of the inconsistencies, stating that the proposed Second Amended Complaint

4   "merely corrects the earlier mistaken allegation that stated Raytheon classified the

5   Plaintiff and class as exempt." (Mtn. 3:26-27.)

6

7          This was no mistake. Plaintiff knew or should have known that he was a

8   non-exempt employee eligible for overtime pay. He received express written notice from

9   Raytheon of his non-exempt status and eligibility for overtime in March 2004, and a

10  replicate of a pay stub Raytheon provided to Plaintiff unequivocally confirms he in fact

11  received overtime. *See* Abbott Decl. 11 & Exh. G.

12

13         In any event, his prior factual allegations are judicial admissions

14  conclusively binding on the party who made them. *See American Title Ins. Co. v.*

15  *Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988) ("a statement in a complaint, answer or

16  pretrial order is a judicial admission"). Precisely because statements made in pleadings

17  are judicial admissions, courts have recognized that:

18
           A party . . . cannot advance one version of the facts in [his]
19         pleadings, conclude that [his] interests would be better served
           by a different version, and amend [his] pleadings to
20         incorporate that version.

21  *Andrews v. Metro N. Commuter R.R. Co.,* 882 F.2d 705, 707 (2d Cir. 1989) (citation

22  omitted; alteration in original). Changing the fundamental facts (from his purported

23  exempt status to his true non-exempt status) to suit his new legal theory (misclassification

24  to off-the-clock) is precisely what Plaintiff seeks to do here. The Court should not allow

25  it.

26

27         Moreover, even if Plaintiff's prior allegations somehow were inadvertent,

28  there can be no mistake now. Plaintiff persists in his proposed Second Amended

LEGAL_US_W # 59616211.3

1    Complaint in contending that he was not paid overtime (albeit for an entirely different

2    reason than he initially advanced). His proposed allegation flies in the face of the sworn

3    declaration Raytheon provided to him during this litigation and the notice and pay stubs

4    he received during his employment. In short, Plaintiff simply has chosen to ignore these

5    facts in an improper attempt to proceed with a nationwide class action.

6

7    **C.    Plaintiff Previously Amended His Complaint.**

8            When deciding whether to grant a motion for leave to amend, a district court

9    may take into consideration "whether the party has previously amended his pleadings."

10   *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995). Here, Plaintiff amended his original

11   complaint one month after filing it to add four additional claims, and then served the First

12   Amended Complaint on Raytheon. Plaintiff was obligated to accurately state his

13   allegations and claims against Raytheon so that it could adequately prepare its defense –

14   and he already has had two chances to do so. It is beyond the pale that Plaintiff now seeks

15   to amend his complaint yet again, this time with inconsistent facts, in order to conform it

16   to a new theory of liability.

17

18   **D.    Plaintiff's Proposed Second Amended Complaint Is Untimely.**

19           Courts have recognized undue delay as a factor that justifies denial of leave

20   to amend. In assessing timeliness, the Ninth Circuit:

21           do[es] not merely ask whether a motion was filed within the
             period of time allotted by the district court in a Rule 16
22           scheduling order. Rather, in evaluating undue delay, [the
             Ninth Circuit] also inquire[s] "**whether the moving party**
23           **knew or should have known the facts and theories raised**
             **by the amendment in the original pleading.**"
24

25   *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 953 (9th Cir. 2006)

26   (emphasis added). *See also Acri v. Int'l Ass'n of Machinists & Aerospace Workers,*

27   781 F.2d 1393, 1398 (9th Cir. 1986) (late amendments are viewed unfavorably when facts

28   were known at inception of case).

1    Plaintiff himself had ample access to information showing that Raytheon

2  had always classified him as a nonexempt employee and paid him overtime premiums for

3  overtime hours worked.  The fact that Plaintiff himself recorded overtime hours worked

4  and received overtime premium pay for those hours proves that he either knew – or

5  certainly should have known – that his lawsuit against Raytheon was not one for

6  exemption misclassification.

7

8    Attempting to incorporate these incongruous factual allegations into the

9  Proposed Second Amended Complaint is improper and should not be sanctioned.  As the

10  Ninth Circuit has recognized:  "'Late amendments to assert new theories are not reviewed

11  favorably when the facts and the theory have been known to the party seeking amendment

12  since the inception of the cause of action.'"  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.

