Stephen B. Morris (SBN 126192)
MORRIS and ASSOCIATES
444 West C Street, Suite 300
San Diego, California 92101
Tel: (619) 239-1300
Fax: (619) 234-3672
morris@sandiegolegal.com

Walter Haines (SBN 71075)
UNITED EMPLOYEES' LAW GROUP, P.C.
65 Pine Avenue, #312
Long Beach, CA 90802
Tel: (877) 696-8378

Attorneys for Plaintiffs, Terry Jackson, et al.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY JACKSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>RAYTHEON COMPANY, a Delaware corporation conducting business in the State of California, and Does 1 to 100.<br><br>   Defendants. | CASE NO. C08-00054 RS<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date:     September 19, 2008<br>Time:     10:30 a.m.<br>Dept:     6<br>Trial:    None Set<br>Judge:    Hon. Ronald M. Whyte |

Plaintiff Terry Jackson, on behalf of himself, and on behalf of all persons similarly situated, respectfully submits the following Memorandum of Reply Points and Authorities in Support of this Motion for Leave to File Amended Complaint:

## I. SUMMARY OF MOVING AND OPPOSING PAPERS

This is a class action lawsuit for unpaid minimum wages, overtime, and

damages brought by Plaintiff Terry Jackson on behalf of himself and other similarly situated present and former Local Network Administrators and Network Operations Leads employed in the United States by Defendant RAYTHEON COMPANY (Raytheon).

From the outset, the Plaintiff has alleged that he and the class worked more than eight (8) hours in any given day and more than forty (40) hours in any given week. From the outset, he has alleged that he and the class were not exempt from Federal and State overtime laws, and from the outset he has alleged that he and the class did not receive the overtime pay and benefits to which they were entitled under the law.

Through investigation, however, the Plaintiff has discovered that Raytheon's excuse for not paying proper overtime is different than originally understood. Plaintiff understood he had been improperly classified as exempt, and this was the reason he was not paid his overtime. It now appears that improper classification was not the reason the Plaintiff did not receive his proper overtime pay. These facts came to light through cooperative discussions with opposing counsel, and Raytheon's limited disclosure of several documents. Upon learning that Raytheon did properly classify the Plaintiff and class, but merely failed to properly pay them, Plaintiff sought leave of this Court to file the proposed amended complaint. As detailed in the moving papers, the only change is the correction concerning Raytheon's classification.

Raytheon has filed an opposition, pulling out all the stops to prevent the amendment and avoid the effort of defending itself on the merits. The opposition sets forth a litany of arguments including: futility of amendment, Raytheon's disagreement with the allegations of the complaint; bad faith, a prior amendment of the Complaint, untimeliness of the request and unfair prejudice to Raytheon. In general, each of these amount to variations of the protest that the nature of the proposed amendment is so sweeping as to constitute an entirely new claim. Each of

these arguments is examined and exploded below, leaving a clear path to amendment and moving this case forward on its merits.

## II. PRESUMPTION FAVORING AMENDMENT UNDER RULE 15(A)(2)

"The court should freely give leave when justice so requires." FRCP 15(a)(2). Indeed, absent prejudice, or a "strong showing" of the other factors, such as undue delay, bad faith, or dilatory motive," there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) (per curiam).

As discussed below, none of the reasons for denying leave to amend are present under these circumstances, and the presumption and policy of liberal leave applies here.

## III. NO GROUNDS FOR DENYING LEAVE ARE PRESENT

While Raytheon asserts a variety of arguments against permitting the amendment, none can bear fruit. Each of Raytheon's arguments are addressed below.

### A. NO FUTILITY OF AMENDMENT

Raytheon argues that the amendment should not be permitted because the Complaint was filed 2-1/2 years after the Plaintiff's employment ended, "Plaintiff's Second Amended Complaint fails to plead that the conduct was willful" (Opp. 9:21-22), and therefore the claim is subject to a 2 year, rather than a 3 year, limitations period. This argument only applies to the First Cause of Action for the FLSA claim. This argument was not presented by demurrer, however.