13  1994).  It has been almost nine months since Plaintiff filed his original Complaint.  His

14  belated attempt to plead new facts and a new legal theory should not be permitted.

15

16  **E.    The Proposed Amendment Will Prejudice Raytheon By Increasing The Costs Of Litigation And Delaying The Ultimate Conclusion Of This Case.**

17

18    When considering whether to grant or deny leave to amend a complaint,

19  courts must assess the scope of the changes and the issue of costs.  *Morongo Band of*

20  *Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (recognizing that new

21  claims which alter the nature of the litigation and require defendants to undertake a new

22  course of defense "enter[] into the balance").    Denial of a motion for leave to amend is

23  proper where "[t]he new allegations would totally alter the basis of the action . . .

24  cover[ing] different acts, employees and time periods necessitating additional discovery."

25  *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).

26

27

28    As detailed above, the scope of the changes contained in the proposed

AMENDED OPP. TO MTN. FOR LEAVE TO
AMEND
CASE NO. C08 00054(RMW)

1  Second Amended Complaint is significant.  The investigation already conducted by

2  Raytheon in response to Plaintiff's nationwide misclassification class action is entirely

3  different from the investigation it will need to conduct should this Court allow Plaintiff to

4  proceed with an off-the-clock nationwide class action.  Raytheon already provided its

5  Initial Disclosures to Plaintiff based on the initial pleadings (even though Plaintiff has

6  never provided his Initial Disclosures).  Plaintiff now seeks to represent an entirely

7  different class:  Raytheon nonexempt employees nationwide who allegedly who did not

8  receive pay for all of their hours worked.  If Plaintiff's motion is granted, Raytheon will

9  need to engage in extensive efforts to establish, among other things, that Plaintiff is not

10  similarly situated to or typical of the extremely broad class he seeks to represent.  In

11  addition, Raytheon will be required to expend considerable resources refuting Plaintiff's

12  unfounded allegations that have been seemingly pulled out of the air that the putative class

13  has not been paid for all of their hours worked.  The unfair prejudice to Raytheon is

14  readily apparent.

15

16  **IV.    CONCLUSION**

17        For the reasons set forth above, Raytheon respectfully requests this Court to

18  deny Plaintiff's Motion for Leave to File Second Amended Complaint.

19

20  DATED:  August 26, 2008        PAUL GROSSMAN

21                                LESLIE L. ABBOTT
                                 SHANE LOOMIS
22                                PAUL, HASTINGS, JANOFSKY & WALKER LLP

23                                By: _Leslie Abbott_____

24                                        LESLIE L. ABBOTT

25                                Attorneys for Defendant
                                 RAYTHEON COMPANY
26

27

28

1

## PROOF OF SERVICE BY MAIL

2       I am a citizen of the United States and employed in Los Angeles County, California.  I am

3   over the age of eighteen years and not a party to the within-entitled action.  My business address

4   is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California  90071-2228.  I am

5   readily familiar with this firm's practice for collection and processing of correspondence for

6   mailing with the United States Postal Service.  On August 26, 2008, I placed with this firm at the

7   above address for deposit with the United States Postal Service a true and correct copy of the

8   within document(s):

9       **DEFENDANT'S AMENDED OPPOSITION TO PLAINTIFF'S MOTION
   FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

10

11  in a sealed envelope, postage fully paid, addressed as follows:

12      Stephen B. Morris
       Mark C. Hinkley

13      MORRIS and ASSOCIATES
       444 West C Street, Suite 300

14      San Diego, CA  92101
       Tel.:  (619) 239-1300

15      Fax:  (619) 234-3672

16
       Walter Haines

17      UNITED EMPLOYEES LAW GROUP, P.C.
       65 Pine Avenue, #312

18      Long Beach, CA  90802
       Tel.:  (877) 696-8378

19      Following ordinary business practices, the envelope was sealed and placed for collection

20  and mailing on this date, and would, in the ordinary course of business, be deposited with the

21  United States Postal Service on this date.

22      I declare that I am employed in the office of a member of the bar of this court at whose

23  direction the service was made.

24      Executed on August 26, 2008, at Los Angeles, California.

25

26                                 _Irma Gamino_

27                                   Irma Gamino

28