But this argument depends on overlooking the allegations contained in the proposed amended complaint which do allege intentional misconduct by Raytheon. The Complaint does allege that Raytheon's conduct in denying overtime benefits was intentional and deliberate in paragraphs 29, 34, 38, and 52. Paragraph 29 in

1  particular addresses the fact that Raytheon knowingly denied full overtime
2  compensation to the Plaintiff and Class for hours worked in excess of 8 hours per
3  day and 40 hours per week.
4      Pursuant to the standard of willfulness adopted by the Supreme Court of the
5  United States, the three-year limitations period will apply if the employer either
6  knew or showed reckless disregard as to whether its conduct was prohibited by the
7  FLSA. *McLaughlin v. Richland Shoe Co.*, (1998) 486 U.S. 128, 135.
8      The problem here, if it is a problem, is that the allegations of intentional
9  conduct appear under different headings in the Complaint than the First Cause of
10 Action for FLSA violations. Paragraph 29, for instance, appears under the Second
11 Cause of Action for violation of Cal. Labor Code § 510.  Just as 29 U.S.C. § 207
12 does, Cal. Labor Code § 510 provides that employees in California shall not be
13 employed more than eight (8) hours in any workday or forty (40) hours in a
14 workweek unless they receive additional compensation beyond their regular wages
15 in amounts specified by law.  By statutory definition, a knowing and intentional
16 violation of Cal. Labor Code §207 is also a knowing and intentional violation of
17 the FLSA.
18     As Raytheon calls the matter to Plaintiff's attention, it would have been better
19 if the allegation of intentional violation also appeared under the FLSA heading, and
20 the amended complaint could include that express term if the Court believes it
21 necessary. But it is true that the necessary allegation does appear in the proposed
22 Second Amended Complaint, as it appears in the operative First Amended
23 Complaint, and the proposed amendment is not futile.
24     Raytheon further presses the limitations issue by arguing that the amendment
25 represents a new claim and does not relate back to the date the original Complaint
26 was filed.  Here we encounter the core of Raytheon's opposition to the proposed
27 amendment. It argues throughout its opposition that the claim as amended is
28 conceptually different than the claim as originally filed, because it changes the

1. allegation of **HOW** Raytheon failed to pay proper overtime.
2. And yet, the Complaint has always alleged that the Plaintiff and the Class performed non-exempt work, worked hours in excess of 8 hours per day and 40 hours per week, but were not paid for their overtime. This is the center and soul of the Plaintiff's claim, and it has not wavered at any time.
3. The Plaintiff knows he and the Class performed non-exempt work, knows they worked overtime hours, knows that Raytheon knew they were working those overtime hours, and knows they weren't compensated for it. Raytheon's excuse for not paying their overtime is not an element of the Plaintiff's case and need not be alleged at all. The Plaintiff did allege his understanding of Raytheon's excuse, which turned out to be mistaken. Upon learning new facts, he promptly moved to amend and correct the mistaken allegation. If the FLSA claim can stand without alleging Raytheon's excuse for non-payment, correction of that allegation cannot be material to the nature of the claim.
4. Rule 15(c)(1)(b) provides that, "An amendment to a pleading relates back to the date of the original pleading when: (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." The question is not whether the amendment asserts the same claim as an earlier pleading, but whether the claim arose out of the same conduct, transaction or occurrence. In this case, the amendment does offer the very same claim, arising from the same employment transactions and non-payment of overtime. All versions allege the same violation of the same primary right to overtime compensation under the FLSA. Since they are the same occurrences and transactions, it is clear that they relate to one another.
5. This situation stands in contrast to the *Williams* case cited by Raytheon. In *Williams v. Boeing* 517 F. 3d 1120 (2008), the Plaintiffs first alleged that they were denied promotions based on a pattern and practice of race discrimination. They later tried to amend to allege that, independently of the issue of promotions, they

were denied equal pay in the positions they held due to racial discrimination. The Court correctly noted that not being promoted is a different harm than not being paid equally within a particular job description, and determined that the new claim did not relate back. In this Jackson v. Raytheon case, however, the fundamental right to be paid for overtime labor is the right violated under every version of the Complaint, and no relation-back issues are presented.

### B.   FACTS ALLEGED ARE TRUE

Raytheon argues that the amendment should not be permitted because the allegations are not true. It makes the argument based on the proposed change concerning exemption, and the idea that a change is a contradiction. It further bases this argument on its own adamant say-so that it did not underpay overtime benefits. Raytheon is offended that the Plaintiff's proposed amendment "flies in the face" of a declaration it provided concerning the Plaintiff's exemption status.

But the facts Raytheon argues contradict the Complaint - that he was paid some overtime at some point - do not appear in any version of the Complaint. Indeed, they are not even contradictory. The Plaintiff has always claimed he was not paid all the overtime to which he was entitled. Even if properly considered, Raytheon's contention that he received some overtime at some point does not contradict the Complaint.

Litigation would be very short-lived if Defendants could avoid the merits by simply denying the alleged facts. Raytheon disputes the Plaintiff's allegations and that is fine. That is what discovery and litigation are for, and the proposed amendment permits that process to press forward in orderly fashion.

### C.   NO BAD FAITH

Raytheon accuses Plaintiff's counsel of bad faith in seeking this amendment, arguing that by correcting this background allegation of the Complaint, Plaintiff seeks the tactical advantages available by amending the Complaint rather than dismissing the case. It further argues that correcting the exemption allegation

1 | demonstrates bad faith, simply because it is correcting the allegation.

2 | It is true that the Plaintiff does wish to amend the claim and continue his pursuit of justice from Raytheon, and it is true that the Plaintiff is unwilling to dismiss his entire case for overtime pay and benefits. Yes, amending the Complaint leaves him in a stronger position than laying down arms and surrendering, but this is not flexing a tactical advantage gained by filing the Complaint with one allegation and then later changing it. Amendment does provide a strategic advantage over dismissal, but it is not a tactical advantage. The fact that the Plaintiff has moved to correct the allegation demonstrates nothing but good faith in the prosecution of the case.

### D. PREVIOUSLY AMENDED COMPLAINT

Raytheon correctly notes that the Complaint was amended once, as a matter of right, before it was ever served. The proposed amendment is the Second Amended Complaint. Raytheon correctly notes that the FLSA claim was unchanged in the First Amended Complaint, and that it merely added causes of action arising under State law.

Now, Raytheon argues that since the Complaint was amended in this fashion, the Plaintiff and Class should not be allowed to amend the Complaint in any other respect. The argument reaches for authority in cases in which prior efforts to cure a defect were unavailing. But these allegations have never been formally challenged or found wanting, and it is the Plaintiff who raises the issue now. The Plaintiff does not come to the Court following multiple attempts to fix some fundamental problem of pleading. Rather, the Plaintiff is correcting a mistake of fact in the Complaint to comport with what has been learned in investigation. The prior amendment by right should have no bearing on the propriety of permitting the Second Amended Complaint to be filed.

### E. REQUEST TO AMEND IS TIMELY

Raytheon argues that the request to amend is not timely and should therefore

be denied. It bases this argument on the idea that there should have been no mistake in the first place, so all the time passing between the original filing and new amendment shows a lack of diligence.

But Raytheon's own factual account belies the reasoning of this argument. Counsel have been discussing the case and selectively sharing information before formal discovery opens. Following a running series of conversations, Raytheon provided the information that shows the need for amendment and correction. Thereafter, Plaintiff's counsel promptly asked if Raytheon would stipulate to permit the amendment, and was told no. Plaintiff's counsel then set to work preparing the instant Motion, and promptly filed it. Raytheon does not argue that the period between receipt of its information and the Motion was too long, but simply that it was too long after the original filing. Plaintiff did not move promptly upon receipt of the information and requests leave to amend at the first opportunity.

### F.   NO UNFAIR PREJUDICE TO RAYTHEON

Raytheon complains that it will be prejudiced by the amendment. Its reasons for making this argument actually apply to any amendment in any case, and are all subsumed in the Code's presumption and policy to grant leave. Presumably, a Plaintiff only amends his Complaint to make it better, and that is always worse for the Defendant. But this isn't unfair prejudice, this is the pursuit of justice.

Apparently Raytheon liked the Plaintiff's mistaken allegation that it classified him as exempt, since it knew it had not and could readily prove the fact. It liked the idea that this would factor in its defense. But it knew the true facts all along, and correcting a mistaken fact does nothing but remove a windfall for the Defendant. With the amendment, Raytheon will have to justify its failure to pay overtime according to whatever theory it used to withheld such pay, which leaves Raytheon exactly where it should be in defending the merits of the case.

As noted in the Plaintiff's moving papers, there is no discovery that would need to be duplicated if the amendment is permitted, no trial date is set, and there is

ample opportunity for Raytheon to prepare to meet the claim on its merits. The effect of the proposed amendment is to permit the Plaintiff and Class to give the best and most complete exposition of their claims in the interest of justice, and to give this Court the widest range of available tools for addressing the Defendant's conduct.

## IV. CONCLUSION

The proposed amendment does not threaten prejudice to the Defendant, is not sought in bad faith, produces no undue delay in litigation, and is not futile. Under these circumstances, the Plaintiff is entitled to amend his Complaint. *AmerisourceBergen Corp. v. Dialysist West, Inc.* (2006) 465 F.3d 946, 951. For all the reasons above-stated, the Court should exercise its discretion to grant leave to the Plaintiff to file his proposed Second Amended Complaint attached to his original moving papers.

Dated: September 4, 2008        MORRIS AND ASSOCIATES

By: STEPHEN B. MORRIS
Attorneys for Class Plaintiffs

Additional Counsel:
**UNITED EMPLOYEES LAW GROUP**
Walter Haines, Esq. (CSB #71075)
65 Pine Ave, #312
Long Beach, California 90802
Telephone:(877) 696-8378
Facsimile: (562) 256-1006

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | | FOR COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (Abbreviated): JACKSON v. RAYTHEON COMPANY | | |
| ATTORNEY(S) NAME AND ADDRESS<br>Stephen B. Morris<br>**MORRIS and ASSOCIATES**<br>444 West C Street, Suite 300<br>San Diego, CA 92101 | TELEPHONE<br><br>(619) 239-1300 | |
| ATTORNEY(S) FOR:<br>Plaintiffs | HEARING: DATE-TIME-DEPT | CASE NUMBER:<br>C08-00054 |

## DECLARATION OF SERVICE BY MAIL

I, Jenna Sarinas, declare: I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action. I am employed in the County of San Diego, California, within which county the subject service occurred. My business address is 444 West C Street, Suite 300, San Diego, California 92101. I am readily familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service and with serving documents via facsimile. I served an original and/or a true and correct copy of the following documents:

1. **PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

X    BY U.S. MAIL: I placed a copy of each of the above-listed documents in an envelope addressed to each addressee respectively named as follows and sealed each envelope and placed them for collection and mailing to each addressee, on September 4, 2008.

**Attorneys for Defendant:**
Paul Grossman
Leslie L. Abbott
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228

I certify under penalty of perjury that the foregoing is true and correct pursuant to the laws of the State of California. Executed on September 4, 2008 at San Diego, California.

_____
Jenna Sarinas

PROOF OF SERVICE BY MAIL